IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | § | |
|---|---|---|
| IN RE: | § | CASE NO. 24-10120-smr |
| | § | |
| TEXAS REIT, LLC | § | |
| | § | |
| Debtor | § | CHAPTER 11 |

## DEBTOR'S RESPONSE TO WCW HOUSTON PROPERTIES, LLC MOTION TO ANNUL AUTOMATIC STAY, OR IN THE ALTERNATIVE, MOTION TO LIFT AUTOMATIC STAY

COMES NOW Debtor, Texas Reit, LLC ("Debtor") and files this Response to WCW Houston Properties, LLC Motion to Annul Automatic Stay, or In the Alternative, Motion to Lift Automatic Stay ("Motion") and states as follows:

1. Debtor admits that it filed at approximately 9:49 a.m. Debtor denies the remaining allegations in paragraph 1.

2. Debtor denies the allegations in paragraph 2.

3. Debtor admits the allegations in paragraph 3.

4. Debtor admits the allegations in paragraph 4.

5. Debtor admits the allegations in paragraph 5.

6. Debtor admits the allegations in paragraph 6.

7. Debtor admits the allegations in paragraph 7.

8. Debtor admits the allegations in paragraph 8.

9. Debtor admits the allegations in paragraph 9.

10. Debtor denies the first sentence of paragraph 10. Debtor admits the second sentence of paragraph 10.

11. Debtor admits that Chaudhri is the owner of Dalio. Debtor denies the remaining allegations of

para. 11..

12. Debtor admits the first two sentences of para. 12. Debtor denies the remaiing allegations in paragraph 12.

13. Debtor denies the allegations in paragraph 13.

14. Debtor denies the allegations in paragraph 14.

15. Debtor denies the allegations in paragraph 15.

16. Debtor denies the allegations in paragraph 16.

17. Debtor denies allegations in paragraph 17.

18. Debtor denies the allegations in paragraph 18.

19. Debtor admits that an arbitration action was filed and that rescission deeds were filed. Debtor denies the remainder of para. 19..

20. Debtor admits that WCW obtained the judgment. The judgment is presently on appeal and has been fully briefed.

21. Debtor admits the allegations in paragraph 21.

22. Debtor admits that the Trial Court entered the Order requiring a supersedeas bond.

23. Debtor admits the allegations in paragraph 23.

24. Debtor admits that WCW noticed the foreclosure to occur on January 2, 2024 and that it obtained the temporary restraining order. Debtor denies the remainder of para. 24.

25. Debtor admits the allegations in paragraph 25.

26. Debtor admits that WCW noticed the foreclosure sale and that Debtor sought a temporary restraining order. Debtor denies the remainder of para. 26.

27. Debtor admits that Ali Choudhri informed counsel for WCW that he had authorized a bankruptcy filing. Debtor denies the remainder of para. 27..

28. Debtor denies the allegations in paragraph 28.

29. Debtor admits that its counsel provided notice of the bankruptcy at approximately 9:51 a.m.

   Debtor denies the remaining allegations of para. 29..

30. Debtor denies the allegations in paragraph 30.

31. Debtor denies allegations in paragraph 31.

32. Debtor denies the allegations in paragraph 32.

33. Debtor admits the allegations in paragraph 33.

34. Paragraph 34 is legal argument and does not contain factual allegations requiring a response.

35. Paragraph 35 is legal argument and does not contain factual allegations requiring a response.

36. Paragraph 36 is legal argument and does not contain factual allegations requiring a response.

37. Paragraph 37 is legal argument and does not contain factual allegations requiring a response.

38. Paragraph 38 is legal argument and does not contain factual allegations requiring a response.

39. Debtor denies the allegations in paragraph 39.

40. Debtor denies the allegations in paragraph 40.

41. Debtor denies the allegations in paragraph 41.

42. Debtor denies the allegations in paragraph 42.

43. Debtor denies the allegations in paragraph 43.

44. Debtor denies the allegations in paragraph 44.

45. Debtor denies the allegations in paragraph 45.

46. Debtor denies the allegations in paragraph 46.

47. Debtor denies the allegations in paragraph 47.

48. Debtor denies the allegations in paragraph 48.

49. Debtor denies the allegations in paragraph 49.

50. Debtor denies the allegations in paragraph 50.

51. Paragraph 51 contains legal argument and does not contain factual allegations requiring admission or denial.

52. Paragraph 52 contains legal argument and does not contain factual allegations requiring admission

or denial.

53. Debtor denies the allegations in paragraph 53.

54. Paragraph 54 contains legal argument and does not contain factual allegations requiring admission or denial.

55. Debtor denies the allegations in paragraph 55.

56. Debtor denies the allegations in paragraph 56.

57. Debtor admits the first sentence in paragraph 57. Debtor denies the remainder of para. 57.

58. Debtor denies the allegations in paragraph 58.

59. Debtor denies the allegations in paragraph 59.

60. Debtor denies the allegations in paragraph 60.

61. Paragraph 61 contains legal argument and does not contain factual allegations requiring admission or denial.

62. Debtor denies the allegations in paragraph 62.

63. Debtor denies the allegations in paragraph 63.

64. Debtor denies the allegations in paragraph 64.

65. Debtor denies the allegations of para. 65.

66. Paragraph 66 contains legal argument and does not contain factual allegations requiring admission or denial.

67. Debtor denies the allegations in paragraph 67.

68. Debtor denies the allegations in paragraph 68.

69. Debtor denies the allegations in paragraph 69.

70. This case involves an appeal from a bizarre state court order that grant equitable subordination, a remedy unknown in state law. (The same judge issued an order appointing a receiver over Debtor after receiving notice of the automatic stay). The case also involves a highly suspect summary judgment which denied Debtor's affirmative defense of statute of limitation. The case

is fully briefed and set for submission as of November 20, 2023.

71. Movant has taken the position that Debtor has a positive net worth and prevailed on that position in the Trial Court and Court of Appeals. WCW is judicially estopped to argue otherwise in this court.

72. The property generates positive cash flow and Debtor will be able to make adequate protection payments.

73. Counsel's willful blindness in intentionally carrying a phone which did not include email makes annulling the stay inequitable. Movant's counsel also acted inequitably by failing to communicate with Debtor's counsel despite being notified that Debtor's counsel represented Texas REIT, LLC and requested that he be included in any communications.

Dated: March 4, 2024

Respectfully Submitted,

BARRON & NEWBURGER, P.C.
7320 N. Mopac Expwy, Suite 400
Austin, Texas 78731
(512) 476-9103 Ext. 220
(512) 476-9253 Facsimile

/s/*Stephen W. Sather*
Stephen W. Sather
State Bar No. 17657520

**Counsel to Debtor**

## CERTIFICATE OF SERVICE

I certify that on March 4, 2024, a true and correct copy of the foregoing document was served, to the parties on the attached Matrix, the Court's CM/ECF noticing system to all parties registered to receive such service, or via First Class US Mail, postage pre-paid.

/s/*Stephen W. Sather*
Stephen W. Sather

```
Label Matrix for local noticing         Texas REIT, LLC                          U.S. BANKRUPTCY COURT
0542-1                                   2450 Wickersham Lane, Suite 202          903 SAN JACINTO, SUITE 322
Case 24-10120-smr                        Austin, TX 78741-4744                    AUSTIN, TX 78701-2450
Western District of Texas
Austin
Tue Feb 20 10:39:13 CST 2024

Caz Creek Lending                        City of Houston                          Dalio Holdings I, LLC
118 Vintage Park Blvd No. W              c/o Tara L. Grundemeier                  2425 West Loop South Suite 77027-4210
Houston, TX 77070-4095                   Linebarger Goggan Blair & Sampson LLP
                                         PO Box 3064
                                         Houston, TX 77253-3064

(p)OVATION SERVICES                      Harris County Tax Assessor               Houston ISD
ATTN BANKRUPTCY DEPT                     Po Box 4622                              P.O.Box 4668
1114 LOST CREEK BLVD                     Houston, TX 77210-4622                   Houston, TX 77210-4668
SUITE 125
AUSTIN TX 78746-6175

Jetall Companies, Inc.                   John Quinlan                             Omar Khawaja
2425 West Loop South Suite 1100          c/o Steven A. Leyh                       c/o Steven A. Leyh
Houston, TX 77027-4210                   Hoover Slovacek, LLP                     Hoover Slovacek, LLP
                                         5051 Westheimer, Suite 1200              5051 Westheimer, Suite 1200
                                         Houston, Texas 77056-5839                Houston, Texas 77056-5839

Osama Abdullatif                         Steadfast 829 Holdings, Inc.             United States Trustee - AU12
c/o Steven A. Leyh                       c/o Rodney Drinnon                       United States Trustee
Hoover Slovacek, LLP                     McCathern                                903 San Jacinto Blvd, Suite 230
5051 Westheimer, Suite 1200              2000 West Loop South Suite 1850          Austin, TX 78701-2450
Houston, Texas 77056-5839                Houston, TX 77027-3744

WCW Houston Properties, LLC              WCW Houston Properties, LLC              c/o Steven A. Leyh
Attn: Tami Kim  Broker Associate/Attorne c/o Matthew Kevin Powers                 Hoover Slovacek, LLP
6100 Corporate Drive, Suite 319          Burford Perry                            5051 Westheimer, Suite 1200
Houston, TX 77036-3433                   909 Fannin, Suite 2630                   Houston, Texas 77056-5839
                                         Houston, TX 77010-1003

Stephen W. Sather
Barron & Newburger, PC
7320 N MoPac Expy, Suite 400
Austin, TX 78731-2347
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
FGMS Holdings, LLC                       End of Label Matrix
12000 Network Blvd., Bldg. B Suite 210   Mailable recipients    18
San Antonio, TX 78249                    Bypassed recipients     0
                                         Total                  18
```