UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| | § | |
| IN RE: | § | CASE NO. 24-10120-smr |
| | § | |
| TEXAS REIT, LLC | § | |
| | § | |
| Debtor | § | CHAPTER 11 |

**MOTION TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS
AND ENCUMBRANCES
(8052-8090 Westheimer Road)**

TO THE HONORABLE SHAD M. ROBINSON, UNITED STATES BANKRUPTCY JUDGE:

　　**Comes now Texas REIT, LLC** (the "Debtor") in this chapter 11 case, filing this Motion to Sell
Real Property Free and Clear of Liens, Claims, Interests and Encumbrances (8052-8090 Westheimer)
("*Motion*") pursuant to Section 363(b) and (f) of the Bankruptcy Code, and in support thereof would
respectfully show the Court as follows:

This pleading requests relief that may be adverse to your interests.

If no timely response is filed within 21 days from the date of service, the relief requested herein
may be granted without a hearing being held.

A timely filed response is necessary for a hearing to be held.

　　1.　　Texas REIT, LLC, the Debtor, filed for relief under Chapter 11 of the Bankruptcy
Code on February 6, 2024.

**The Real Property**

　　2.　　The bankruptcy estate owns the following real property, commonly known as
8052-8090 Westheimer Road, Houston, TX 77063 (the "Real Property").

3.      Title to the Property is held by the Debtor.   The property consists of a strip shopping center on 2.6824 acres. The structure contains 29,000 sq.ft.  The property is located at the intersection of Westheimer and Old Farm Road. A photograph of the property appears below:



**The Offer and Property Valuation**

4.      JIMIN WANG has submitted a Commercial Contract-Improved for the Property, subject to this Court's approval for $10,000,000.00.     A copy of the Commercial Contract-Improved Property is attached to this Motion and incorporated herein for all purposes.   The Harris County Appraisal District has valued the property at $7,599,675.   The contract provides for a 30-day feasibility period with closing to take place seven days after the expiration of the feasibility period.

**Information About the Sale**

8.      FOLLOWING IS INFORMATION ABOUT THE PROPOSED SALE:

a.      **The name and address of the proposed buyer or lessee:**

Jimin Wang, 9888 Bellaire Blvd., #118, Houston, TX 77056. The buyer is a third party who does not have any relationship to the Debtor or its principal.

b.      **The proposed consideration to be received by the estate, including estimated costs of the sale or lease, including commissions, auctioneer's fees, costs of document preparation and recording and any other customary closing costs:**

$10,000,000.00 sales price

__% commission to buyer's broker = $_____

Seller shall also pay for a title policy, preparation of the deed and bill of sale, one-half of any escrow fee and costs to record any documents to cure title objections that Seller must cure.

Additionally, taxes will be pro-rated.

c.      **A description of the estimated or possible tax consequences to the estate, if known, and how any tax liability generated by the use, sale or lease of such property will be paid:**

Unknown

9.      A preliminary title search and review of the Schedules and proofs of claim filed in this case indicate the following liens, judgments, and other claims may exist against the Real Property:

| | |
|---|---|
| City of Houston | $39,580.57 per Proof of Claim. |
| Houston Community College System | $7,031.25 per Proof of Claim |
| Houston ISD | $66,195.04 per Proof of Claim |
| Harris County | $24,648.36 per Proof of Claim |
| Caz Creek Holdings 2, LLC | $1,940,504.71 per Proof of Claim |
| FGMS Holdings, LLC | $374,223.88 per Proof of Claim |
| Dalio Holdings, I, LLC | $13,855,502.34 per Proof of Claim |
| WCW Houston Properties, LLC | $9,230,960.53 per Proof of Claim |

Some of these liens cover both 8050 Westheimer and 8098 Westheimer. The WCW Houston Properties, LLC Judgment is disputed and was recently reversed on appeal.

10.    The 2024 ad valorem taxes will be pro-rated between the Estate and the purchaser.   The Real Property shall be sold subject to such taxes.   The 2023 taxes and all claims secured by assignments of tax liens will be paid at closing, including post-petition interest and fees.   All other liens, claims, interests and encumbrances will attach to the proceeds from the sale to the same extent, priority and validity as existed on the petition date

11.    Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C §363(b)(1).  Section 363(f)(4) allows property to be sold free and clear of liens is the interest is a lien and the lien is in bona fide dispute. In this case, the lien of  WCW Houston Properties, LLC is in genuine dispute. A judgment of the Harris County District Court allowed the lien of WCW to jump ahead of the prior recorded lien of Dalio Holdings I, LLC in a summary judgment based on findings in an arbitration proceeding to which neither WCW nor any party with which it was in privity was a party to. This judgment was reversed by the Court of Appeals.

12.    The Contract provides for assignment of the leases on the Property to the Buyer. Pursuant to 11 U.S.C. §365(a), the Debtor in Possession may assume or reject any unexpired lease with approval of the Court. Under §365(f) an unexpired lease may be assigned so long as it has been assumed. The Debtor seeks to assume and assign the following leases:

Blue Nile Ethiopean Restaurant
Domain Bar/Dental
Happy Teahouse
Houston Testosterone Club
Inapark, Inc.
Pawn TX, Inc.
Unfold Beauty Bar

The Debtor does not believe that there are any defaults under such leases to be cured.

12.    The sale shall be subject to higher and better offers.   If the Debtor receives any higher and better offers prior to the date set for the hearing on the Motion, the Debtor shall sell the Real Property to the highest bidder.

**WHEREFORE**, Texas REIT, LLC, respectfully requests that the Court grant this Motion and authorize the sale of the Real Property free and clear of all liens, claims and interests as set out in this Motion, and for such other and further relief to which it may show himself entitled.

Respectfully Submitted,

**BARRON & NEWBURGER, P.C.**
7320 N. MoPac Expwy., Suite 400
Austin, Texas 78731
(512) 649-3243
(512) 476-9253 Facsimile

By:    /s/ Stephen W. Sather
Stephen W. Sather (SBN. 17657520)
**ATTORNEY FOR DEBTOR**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Application was served by first class mail, postage prepaid and properly addressed, on August 7, 2024, to all parties listed on the attached Service List.

Blue Nile One Ethiopian Restaurant, LLC
PO Box 773395
Houston, TX 77215-3395

Happy Teahouse, LLC
8066 Westheimer
Houston, TX 77063

Houston Testosterone Club, LLC
8090 Westheimer
Houston, TX 77063

Inapark, Inc.

12755 Southwest Freeway
Stafford, TX 77477

The Domain Bar & Grill, LLC
8052 Westheimer
Houston, TX 77063

Unfold Beauty Bar, LLC
8062 Westheimer
Houston, TX 77063

Brittex Financial, LLC
2502 Harry Wurzbach Rd.
San Antonio, TX 78209

                                           _____/s/Stephen W. Sather

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0542-1<br>Case 24-10120-smr<br>Western District of Texas<br>Austin<br>Mon Apr 1 08:59:44 CDT 2024 | Texas REIT, LLC<br>2450 Wickersham Lane, Suite 202<br>Austin, TX 78741-4744 | U.S. BANKRUPTCY COURT<br>903 SAN JACINTO, SUITE 322<br>AUSTIN, TX 78701-2450 |
| AGAPE<br>6161 Savoy Drive Suite 500<br>Houston, TX 77036-3326 | Affordable Dumpster Rentals<br>6520 US Hwy 301 S Suite 112<br>Riverview, FL 33578-4324 | Akin Gump Strauss Hauer & Feld LLP<br>1111 Louisiana Street, 44th Floor<br>Houston, TX 77002-5225 |
| Caz Creek Lending<br>118 Vintage Park Blvd No. W<br>Houston, TX 77070-4095 | City of Houston<br>c/o Tara L. Grundemeier<br>Linebarger Goggan Blair & Sampson LLP<br>PO Box 3064<br>Houston, TX 77253-3064 | Clark Hill PC<br>500 Woodward Ave Suite 3500<br>Detroit, MI 48226-3485 |
| Competition Roofing, Inc.<br>7310 Fairview Street<br>Houston, TX 77041-2106 | Cypress BridgeCo, LLC and Magnolia BridgeCo<br>c/o McDowell Hetherington LLP<br>ATTN: Robert P. Debelak III<br>1001 Fannin St., Ste. 2400<br>Houston, TX 77002-6706 | Cypress BridgeCo, LLC and Magnolia BridgeCo,<br>c/o McDowell Hetherington LLP<br>ATTN: Matthew W. Bourda<br>1001 Fannin St., Ste. 2400<br>Houston, TX 77002-6706 |
| Dalio Holdings I, LLC<br>2425 West Loop South Suite 77027-4210 | Drew Dennett<br>2450 Wickersham Lane, Suite 202<br>Austin, TX 78741-4744 | (p)OVATION SERVICES<br>ATTN BANKRUPTCY DEPT<br>1114 LOST CREEK BLVD<br>SUITE 125<br>AUSTIN TX 78746-6175 |
| Harris County Tax Assessor<br>Po Box 4622<br>Houston, TX 77210-4622 | Houston Community College System<br>c/o Tara L. Grundemeier<br>Linebarger Goggan Blair & Sampson LLP<br>PO Box 3064<br>Houston, TX 77253-3064 | Houston ISD<br>P.O.Box 4668<br>Houston, TX 77210-4668 |
| Houston ISD<br>c/o Tara L. Grundemeier<br>Linebarger Goggan Blair & Sampson LLP<br>PO Box 3064<br>Houston, TX 77253-3064 | IPFS Corporation<br>PO Box 412086<br>Kansas City, MO 64141-2086 | Jetall Companies, Inc.<br>2425 West Loop South Suite 1100<br>Houston, TX 77027-4210 |
| John Quinlan<br>c/o Steven A. Leyh<br>Hoover Slovacek, LLP<br>5051 Westheimer, Suite 1200<br>Houston, Texas 77056-5839 | Mark C. Taylor, Special Litigation Counsel<br>Holland & Knight LLP<br>100 Congress Avenue, Suite 1800<br>Austin, Texas 78701-4042 | Nationwide Security<br>2425 W Loop S Ste.300<br>Houston, TX 77027-4207 |
| Omar Khawaja<br>c/o Steven A. Leyh<br>Hoover Slovacek, LLP<br>5051 Westheimer, Suite 1200<br>Houston, Texas 77056-5839 | Osama Abdullatif<br>c/o Steven A. Leyh<br>Hoover Slovacek, LLP<br>5051 Westheimer, Suite 1200<br>Houston, Texas 77056-5839 | Steadfast 829 Holdings, Inc.<br>c/o Rodney Drinnon<br>McCathern<br>2000 West Loop South Suite 1850<br>Houston, TX 77027-3744 |
| US Insurance Funding<br>8303 SW Freeway Suite 435<br>Houston, TX 77074-1691 | United States Trustee - AU12<br>United States Trustee<br>903 San Jacinto Blvd, Suite 230<br>Austin, TX 78701-2450 | WCW Houston Properties, LLC<br>Attn: Tami Kim Broker Associate/Attorne<br>6100 Corporate Drive, Suite 319<br>Houston, TX 77036-3433 |

WCW Houston Properties, LLC
c/o Matthew Kevin Powers
Burford Perry
909 Fannin, Suite 2630
Houston, TX 77010-1003

Wrinkle, Gardner & Company, PC
PO Box 1707
Friendswood, TX 77549-1707

c/o Steven A. Leyh
Hoover Slovacek, LLP
5051 Westheimer, Suite 1200
Houston, Texas 77056-5839

Stephen W. Sather
Barron & Newburger, PC
7320 N MoPac Expy, Suite 400
Austin, TX 78731-2347

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

FGMS Holdings, LLC
12000 Network Blvd., Bldg. B Suite 210
San Antonio, TX 78249

(d)FGMS Holdings, LLC
12000 Network Blvd., Bldg. B Suite 210
San Antonio, TX 78249

End of Label Matrix
Mailable recipients    33
Bypassed recipients     0
Total                  33

Authentisign ID: E45F05D7-3D51-EF11-86C3-0022482708E1



## COMMERCIAL CONTRACT - IMPROVED PROPERTY
USE OF THIS FORM BY PERSONS WHO ARE NOT MEMBERS OF THE TEXAS ASSOCIATION OF REALTORS®, INC. IS NOT AUTHORIZED.
©Texas Association of REALTORS®, Inc. 2022

1. **PARTIES:** Seller agrees to sell and convey to Buyer the Property described in Paragraph 2. Buyer agrees to buy the Property from Seller for the sales price stated in Paragraph 3. The parties to this contract are:

   Seller: **Texas REIT LLC**

   Address:
   Phone: _____ E-mail: **ali@jetallcapital.com**
   Mobile: _____ Fax or Other: _____

   Buyer: **Jimin Wang**

   Address: **9888 Bellaire Blvd #118, Houston, TX 77036**
   Phone: _____ E-mail: _____
   Mobile: _____ Fax or Other: _____

2. **PROPERTY:**

   A. "Property" means that real property situated in _____**Harris**_____ County, Texas at _____**8052,8056,8058,8062,8066.8078,8090 Westheimer Rd Houston Tx 77063**_____ *(address)* and that is legally described on the attached Exhibit _____ or as follows: **Exhibit" A " As 2.6824 Acre Tract ,Metes And Bounds Description Of "A "**

   B. Seller will sell and convey the Property together with:
      (1) all buildings, improvements, and fixtures;
      (2) all rights, privileges, and appurtenances pertaining to the Property, including Seller's right, title, and interest in any minerals, utilities, adjacent streets, alleys, strips, gores, and rights-of-way;
      (3) Seller's interest in all leases, rents, and security deposits for all or part of the Property;
      (4) Seller's interest in all licenses and permits related to the Property;
      (5) Seller's interest in all third party warranties or guaranties, if transferable, relating to the Property or any fixtures;
      (6) Seller's interest in any trade names, if transferable, used in connection with the Property; and
      (7) all Seller's tangible personal property located on the Property that is used in connection with the Property's operations except: _____ .
      Any personal property not included in the sale must be removed by Seller prior to closing.

   *(Describe any exceptions, reservations, or restrictions in Paragraph 12 or an addendum.)*
   *(If mineral rights are to be reserved an appropriate addendum should be attached.)*
   *(If the Property is a condominium, attach Commercial Contract Condominium Addendum (TXR-1930) or (TXR-1946).)*

3. **SALES PRICE:** At or before closing, Buyer will pay the following sales price for the Property:

   A. Cash portion payable by Buyer at closing . . . . . . . . . . . . . . . . . . . . . . . . $_____**10,000,000.00**

   B. Sum of all financing described in Paragraph 4 . . . . . . . . . . . . . . . . . . . . $_____

   C. Sales price (sum of 3A and 3B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $_____**10,000,000.00**

(TXR-1801) 07-08-22        Initialed for Identification by Seller _____, _____, and Buyer _JW_, _____        Page 1 of 15

Authentisign ID: E45F05D7-3D51-EF11-86C3-0022482708E1

Commercial Contract - Improved Property concerning  **8052,8056,8058,8062,8066,8078,8090 Westheimer Rd Houston Tx 77063**

4. **FINANCING:** Buyer will finance the portion of the sales price under Paragraph 3B as follows:

☐ A. <u>Third Party Financing</u>: One or more third party loans in the total amount of $ _____ . This contract:

    ☐ (1) is <u>not</u> contingent upon Buyer obtaining third party financing.

    ☐ (2) is contingent upon Buyer obtaining third party financing in accordance with the attached Commercial Contract Financing Addendum (TXR-1931).

☐ B. <u>Assumption</u>: In accordance with the attached Commercial Contract Financing Addendum (TXR-1931), Buyer will assume the existing promissory note secured by the Property, which balance at closing will be $ _____ .

☐ C. <u>Seller Financing</u>: Buyer will deliver a promissory note and deed of trust to Seller under the terms of the attached Commercial Contract Financing Addendum (TXR-1931) in the amount of $_____ .

5. **EARNEST MONEY:**

A. Not later than 3 days after the effective date, Buyer must deposit $ **$30,000.00** as earnest money with **First American Title** (title company) at **10080 Bellaire Blvd #220 Houston TX 77072** (address) _____ (closer). If Buyer fails to timely deposit the earnest money, Seller may terminate this contract or exercise any of Seller's other remedies under Paragraph 15 by providing written notice to Buyer before Buyer deposits the earnest money.

B. Buyer will deposit an additional amount of $ _____ with the title company to be made part of the earnest money on or before:

    ☐ (i) _____ days after Buyer's right to terminate under Paragraph 7B expires; or

    ☐ (ii) _____ .

Buyer will be in default if Buyer fails to deposit the additional amount required by this Paragraph 5B within 3 days after Seller notifies Buyer that Buyer has not timely deposited the additional amount.

C. Buyer may instruct the title company to deposit the earnest money in an interest-bearing account at a federally insured financial institution and to credit any interest to Buyer.

6. **TITLE POLICY, SURVEY, AND UCC SEARCH:**

A. <u>Title Policy</u>:

(1) Seller, at Seller's expense, will furnish Buyer an Owner's Policy of Title Insurance (the title policy) issued by any underwriter of the title company in the amount of the sales price, dated at or after closing, insuring Buyer against loss under the title policy, subject only to:
(a) those title exceptions permitted by this contract or as may be approved by Buyer in writing; and
(b) the standard printed exceptions contained in the promulgated form of title policy unless this contract provides otherwise.

(2) The standard printed exception as to discrepancies, conflicts, or shortages in area and boundary lines, or any encroachments or protrusions, or any overlapping improvements:
☐ (a) will not be amended or deleted from the title policy.
☒ (b) will be amended to read "shortages in areas" at the expense of ☐ Buyer ☒ Seller.

(3) Within _____ days after the effective date, Seller will furnish Buyer a commitment for title insurance (the commitment) including legible copies of recorded documents evidencing title exceptions. Seller authorizes the title company to deliver the commitment and related documents to Buyer at Buyer's address.

(TXR-1801) 07-08-22          Initialed for Identification by Seller _____, _____ and Buyer _JW_, _____          Page 2 of 15

Authentisign ID: E45F05D7-3D51-EF11-86C3-0022482708E1

Commercial Contract - Improved Property concerning **8052,8056,8058,8062,8066,8078,8090 Westheimer Rd Houston Tx 77063**

B. <u>Survey</u>: Within ___7___ days after the effective date:

☐ (1) Buyer will obtain a survey of the Property at Buyer's expense and deliver a copy of the survey to Seller. The survey must be made in accordance with the: (i) ALTA/NSPS Land Title Survey standards, or (ii) Texas Society of Professional Surveyors' standards for a Category 1A survey under the appropriate condition. Seller will reimburse Buyer _____ *(insert amount)* of the cost of the survey at closing, if closing occurs.

☐ (2) Seller, at Seller's expense, will furnish Buyer a survey of the Property dated after the effective date. The survey must be made in accordance with the: (i) ALTA/NSPS Land Title Survey standards, or (ii) Texas Society of Professional Surveyors' standards for a Category 1A survey under the appropriate condition.

☒ (3) Seller will deliver to Buyer and the title company a true and correct copy of Seller's most recent survey of the Property along with an affidavit required by the title company for approval of the existing survey. If the existing survey is not acceptable to the title company, ☒ Seller ☐ Buyer (updating party), will, at the updating party's expense, obtain a new or updated survey acceptable to the title company and deliver the acceptable survey to the other party and the title company within 30 days after the title company notifies the parties that the existing survey is not acceptable to the title company. The closing date will be extended daily up to 30 days if necessary for the updating party to deliver an acceptable survey within the time required. The other party will reimburse the updating party _____ *(insert amount or percentage)* of the cost of the new or updated survey at closing, if closing occurs.

C. <u>UCC Search</u>:

☐ (1) Within _____ days after the effective date, Seller, at Seller's expense, will furnish Buyer a Uniform Commercial Code (UCC) search prepared by a reporting service and dated after the effective date. The search must identify documents that are on file with the Texas Secretary of State and the county where the Property is located that relate to all personal property on the Property and show, as debtor, Seller and all other owners of the personal property in the last 5 years.

☐ (2) Buyer does not require Seller to furnish a UCC search.

D. <u>Buyer's Objections to the Commitment, Survey, and UCC Search</u>:

(1) Within ___7___ days after Buyer receives the last of the commitment, copies of the documents evidencing the title exceptions, any required survey, and any required UCC search, Buyer may object to matters disclosed in the items if: (a) the matters disclosed are a restriction upon the Property or constitute a defect or encumbrance to title to the real or personal property described in Paragraph 2 other than those permitted by this contract or liens that Seller will satisfy at closing or Buyer will assume at closing; or (b) the items show that any part of the Property lies in a special flood hazard area (an "A" or "V" zone as defined by FEMA). If the commitment or survey is revised or any new document evidencing a title exception is delivered, Buyer may object to any new matter revealed in such revision or new document. Buyer's objection must be made within the same number of days stated in this paragraph, beginning when the revision or new document is delivered to Buyer. If Paragraph 6B(1) applies, Buyer is deemed to receive the survey on the earlier of: (i) the date Buyer actually receives the survey; or (ii) the deadline specified in Paragraph 6B.

(2) Seller may, but is not obligated to, cure Buyer's timely objections within 15 days after Seller receives the objections. The closing date will be extended as necessary to provide such time to cure the objections. If Seller fails to cure the objections by the time required, Buyer may terminate

Authentisign ID: E45F05D7-3D51-EF11-86C3-0022482708E1

Commercial Contract - Improved Property concerning  **8052,8056,8058,8062,8066,8078,8090 Westheimer Rd Houston Tx 77063**

this contract by providing written notice to Seller within 5 days after the time by which Seller must cure the objections. If Buyer terminates, the earnest money, less any independent consideration under Paragraph 7B(1), will be refunded to Buyer.

(3) Buyer's failure to timely object or terminate under this Paragraph 6D is a waiver of Buyer's right to object except that Buyer will not waive the requirements in Schedule C of the commitment.

**7. PROPERTY CONDITION:**

A. <u>Present Condition</u>: Buyer accepts the Property in its present condition except that Seller, at Seller's expense, will complete the following before closing: _____
_____
_____ .

B. <u>Feasibility Period</u>: Buyer may terminate this contract for any reason within _____**30**_____ days after the effective date (feasibility period) by providing Seller written notice of termination.

(1) <u>Independent Consideration</u>. *(Check only one box and insert amounts.)*

[X] (a) If Buyer terminates under this Paragraph 7B, the earnest money will be refunded to Buyer less $ **10.00**_____ that Seller will retain as independent consideration for Buyer's unrestricted right to terminate. Buyer has tendered the independent consideration to Seller upon payment of the amount specified in Paragraph 5A to the title company. The independent consideration is to be credited to the sales price only upon closing of the sale. <u>If no dollar amount is stated in this Paragraph 7B(1) or if Buyer fails to deposit the earnest money, Buyer will not have the right to terminate under this Paragraph 7B.</u>

[ ] (b) Not later than 3 days after the effective date, Buyer must pay $ _____ as independent consideration for Buyer's right to terminate by tendering such amount to the title company. Buyer authorizes escrow agent to release and deliver the independent consideration to Seller at any time upon Seller's request without further notice to or consent from Buyer. If Buyer terminates under this Paragraph 7B, the earnest money will be refunded to Buyer and Seller will retain the independent consideration. The independent consideration will be credited to the sales price only upon closing of the sale. <u>If no dollar amount is stated in this Paragraph 7B(1)(b) or if Buyer fails to pay the independent consideration, Buyer will not have the right to terminate under this Paragraph 7B.</u>

[ ] (2) <u>Feasibility Period Extension</u>: Prior to the expiration of the initial feasibility period, Buyer may extend the feasibility period for a single additional period of _____ days by delivering $_____ to the title company as additional earnest money.

(a) $_____ of the additional earnest money will be retained by Seller as additional independent consideration for Buyer's unrestricted right to terminate, but will be credited to the sales price only upon closing of the sale. If Buyer terminates under this Paragraph 7B, the additional earnest money will be refunded to Buyer and Seller will retain the additional independent consideration.

(b) Buyer authorizes escrow agent to release and deliver to Seller the following at any time upon Seller's request without further notice to or consent from Buyer:
(i) The additional independent consideration.
(ii) *(Check no boxes or only one box.)*
[ ] all or [ ] $_____ of the remaining portion of the additional earnest money, which will be refunded to Buyer if Buyer terminates under this Paragraph 7B or if Seller defaults under this contract.

(TXR-1801) 07-08-22          Initialed for Identification by Seller _____, _____ and Buyer _*JW*_, _____          Page 4 of 15

American SMS Real Estate, 6918 Corporate Dr. STE A-13 Houston TX 77036                    Phone: 2817023366          Fax: 8662532705          Wang Jimin
Polo Sun                                          Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201  www.lwolf.com

Authentisign ID: E45F05D7-3D51-EF11-86C3-0022482708E1

Commercial Contract - Improved Property concerning     **8052,8056,8058,8062,8066,8078,8090 Westheimer Rd Houston Tx 77063**

<u>If no dollar amount is stated in this Paragraph 7B(2) as additional earnest money or as additional independent consideration, or if Buyer fails to timely deliver the additional earnest money, the extension of the feasibility period will not be effective.</u>

C. <u>Inspections, Studies, or Assessments</u>:

(1) During the feasibility period, Buyer, at Buyer's expense, may complete or cause to be completed any and all inspections, studies, or assessments of the Property (including all improvements and fixtures) desired by Buyer.

(2) Seller, at Seller's expense, will turn on all utilities necessary for Buyer to make inspections, studies, or assessments.

(3) Buyer must:
(a) employ only trained and qualified inspectors and assessors;
(b) notify Seller, in advance, of when the inspectors or assessors will be on the Property;
(c) abide by any reasonable entry rules or requirements of Seller;
(d) not interfere with existing operations or occupants of the Property; and
(e) restore the Property to its original condition if altered due to inspections, studies, or assessments that Buyer completes or causes to be completed.

(4) Except for those matters that arise from the negligence of Seller or Seller's agents, Buyer is responsible for any claim, liability, encumbrance, cause of action, and expense resulting from Buyer's inspections, studies, or assessments, including any property damage or personal injury. Buyer will indemnify, hold harmless, and defend Seller and Seller's agents against any claim involving a matter for which Buyer is responsible under this paragraph. This paragraph survives termination of this contract.

D. <u>Property Information</u>:

(1) <u>Delivery of Property Information</u>: Within ____**10**____ days after the effective date, Seller will deliver to Buyer the following to the extent in Seller's possession: *(Check all that apply.)*
[X] (a) a current rent roll of all leases affecting the Property certified by Seller as true and correct;
[X] (b) copies of all current leases, including any mineral leases, pertaining to the Property, including any modifications, supplements, or amendments to the leases;
[X] (c) a current inventory of all personal property to be conveyed under this contract and copies of any leases for such personal property;
[X] (d) copies of all notes and deeds of trust against the Property that Buyer will assume or that Seller will not pay in full on or before closing;
[X] (e) copies of all current service, utility, maintenance, and management agreements relating to the ownership and operation of the Property;
[X] (f) copies of current utility capacity letters from the Property's water and sewer service provider;
[X] (g) copies of all current warranties and guaranties relating to all or part of the Property;
[X] (h) copies of fire, hazard, liability, and other insurance policies that currently relate to the Property;
[X] (i) copies of all leasing or commission agreements that currently relate to the tenants of all or part of the Property;
[X] (j) a copy of the "as-built" plans and specifications and plat of the Property;
[X] (k) copies of all invoices for utilities and repairs incurred by Seller for the Property in the 24 months immediately preceding the effective date;
[X] (l) a copy of Seller's income and expense statement for the Property from ____**January 1, 2022**____ to ____**June 30, 2024**____ ;
[X] (m) copies of all previous environmental assessments, geotechnical reports, studies, or analyses made on or relating to the Property;

(TXR-1801) 07-08-22     Initialed for Identification by Seller _____, _____ and Buyer _JW_, _____     Page 5 of 15

Authentisign ID: E45F05D7-3D51-EF11-86C3-0022482708E1

Commercial Contract - Improved Property concerning   **8052,8056,8058,8062,8066,8078,8090 Westheimer Rd Houston Tx 77063**

[X] (n) real and personal property tax statements for the Property for the previous 2 calendar years;

[X] (o) Tenant reconciliation statements including, operating expenses, insurance and taxes for the Property from _____ **January 1, 2022** _____ to _____ **December 31, 2023** _____ ; and

[X] (p) **Environmental report phase I if any .** _____
_____
_____ .

(2) Return of Property Information: If this contract terminates for any reason, Buyer will, not later than 10 days after the termination date: *(Check all that apply.)*

[X] (a) return to Seller all those items described in Paragraph 7D(1) that Seller delivered to Buyer in other than an electronic format and all copies that Buyer made of those items;

[X] (b) delete or destroy all electronic versions of those items described in Paragraph 7D(1) that Seller delivered to Buyer or Buyer copied in any format; and

[ ] (c) deliver to Seller copies of all inspection and assessment reports related to the Property that Buyer completed or caused to be completed.

This Paragraph 7D(2) survives termination of this contract.

E. Contracts Affecting Operations: Until closing, Seller: (1) will operate the Property in the same manner as on the effective date under reasonably prudent business standards; and (2) will not transfer or dispose of any part of the Property, any interest or right in the Property, or any of the personal property or other items described in Paragraph 2B or sold under this contract. After the feasibility period ends, Seller may not enter into, amend, or terminate any other contract that affects the operations of the Property without Buyer's written approval.

8. **LEASES:**

A. Each written lease Seller is to assign to Buyer under this contract must be in full force and effect according to its terms. Seller may not enter into any new lease, fail to comply with any existing lease, or make any amendment or modification to any existing lease without Buyer's written consent. Seller must disclose, in writing, if any of the following exist at the time Seller provides the leases to the Buyer or subsequently occur before closing:

(1) any failure by Seller to comply with Seller's obligations under the leases;

(2) any circumstances under any lease that entitle the tenant to terminate the lease or seek any offsets or damages;

(3) any non-occupancy of the leased premises by a tenant;

(4) any advance sums paid by a tenant under any lease;

(5) any concessions, bonuses, free rents, rebates, brokerage commissions, or other matters that affect any lease; and

(6) any amounts payable under the leases that have been assigned or encumbered, except as security for loan(s) assumed or taken subject to under this contract.

B. Estoppel Certificates: Within ___ **20** ___ days after the effective date, Seller will deliver to Buyer estoppel certificates signed not earlier than _____ **July 31, 2024** _____ by each tenant that leases space in the Property. The estoppel certificates must include the certifications contained in the current version of TXR Form 1938 - Commercial Tenant Estoppel Certificate and any additional information requested by a third party lender providing financing under Paragraph 4 if the third party lender requests such additional information at least 10 days prior to the earliest date that Seller may deliver the signed estoppel certificates.

Authentisign ID: E45F05D7-3D51-EF11-86C3-0022482708E1

Commercial Contract - Improved Property concerning     **8052,8056,8058,8062,8066,8078,8090 Westheimer Rd Houston Tx 77063**

9. **BROKERS:**

A. The brokers to this sale are:

| | |
|---|---|
| Principal Broker: _____ | Cooperating Broker: **American SMS Real Estate** |
| _____ | _____ |
| Agent: _____ | Agent: **Polo Sun** |
| Address: _____ | Address: **17619 Cypress Fields AVE** |
| _____ | **Cypress Tx 77429** |
| Phone & Fax: _____ | Phone & Fax: _____ |
| E-mail: _____ | E-mail: **polosun@americansmsrealestate.com** |
| License No.: _____ | License No.: **0533206** |

Principal Broker: *(Check only one box)*
- [ ] represents Seller only.
- [X] represents Buyer only.
- [ ] is an intermediary between Seller and Buyer.

Cooperating Broker represents Buyer.

B. <u>Fees</u>: *(Check only (1) or (2) below.)*
*(Complete the Agreement Between Brokers on page 15 only if (1) is selected.)*

- [ ] (1) Seller will pay Principal Broker the fee specified by separate written commission agreement between Principal Broker and Seller. Principal Broker will pay Cooperating Broker the fee specified in the Agreement Between Brokers found below the parties' signatures to this contract.

- [X] (2) At the closing of this sale, Seller will pay:

| Principal Broker a total cash fee of: | Cooperating Broker a total cash fee of: |
|---|---|
| [ ] _____ % of the sales price. | [ ] _____ % of the sales price. |
| [ ] _____ . | [X] **Commercial Registration Agreement Between Broker and Owner** . |

The cash fees will be paid in _____ **Harris** _____ County, Texas. Seller authorizes the title company to pay the brokers from the Seller's proceeds at closing.

*NOTICE: Chapter 62, Texas Property Code, authorizes a broker to secure an earned commission with a lien against the Property.*

C. The parties may not amend this Paragraph 9 without the written consent of the brokers affected by the amendment.

10. **CLOSING:**

A. The date of the closing of the sale (closing date) will be on or before the later of:
- (1) [ ] _____ days after the expiration of the feasibility period.
- [ ] _____ *(specific date)*.
- [X] **7 days after or before expiration of feasibility period .** _____ .
- (2) 7 days after objections made under Paragraph 6D have been cured or waived.

B. If either party fails to close by the closing date, the non-defaulting party may exercise the remedies in Paragraph 15.

Authentisign ID: E45F05D7-3D51-EF11-86C3-002248Z708E1

Commercial Contract - Improved Property concerning    **8052,8056,8058,8062,8066,8078,8090 Westheimer Rd Houston Tx 77063**

C.  At closing, Seller will execute and deliver to Buyer, at Seller's expense, a ☐ general ☐ special warranty deed. The deed must include a vendor's lien if any part of the sales price is financed. The deed must convey good and indefeasible title to the Property and show no exceptions other than those permitted under Paragraph 6 or other provisions of this contract. Seller must convey the Property:
(1)  with no liens, assessments, or Uniform Commercial Code or other security interests against the Property which will not be satisfied out of the sales price, unless securing loans Buyer assumes;
(2)  without any assumed loans in default; and
(3)  with no persons in possession of any part of the Property as lessees, tenants at sufferance, or trespassers except tenants under the written leases assigned to Buyer under this contract.

D.  At closing, Seller, at Seller's expense, will also deliver to Buyer:
(1)  tax statements showing no delinquent taxes on the Property;
(2)  a bill of sale with warranties to title conveying title, free and clear of all liens, to any personal property defined as part of the Property in Paragraph 2 or sold under this contract;
(3)  an assignment of all leases to or on the Property;
(4)  to the extent that the following items are assignable, an assignment to Buyer of the following items as they relate to the Property or its operations:
(a)  licenses and permits;
(b)  service, utility, maintenance, management, and other contracts; and
(c)  warranties and guaranties;
(5)  a rent roll current on the day of the closing certified by Seller as true and correct;
(6)  evidence that the person executing this contract is legally capable and authorized to bind Seller;
(7)  an affidavit acceptable to the title company stating that Seller is not a foreign person or, if Seller is a foreign person, a written authorization for the title company to: (i) withhold from Seller's proceeds an amount sufficient to comply with applicable tax law; and (ii) deliver the amount to the Internal Revenue Service together with appropriate tax forms; and
(8)  any notices, statements, certificates, affidavits, releases, and other documents required by this contract, the commitment, or law necessary for the closing of the sale and the issuance of the title policy, all of which must be completed and executed by Seller as necessary.

E.  At closing, Buyer will:
(1)  pay the sales price in good funds acceptable to the title company;
(2)  deliver evidence that the person executing this contract is legally capable and authorized to bind Buyer;
(3)  sign and send to each tenant in the Property a written statement that:
(a)  acknowledges Buyer has received and is responsible for the tenant's security deposit; and
(b)  specifies the exact dollar amount of the security deposit;
(4)  sign an assumption of all leases then in effect; and
(5)  execute and deliver any notices, statements, certificates, or other documents required by this contract or law necessary to close the sale.

F.  Unless the parties agree otherwise, the closing documents will be as found in the basic forms in the current edition of the State Bar of Texas Real Estate Forms Manual without any additional clauses.

**11. POSSESSION:** Seller will deliver possession of the Property to Buyer upon closing and funding of this sale in its present condition with any repairs Seller is obligated to complete under this contract, ordinary wear and tear excepted. Any possession by Buyer before closing or by Seller after closing that is not authorized by a separate written lease agreement is a landlord-tenant at sufferance relationship between the parties.

American SMS Real Estate, 6918 Corporate Dr. STE A-13 Houston TX 77036        Phone: 2817023366        Fax: 8662532705        Wang Jimin
Polo Sun        Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201  www.lwolf.com

Authentisign ID: E45F05D7-3D51-EF11-86C3-0022482708E1

Commercial Contract - Improved Property concerning      **8052,8056,8058,8062,8066,8078,8090 Westheimer Rd Houston Tx 77063**

**12. SPECIAL PROVISIONS:** The following special provisions apply and will control in the event of a conflict with other provisions of this contract. *(If special provisions are contained in an Addendum, identify the Addendum here and reference the Addendum in Paragraph 22D.)*
**1:property will sale" as is "condition .2:buyer may closing of the sale on or before expiration of feasibility period if title is clear .**

**13. SALES EXPENSES:**

A. <u>Seller's Expenses</u>: Seller will pay for the following at or before closing:
   (1) releases of existing liens, other than those liens assumed by Buyer, including prepayment penalties and recording fees;
   (2) release of Seller's loan liability, if applicable;
   (3) tax statements or certificates;
   (4) preparation of the deed and any bill of sale;
   (5) one-half of any escrow fee;
   (6) costs to record any documents to cure title objections that Seller must cure; and
   (7) other expenses that Seller will pay under other provisions of this contract.

B. <u>Buyer's Expenses</u>: Buyer will pay for the following at or before closing:
   (1) all loan expenses and fees;
   (2) preparation fees of any deed of trust;
   (3) recording fees for the deed and any deed of trust;
   (4) premiums for flood and hazard insurance as may be required by Buyer's lender;
   (5) one-half of any escrow fee; and
   (6) other expenses that Buyer will pay under other provisions of this contract.

**14. PRORATIONS:**

A. <u>Prorations</u>:

   (1) Interest on any assumed loan, taxes, rents, and any expense reimbursements from tenants will be prorated through the closing date.
   (2) If the amount of ad valorem taxes for the year in which the sale closes is not available on the closing date, taxes will be prorated on the basis of taxes assessed in the previous year. If the taxes for the year in which the sale closes vary from the amount prorated at closing, the parties will adjust the prorations when the tax statements for the year in which the sale closes become available. This Paragraph 14A(2) survives closing.
   (3) If Buyer assumes a loan or is taking the Property subject to an existing lien, Seller will transfer all reserve deposits held by the lender for the payment of taxes, insurance premiums, and other charges to Buyer at closing and Buyer will reimburse such amounts to Seller by an appropriate adjustment at closing.

B. <u>Rollback Taxes</u>: If Seller's use or change in use of the Property before closing results in the assessment of additional taxes, penalties, or interest (assessments) for periods before closing, the assessments will be the obligation of Seller. If this sale or Buyer's use of the Property after closing results in additional assessments for periods before closing, the assessments will be the obligation of Buyer. This Paragraph 14B survives closing.

(TXR-1801) 07-08-22      Initialed for Identification by Seller _____, _____  and Buyer *JW* , _____      Page 9 of 15

Authentisign ID: E45F05D7-3D51-EF11-86C3-0022482708E1

Commercial Contract - Improved Property concerning     **8052,8056,8058,8062,8066,8078,8090 Westheimer Rd Houston Tx 77063**

C. <u>Rent and Security Deposits</u>: At closing, Seller will tender to Buyer all security deposits and the following advance payments received by Seller for periods after closing: prepaid expenses, advance rental payments, and other advance payments paid by tenants. Rents prorated to one party but received by the other party will be remitted by the recipient to the party to whom it was prorated within 5 days after the rent is received. This Paragraph 14C survives closing.

## 15. DEFAULT:

A. If Buyer fails to comply with this contract, Buyer is in default and Seller, as Seller's sole remedy(ies), may terminate this contract and receive the earnest money, as liquidated damages for Buyer's failure except for any damages resulting from Buyer's inspections, studies or assessments in accordance with Paragraph 7C(4) which Seller may pursue, or
   *(Check if applicable)*
   [X] enforce specific performance, or seek such other relief as may be provided by law.

B. If, without fault, Seller is unable within the time allowed to deliver the estoppel certificates, survey or the commitment, Buyer may:
   (1) terminate this contract and receive the earnest money, less any independent consideration under Paragraph 7B(1), as liquidated damages and as Buyer's sole remedy; or
   (2) extend the time for performance up to 15 days and the closing will be extended as necessary.

C. Except as provided in Paragraph 15B, if Seller fails to comply with this contract, Seller is in default and Buyer may:
   (1) terminate this contract and receive the earnest money, less any independent consideration under Paragraph 7B(1), as liquidated damages and as Buyer's sole remedy; or
   (2) enforce specific performance, or seek such other relief as may be provided by law, or both.

## 16. CASUALTY LOSS AND CONDEMNATION:

A. If any part of the Property is damaged or destroyed by fire or other casualty after the effective date, Seller must restore the Property to its previous condition as soon as reasonably possible and not later than the closing date. If, without fault, Seller is unable to do so, Buyer may:
   (1) terminate this contract and the earnest money, less any independent consideration under Paragraph 7B(1), will be refunded to Buyer;
   (2) extend the time for performance up to 15 days and closing will be extended as necessary; or
   (3) accept at closing: (i) the Property in its damaged condition; (ii) an assignment of any insurance proceeds Seller is entitled to receive along with the insurer's consent to the assignment; and (iii) a credit to the sales price in the amount of any unpaid deductible under the policy for the loss.
B. If before closing, condemnation proceedings are commenced against any part of the Property, Buyer may:
   (1) terminate this contract by providing written notice to Seller within 15 days after Buyer is advised of the condemnation proceedings and the earnest money, less any independent consideration under Paragraph 7B(1), will be refunded to Buyer; or
   (2) appear and defend the condemnation proceedings and any award will, at Buyer's election, belong to: (a) Seller and the sales price will be reduced by the same amount; or (b) Buyer and the sales price will not be reduced.

## 17. ATTORNEY'S FEES: 
If Buyer, Seller, any broker, or the title company is a prevailing party in any legal proceeding brought under or with relation to this contract or this transaction, such party is entitled to recover from the non-prevailing parties all costs of such proceeding and reasonable attorney's fees. This Paragraph 17 survives termination of this contract.

(TXR-1801) 07-08-22          Initialed for Identification by Seller _____, _____ and Buyer _JW_, _____          Page 10 of 15

Authentisign ID: E45F05D7-3D51-EF11-86C3-0022482708E1

Commercial Contract - Improved Property concerning    **8052,8056,8058,8062,8066,8078,8090 Westheimer Rd Houston Tx 77063**

**18. ESCROW:**

A.  At closing, the earnest money will be applied first to any cash down payment, then to Buyer's closing costs, and any excess will be refunded to Buyer. If no closing occurs, the title company may require payment of unpaid expenses incurred on behalf of the parties and a written release of liability of the title company from all parties.

B.  If one party makes written demand for the earnest money, the title company will give notice of the demand by providing to the other party a copy of the demand. If the title company does not receive written objection to the demand from the other party within 15 days after the date the title company sent the demand to the other party, the title company may disburse the earnest money to the party making demand, reduced by the amount of unpaid expenses incurred on behalf of the party receiving the earnest money and the title company may pay the same to the creditors.

C.  The title company will deduct any independent consideration under Paragraph 7B(1) before disbursing any earnest money to Buyer and will pay the independent consideration to Seller.

D.  If the title company complies with this Paragraph 18, each party hereby releases the title company from all claims related to the disbursal of the earnest money.

E.  Notices under this Paragraph 18 must be sent by certified mail, return receipt requested. Notices to the title company are effective upon receipt by the title company.

F.  Any party who wrongfully fails or refuses to sign a release acceptable to the title company within 7 days after receipt of the request will be liable to the other party for: (i) damages; (ii) the earnest money; (iii) reasonable attorney's fees; and (iv) all costs of suit.

G.  ☐ Seller ☐ Buyer intend(s) to complete this transaction as a part of an exchange of like-kind properties in accordance with Section 1031 of the Internal Revenue Code, as amended. All expenses in connection with the contemplated exchange will be paid by the exchanging party. The other party will not incur any expense or liability with respect to the exchange. The parties agree to cooperate fully and in good faith to arrange and consummate the exchange so as to comply to the maximum extent feasible with the provisions of Section 1031 of the Internal Revenue Code. The other provisions of this contract will not be affected in the event the contemplated exchange fails to occur.

**19. MATERIAL FACTS:** To the best of Seller's knowledge and belief: *(Check only one box.)*

☒  A.  Seller is not aware of any material defects to the Property except as stated in the attached Commercial Property Condition Statement (TXR-1408).

☐  B.  Except as otherwise provided in this contract, Seller is not aware of:
(1) any subsurface: structures, pits, waste, springs, or improvements;
(2) any pending or threatened litigation, condemnation, or assessment affecting the Property;
(3) any environmental hazards or conditions that materially affect the Property;
(4) whether the Property is or has been used for the storage or disposal of hazardous materials or toxic waste, a dump site or landfill, or any underground tanks or containers;
(5) whether radon, asbestos containing materials, urea-formaldehyde foam insulation, lead-based paint, toxic mold (to the extent that it adversely affects the health of ordinary occupants), or other pollutants or contaminants of any nature now exist or ever existed on the Property;
(6) any wetlands, as defined by federal or state law or regulation, on the Property;
(7) any threatened or endangered species or their habitat on the Property;
(8) any present or past infestation of wood-destroying insects in the Property's improvements;
(9) any contemplated material changes to the Property or surrounding area that would materially and detrimentally affect the ordinary use of the Property;

(TXR-1801) 07-08-22          Initialed for Identification by Seller _____, _____ and Buyer  *JW*  , _____          Page 11 of 15

Authentisign ID: E45F05D7-3D51-EF11-86C3-0022482708E1

Commercial Contract - Improved Property concerning  **8052,8056,8058,8062,8066,8078,8090 Westheimer Rd Houston Tx 77063**

(10) any material physical defects in the improvements on the Property; or
(11) any condition on the Property that violates any law or ordinance.

*(Describe any exceptions to (1)-(11) in Paragraph 12 or an addendum.)*

**20. NOTICES:** All notices between the parties under this contract must be in writing and are effective when hand-delivered, mailed by certified mail return receipt requested, sent by a national or regional overnight delivery service that provides a delivery receipt, or sent by confirmed facsimile transmission to the parties addresses or facsimile numbers stated in Paragraph 1. The parties will send copies of any notices to the broker representing the party to whom the notices are sent.

☒ A. Seller also consents to receive any notices by e-mail at Seller's e-mail address stated in Paragraph 1.
☒ B. Buyer also consents to receive any notices by e-mail at Buyer's e-mail address stated in Paragraph 1.

**21. DISPUTE RESOLUTION:** The parties agree to negotiate in good faith in an effort to resolve any dispute related to this contract that may arise. If the dispute cannot be resolved by negotiation, the parties will submit the dispute to mediation before resorting to arbitration or litigation and will equally share the costs of a mutually acceptable mediator. This paragraph survives termination of this contract. This paragraph does not preclude a party from seeking equitable relief from a court of competent jurisdiction.

**22. AGREEMENT OF THE PARTIES:**

A. This contract is binding on the parties, their heirs, executors, representatives, successors, and permitted assigns. This contract is to be construed in accordance with the laws of the State of Texas. If any term or condition of this contract shall be held to be invalid or unenforceable, the remainder of this contract shall not be affected thereby. All individuals signing represent that they have the authority to sign on behalf of and bind the party for whom they are signing.

B. This contract contains the entire agreement of the parties and may not be changed except in writing.

C. If this contract is executed in a number of identical counterparts, each counterpart is an original and all counterparts, collectively, constitute one agreement.

D. Addenda which are part of this contract are: *(Check all that apply.)*
☒ (1)  Property Description Exhibit identified in Paragraph 2;
☐ (2)  Commercial Contract Condominium Addendum (TXR-1930) or (TXR-1946);
☒ (3)  Commercial Contract Financing Addendum (TXR-1931);
☒ (4)  Commercial Property Condition Statement (TXR-1408);
☐ (5)  Commercial Contract Addendum for Special Provisions (TXR-1940);
☐ (6)  Addendum for Seller's Disclosure of Information on Lead-Based Paint and Lead-Based Paint Hazards (TXR-1906);
☐ (7)  Notice to Purchaser of Real Property in a Water District (MUD);
☐ (8)  Addendum for Coastal Area Property (TXR-1915);
☐ (9)  Addendum for Property Located Seaward of the Gulf Intracoastal Waterway (TXR-1916);
☒ (10) Information About Brokerage Services (TXR-2501);
☐ (11) Information About Mineral Clauses in Contract Forms (TXR-2509);
☐ (12) Notice of Obligation to Pay Improvement District Assessment (TXR-1955, PID);
☐ (13) _____
        _____.

*(Note: Counsel for Texas REALTORS® has determined that any of the foregoing addenda which are promulgated by the Texas Real Estate Commission (TREC) or published by Texas REALTORS® are appropriate for use with this form.)*

American SMS Real Estate, 6918 Corporate Dr. STE A-13 Houston TX 77036        Phone: 2817023366        Fax: 8662532705        Wang Jimin
Polo Sun        Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201  www.lwolf.com

Authentisign ID: E45F05D7-3D51-EF11-86C3-0022482708E1

Commercial Contract - Improved Property concerning    **8052,8056,8058,8062,8066,8078,8090 Westheimer Rd Houston Tx 77063**

E. Buyer ☒ may ☐ may not assign this contract. If Buyer assigns this contract, Buyer will be relieved of any future liability under this contract only if the assignee assumes, in writing, all of Buyer's obligations under this contract.

**23. TIME:** Time is of the essence in this contract. The parties require strict compliance with the times for performance. If the last day to perform under a provision of this contract falls on a Saturday, Sunday, or Federal Reserve Bank holiday, the time for performance is extended until the end of the next day which is not a Saturday, Sunday, or Federal Reserve Bank holiday.

**24. EFFECTIVE DATE:** The effective date of this contract for the purpose of performance of all obligations is the date the title company receipts this contract after all parties execute this contract.

**25. ADDITIONAL NOTICES:**

A. Buyer should have an abstract covering the Property examined by an attorney of Buyer's selection, or Buyer should be furnished with or obtain a title policy.

B. If the Property is situated in a utility or other statutorily created district providing water, sewer, drainage, or flood control facilities and services, Chapter 49, Texas Water Code, requires Seller to deliver and Buyer to sign the statutory notice relating to the tax rate, bonded indebtedness, or standby fees of the district before final execution of this contract.

C. Notice Required by §13.257, Water Code: "The real property, described below, that you are about to purchase may be located in a certificated water or sewer service area, which is authorized by law to provide water or sewer service to the properties in the certificated area. If your property is located in a certificated area there may be special costs or charges that you will be required to pay before you can receive water or sewer service. There may be a period required to construct lines or other facilities necessary to provide water or sewer service to your property. You are advised to determine if the property is in a certificated area and contact the utility service provider to determine the cost that you will be required to pay and the period, if any, that is required to provide water or sewer service to your property. The undersigned purchaser hereby acknowledges receipt of the foregoing notice at or before the execution of a binding contract for the purchase of the real property described in the notice or at closing of purchase of the real property." The real property is described in Paragraph 2 of this contract.

D. If the Property adjoins or shares a common boundary with the tidally influenced submerged lands of the state, §33.135, Texas Natural Resources Code, requires a notice regarding coastal area property to be included as part of this contract *(the Addendum for Coastal Area Property (TXR-1915) may be used)*.

E. If the Property is located seaward of the Gulf Intracoastal Waterway, §61.025, Texas Natural Resources Code, requires a notice regarding the seaward location of the Property to be included as part of this contract *(the Addendum for Property Located Seaward of the Gulf Intracoastal Waterway (TXR-1916) may be used)*.

F. If the Property is located outside the limits of a municipality, the Property may now or later be included in the extra-territorial jurisdiction (ETJ) of a municipality and may now or later be subject to annexation by the municipality. Each municipality maintains a map that depicts its boundaries and ETJ. To determine if the Property is located within a municipality's ETJ, Buyer should contact all municipalities located in the general proximity of the Property for further information.

G. If apartments or other residential units are on the Property and the units were built before 1978, federal law requires a lead-based paint and hazard disclosure statement to be made part of this contract *(the Addendum for Seller's Disclosure of Information on Lead-Based Paint and Lead-Based Paint Hazards (TXR-1906) may be used)*.

Commercial Contract - Improved Property concerning    **8052,8056,8058,8062,8066,8078,8090 Westheimer Rd Houston Tx 77063**

H. Section 1958.154, Occupations Code requires Seller to provide Buyer a copy of any mold remediation certificate issued for the Property during the 5 years preceding the date the Seller sells the Property.

I. Brokers are not qualified to perform property inspections, surveys, engineering studies, environmental assessments, or inspections to determine compliance with zoning, governmental regulations, or laws. Buyer should seek experts to perform such services. Buyer should review local building codes, ordinances and other applicable laws to determine their effect on the Property. Selection of experts, inspectors, and repairmen is the responsibility of Buyer and not the brokers. Brokers are not qualified to determine the credit worthiness of the parties. NOTICE OF WATER LEVEL FLUCTUATIONS: If the Property adjoins an impoundment of water, including a reservoir or lake, constructed and maintained under Chapter 11, Water Code, that has a storage capacity of at least 5,000 acre-feet at the impoundment's normal operating level, Seller hereby notifies Buyer: "The water level of the impoundment of water adjoining the Property fluctuates for various reasons, including as a result of: (1) an entity lawfully exercising its right to use the water stored in the impoundment; or (2) drought or flood conditions."

J. PUBLIC IMPROVEMENT DISTRICTS: If the Property is in a public improvement district, Seller is required by §5.014, Property Code to give Buyer a written notice concerning the obligation to pay assessments. The form of the required notice is available as a part of the Notice of Obligation to Pay Improvement District Assessment (TXR-1955).

K. LICENSE HOLDER DISCLOSURE: Texas law requires a real estate license holder who is a party to a transaction or acting on behalf of a spouse, parent, child, business entity in which the license holder owns more than 10%, or a trust for which the license holder acts as a trustee or of which the license holder or the license holder's spouse, parent or child is a beneficiary, to notify the other party in writing before entering into a contract of sale. Disclose if applicable: _____ .

26. **CONTRACT AS OFFER:** The execution of this contract by the first party constitutes an offer to buy or sell the Property. Unless the other party accepts the offer by 5:00 p.m., in the time zone in which the Property is located, on _____ , the offer will lapse and become null and void.

> **READ THIS CONTRACT CAREFULLY. The brokers and agents make no representation or recommendation as to the legal sufficiency, legal effect, or tax consequences of this document or transaction. CONSULT your attorney BEFORE signing.**

Seller:  **Texas REIT LLC**_____     Buyer:**Jimin Wang**_____

_____     _____

By: _____     By: _____
    By (signature): _____         By (signature): *Jimin Wang*____ 08/03/2024
    Printed Name: _____          Printed Name: _____
    Title: _____          Title: _____

By: _____     By: _____
    By (signature): _____         By (signature): _____
    Printed Name: _____          Printed Name: _____
    Title: _____          Title: _____

(TXR-1801) 07-08-22                                               Page 14 of 15

Authentisign ID: E45F05D7-3D51-EF11-86C3-0022482708E1

Commercial Contract - Improved Property concerning    **8052,8056,8058,8062,8066,8078,8090 Westheimer Rd Houston Tx 77063**

## AGREEMENT BETWEEN BROKERS
*(use only if Paragraph 9B(1) is effective)*

Principal Broker agrees to pay _____ (Cooperating Broker) a fee when the Principal Broker's fee is received. The fee to be paid to Cooperating Broker will be:

- ☐ $ _____ , or
- ☐ _____ % of the sales price, or
- ☐ _____ % of the Principal Broker's fee.

The title company is authorized and directed to pay Cooperating Broker from Principal Broker's fee at closing. This Agreement Between Brokers supersedes any prior offers and agreements for compensation between brokers.

Principal Broker: _____     Cooperating Broker: _____

_____     _____

By: _____     By: _____

## ATTORNEYS

Seller's attorney: _____     Buyer's attorney: _____

_____     _____

Address: _____     Address: _____

_____     _____

Phone & Fax: _____     Phone & Fax: _____

E-mail: _____     E-mail: _____

Seller's attorney requests copies of documents, notices, and other information:
- ☐ the title company sends to Seller.
- ☐ Buyer sends to Seller.

Buyer's attorney requests copies of documents, notices, and other information:
- ☐ the title company sends to Buyer.
- ☐ Seller sends to Buyer.

## ESCROW RECEIPT

The title company acknowledges receipt of:
- ☐ A.  the contract on this day _____ (effective date);
- ☐ B.  earnest money in the amount of $ _____ in the form of _____ on _____ .

Title company: _____     Address: _____

_____

By: _____     Phone & Fax: _____

Assigned file number (GF#): _____     E-mail: _____

American SMS Real Estate, 6918 Corporate Dr. STE A-13 Houston TX 77036          Phone: 2817023366          Fax: 8662532705          Wang Jimin
Polo Sun                                    Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX  75201  www.lwolf.com