**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: October 07, 2024.**



_____
**SHAD M. ROBINSON**
**UNITED STATES BANKRUPTCY JUDGE**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| TEXAS REIT, LLC, | § § | CASE NO. 24-10120 |
| DEBTOR. | § § | CHAPTER 11 |

### ORDER ON MOTION FOR PROTECTION FROM DISCOVERY (ECF NO. 226) AND MOTION FOR ADEQUATE PROTECTION FROM DISCOVERY (ECF NO. 298)

On August 12, 2024, Creditors Osama Abdullatif, Omar Khawaja, and John Quinlan (the "Creditors") filed their *Motion for Protection from Discovery* (the "First Motion for Protection," at ECF No. 226) requesting protection of the Creditors from further depositions or subpoenas in the contested matter related to proof of claims 9-1 and 9-2.

On September 24, 2024, the Creditors filed their *Motion for Adequate Protection* (the "Second Motion for Protection," at ECF No. 298) requesting protection of the Creditors from further depositions or subpoenas in the contested matter related to proof of claims 9-1 and 9-2.

On September 30, 2024, Debtor Texas REIT, LLC, (the "Debtor") filed its *Motion to Expedite Hearing on Motion for Protection* (the "Motion to Expedite," at ECF No. 300) requesting the Court resolve the Second Motion for Protection prior to a scheduled hearing on October 7, 2024. That same day, the Court granted the Motion to Expedite and set the Second Motion for Protection for hearing on October 1, 2024 (ECF No. 302).

The Court held a hearing and considered the Second Motion for Protection on October 1, 2024. The Court orally granted the Second Motion for Protection on a limited basis to the extent that depositions would be allowed to proceed/conclude, however, the Court denied permission of any other parties besides the Debtor to examine the Creditors because no other party had filed an objection to the claims 9-1 and 9-2, the interests of the other parties were adequately protected at this time by the Debtor conducting the examinations, and one or more of the other parties had engaged in abusive and harassing questioning and asserted allegations that were outside the scope of the examination including a suggestion that a United States Bankruptcy Judge was being paid by the Creditors.[1] The Court further ordered that the scope of the depositions would be limited as directed by the Court. Based on the foregoing,

**IT IS HEREBY ORDERED** that Osama Abdullatif is directed, ordered, and compelled, to appear live, in-person in Houston, Texas on Friday, October 18, 2024, to testify under oath in an examination commencing at 10:00 am central standard time at the offices of Hoover Slovacek, LLP, 5051 Westheimer, Suite 1200, Houston, Texas 77056. The scope of the examination shall be limited to the judgments referenced in the proof of claims filed at 9-1, 9-2, the reason that Osama Abdullatif asserts that Texas REIT, LLC is liable for the judgments referenced in the proof of

---

[1] This Court is expressly reserving the right to impose sanctions on Mr. Ali Choudhri (aka "Ali Chaudhri") related to these questions and allegations, after further notice and hearing.

claims, and the reason for the withdrawal of the proof claim. The examination shall not exceed three (3) hours. No other person or entity other than the Debtor's counsel, Mr. Steven Sather, or counsel for the witness shall be permitted to appear and ask questions.

**IT IS FURTHER ORDERED** that John Quinlan is directed, ordered, and compelled, to appear live, in-person in Houston, Texas on Friday, October 18, 2024, to testify under oath in an examination commencing at 1:30 pm central standard time at the offices of Hoover Slovacek, LLP, 5051 Westheimer, Suite 1200, Houston, Texas 77056. The scope of the examination shall be limited to the judgments referenced in the proof of claims filed at 9-1, 9-2, the reason that John Quinlan asserts that Texas REIT, LLC is liable for the judgments referenced in the proof of claims, and the reason for the withdrawal of the proof claim. The examination shall not exceed three (3) hours. No other person or entity other than the Debtor's counsel, Mr. Steven Sather, or counsel for the witness shall be permitted to appear and ask questions.

**IT IS HEREBY FURTHER ORDERED** that service of this Order on Steven A. Leyh and T. Michael Ballases shall constitute service of the notice of such deposition on Osama Abdullatif and John Quinlan.

**IT IS HEREBY FURTHER ORDERED** that in the event the Creditors and/or the Debtor fail to timely and fully comply with the terms of this Order, the Court may impose sanctions (including without limitation monetary sanctions) absent extraordinary circumstances.

**IT IS HEREBY FURTHER ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # #