IN THE UNITED STATES BANKRUPTCY COURT FOR
THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 24-10120-smr |
| TEXAS REIT, LLC | § | |
| | § | |
| Debtor. | § | CHAPTER 11 |
| | § | |

## MOTION TO COMPEL

COMES NOW, Dalio Holdings I, LLC and Dalio Holdings II, LLC ("Dalio") a creditor of this Chapter 11 and files this Motion to Compel the deposition of Omar Khawaja, John Quinlan and Abdullatif, ("Claimants") and would respectfully show the court as follows:

**Background**

1. On August 13, 2024, the Court ordered that the Debtor and any creditors who cross notice the depositions, could take the Depositions of Omar Khawaja, Osama Abdullatif and John Quinlan. Dalio filed a cross notice for the depositions of all three which were to take place on September 11, 2024. It is noted that all three of those Claimants were only made available to Debtor and Dalio on September 11, 2024. Certainly not sufficient time to take all three depositions. On Wednesday, September 11, 2024, Omar Khawaja appeared for his deposition. However, before the deposition started Mr. Khawaja's attorney began objecting to the cross notices filed by Dalio and announced that those creditors would not be permitted to depose Mr. Khawaja. Mr. Khawaja's deposition did not begin at the designated time and was constantly interrupted by speaking objections of his lawyer. During the Debtor's examination of Mr. Khawaja, his lawyer instructed him not to answer questions which were directly relevant to Mr. Khawaja's basis and motivation for filing his proof of claim. When Creditors who cross noticed the depositions tried to begin their portion of the deposition, Mr. Khawaja's counsel objected and created a delay of over an hour. Mr. Khawaja's

1

counsel finally acknowledged that his objections to the cross notices were specious, and the deposition continued. Before his deposition was concluded, Mr. Khawaja had to leave the deposition because of a family emergency. Counsel for Dalio had less than 10 questions for Mr. Khawaja on redirect, many of which related to his refusal to answer questions on the evidence supporting his claim. After Mr., Khawaja left, the Debtor began deposing Mr. Abdullatif. Mr. Abdullatif's deposition was not concluded because his attorney had a hard stop at 4:30p.m. Dalio was not able to depose Mr. Abdullatif or Mr. Quinlan at all. Debtor, and other creditors have tried to communicate with Mr. Khawaja's, Mr. Abdullatif's and Mr. Quinlan's counsel for suitable dates to continue their depositions but to no avail. Instead, the Claimants filed a motion for protection, which misrepresented the status and the substance of the depositions. Dalio files this motion asking the Court to sign an order compelling the appearance of Mr. Khawaja and Mr. Abdullatif to finish their depositions, and for Mr. Quinlan to appear for his within the next few weeks.

2. As stated above, Creditors' counsel made excessive and baseless objections, made speaking objections in order to coach his witnesses, throughout the September 11, 2024, depositions. Counsel instructed his clients not to answer questions in multiple key points throughout the deposition including:

a. Refusing to let creditors who crossed-noticed to ask questions, wasting over 45 minutes of deposition time.

> **Ali Choudhri:** But wait a second, I want to get this on the record. Mr. Ballasses, I am here, and I have a standing to object, okay, and so I have standing to be here. So, are you telling me on the record that you are not going to cooperate and allow me to ask questions on a deposition that I've cross noticed?

> **Michael Ballasses:** That is correct. You have no party. You have your not a party that is proceeding. You have no standing. Also objected to your cross notice, so better bet your bottom dollar.

2

> **Ali Choudhri:** Okay, besides betting my bottom dollar, Mr. Ballasses says, you understand that Honorable Judge Robinson made a ruling your way,
>
> **Michael Ballasses:** Your wasting time talking about the judges ruling. Why don't you let your council ask the last question?
>
> **Ali Choudhri:** No, no, I'm here representing myself pro se as a creditor. I have filed a proof of claim. I'm a creditor. I have standing. Are you saying on the record that you are going to instruct your client not to answer any of my questions? I just want to get this on the record so it's clear. Are you instructing your client not to answer any questions, and is your client going to take your advice?
>
> **Michael Ballasses:** Yeah, so the way this proceeding works, there's a court reporter who writes down everything we say. I've made clear in my speech and what I say to my objection. If you're confused, you can ask the court reporter to read it back, or you can just take better notes each time let your counsel ask questions.

b. Refusing to let his client, Omar Khawaja, answer when and if he ever met Chris Wyatt, a convicted felon and known thief. As a matter of background, it is undisputed that Mr. Wyatt, who was employed as a paralegal, downloaded the entirety of the information contained on the computer system of Jetall and other companies onto an external hard drive. Mr. Wyatt has not returned the hard drive and has refused to disclose with whom he has shared the contents of the information he stole. Mr. Wyatt has admitted to his theft:

> **Ali Choudhri**: answer that question has Wyatt ever given you any documents? No, Mr. Chris Wyatt has never given you any documents. That's a true statement.
>
> **Omar Khawaja:** I cannot discuss anything pertaining to Chris Wyatt because of attorney client privilege. So we're not talking about Chris Wyatt.
>
> 25   Q   (BY MR. ALEXANDER):   ==Mr. Wyatt, did you take==

3

```
 1  the hard drive from Mr. Choudhri's business Jetall?
 2              MR. TANG:    Objection.    Relevance, Your
 3  Honor.
 4              THE COURT:    Overruled.
 5      A    I took documents from Jetall in order to
 6  determine whether I had an obligation to report to
 7  the United States attorney's office and the
 8  Department of Justice related to things going on
 9  there.   Yes.
10      Q    (BY MR. ALEXANDER):    Did you take documents,
11  or did you take the hard drive?
12      A    The hard drive.
13      Q    And what was -- was the hard drive, like,
14  every document that they had?
15      A    I don't know.
16      Q    And when did you take the hard drive?
17      A    When I left.
18      Q    When you left -- what date was that?
19      A    It was October -- maybe around the 18th,
20  something like that.
```

```
12  Ocwen Loan Servicing and myself.
13      Q    And what did you agree to do or not do in
14  this permanent injunction?    Do you remember?
15      A    I can't recall exactly what it was, but --
16      Q    All right.    Let me look at the last
17  paragraph here before the footnote.    It says:
18  Therefore, ordered, adjudged, and decreed that Wyatt
19  received and as of the filing of this lawsuit had in
20  his possession certain confidential agreements and
21  procedures from an internal source at O-C-W-E-N,
22  confidential documents.    Do you see that?
```

4

c. Refusing to let Mr. Khawaja answer if Mr. Khawaja has ever paid Wayne Dolcefino any sum of money. As a matter of background, Mr. Khawaja has admitted that one of the few bases of the filing of his alter ego adversary case, which was used by him as a reason to file his proof of claim, are videos posted on Mr. Dolcefino's for profit website.

> **Ali Choudhri:** Mr. Khawaja, just so the record is clear, you have not ever, in any way, shape or form, paid wayne dolcefino, any amount of money or consideration?
>
> **Omar Khawaja:** I'm not answering that question.
>
> **Michael Ballasses:** or instruct the client not to answer because it is oppressive and harassing. Has nothing to do with the limited scope of the deposition, and he's already answered it. Move along.

d. Refusing to permit, Mr. Khawaja from testifying if he is familiar with a person known as George Lee

> **Steve Sather:** so let me just ask you, by way of background, do you know George Lee
>
> **Michael Ballasses:** objection Form, same instruction
>
> **Steve Sather:** Are you refusing to answer whether you know George Lee
>
> **Michael Ballasses:** objection of form, same objection. This has nothing to do with our claim. And you are exceeding the order of judge Robinson

e. Refusing to allow Mr. Khawaja from testifying about the basis of his filing or assisting of the filing of numerous lis pendens on or with Hira Azhar is and if Khawaja helped file lis pendens on properties in relation to Texas REIT.

> **Ali Choudhri:** Are you aware of any lis pendens' filed by Hira Azhar against the debtor's property?
>
> **Michael Ballasses:** Objection, same objections, same assertions and privilege, same instruction not to answer. This has nothing to do with the proof of claim in this matter or the reason for withdrawal.

5

**Arguments & Authority**

3. The Court has permitted the depositions of Omar Khawaja, Osama Abdullatif, and John Quinlan to provide testimony related to their motivations and basis for filing their proof of claim in this case. It is undisputed that the exhibits to the proof of claim are an alter ego adversary complaint filed in a separate bankruptcy case and lis pendens filed on properties not owned by the Debtor or any of the judgment debtors. In the aborted deposition of Mr. Khawaja, he admitted that he conducted little if any due diligence before filing the adversary complaint and knew that the lis pendens were not filed on property owned by the Debtor or by any of the judgment debtors. Mr. Khawaja also admitted that his alter ego adversary complaint is based on three judgments that are not related to this Debtor, have nothing to do with the filing of Debtor's bankruptcy, had no findings of any fraudulent transfers or any other basis to lead one to filing an alter ego complaint. In short, between the answers he did provide and undisputed facts of the filing of the proof of claim, the deposition of Mr. Khawaja was zeroing in on the fact that Mr. Khawaja's, Mr. Abullatif's and Mr. Quinlan's proof of claim was fraudulent. Concluding these depositions will permit the Debtor, and those creditors that file cross notices, the evidence they need to show to the Court that the Proof of Claim filed in this case by these three individuals was fraudulent and requires further action by this Court. Accordingly, Dalio requests the Court order Mr. Khawaja, Mr. Abdullatif and Mr. Quinlan to appear and answer questions no later than November 15, 2024.

**Prayer**

For these reasons, Dalio respectfully requests the Court grant this Motion and enter an order compelling Osama Abdullatif, John Quinlan Osama Abdullatif to complete their depositions no later than November 15,2024, and for such other relief to which Dalio may show itself justly entitled.

Respectfully submitted,

**SHACKELFORD, MCKINLEY & NORTON, LLP**

By: *Joseph F. Colvin, Jr.*
    **Lori A. Hood** (*Admission Pending*)
    State Bar No. 09943430
    **Joseph F. Colvin, Jr.**
    State Bar No. 24072777
    717 Texas Avenue | 27th Floor
    Houston, Texas 77002
    Phone: (832) 415-1771
    Fax: (832) 565-9030
    jcolvin@shackelford.law
    lhood@shackelford.law

**ATTORNEYS FOR DALIO HOLDINGS I, LLC AND DALIO HOLDINGS II, LLC**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served upon all counsel of record via the ECF Filing System pursuant to the Federal Rules of Civil Procedure on October 21, 2024.

*/s/ Joseph F. Colvin, Jr.*