IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 24-10120-smr |
| TEXAS REIT, LLC | § | |
| | § | |
| Debtor. | § | CHAPTER 11 |
| | § | |

**RESPONSE TO DALIO HOLDINGS I, LLC AND DALIO HOLDINGS II, LLC'S MOTION TO RECONSIDER ORDER, MOTION TO COMPEL AND ALI CHOUDHRI'S MOTION TO VACATE ORDER [Doc. No. 329, 330 and 344]**

TO THE HONORABLE U.S. BANKRUPTCY JUDGE, SHAD ROBINSON:

COME NOW, John Quinlan, Omar Khawaja, and Osama Abdullatif ("Respondents"), and respond to Dalio Holdings I, LLC and Dalio Holdings II, LLC's Motion to Reconsider the Court's Order Granting Protection and Motion to Compel and Ali Choudhri's Motion to Vacate the Order, [Doc. No. 329, 330 and 344].

**Summary of Argument**

1. Dalio Holdings I, LLC and Dalio Holdings II, LLC ("Dalio" collectively) seek the Court to vacate its previous Order protecting Respondents from abusive depositions by limiting in scope the depositions taken of Respondents to the judgments referenced in the proof of claims, the reason that Respondents asserts that Texas REIT, LLC is liable for the judgments referenced in the proof of claims, and the reason for the withdrawal of the proof claim.

2. The examinations were further limited to three (3) hours each. The Order further stated that no other person or entity other than the Debtor's counsel, Mr. Steven Sather, or counsel for the witness shall be permitted to appear and ask questions. [Doc. No. 315].[1] Dalio, an entity

---

[1] On September 11, 2024, Texas REIT, LLC, through Steve Sather, took the deposition of Omar Khawaja in Case No. 24-10120-smr, In re Texas REIT, LLC, in the United States Bankruptcy Court for Western District of Texas, Austin Division. Lori Hood appeared at the deposition for Dalio Holdings I, LLC and Dalio Holdings II, LLC.

that was specifically prohibited from appearing and asking questions, moves for the Court to vacate its previous Order to permit Dalio to question the witnesses and to remove any limitations on the subject matter. Dalio does so without stating any good cause for vacating the order.

3. Further, Dalio had the opportunity to depose Respondents on October 3rd and 4th in the Courthouse in the HREP Adversary, in Houston, Texas, <u>in unlimited depositions</u>.[2] Omar Khawaja was available for seven (7) hours. If Dalio did not take the opportunity to depose the Respondents, then it was their loss.

4. In the HREP Adversary, Dalio appeared by and through its counsel, James Pope. On September 24, 2024, Jetall Companies, Inc., by and through James Pope, noticed Respondents' depositions. The Respondents unlimited depositions occurred on October 3rd and 4th, in the Courthouse, in Houston, Texas, in the HREP adversary. James Pope conducted those depositions. Mr. Pope also received notice of those depositions on behalf of Dalio. [Doc. No. 198, 200].

## Background Facts
### (Texas REIT Bankruptcy)

5. John Quinlan, Omar Khawaja, and Osama Abdullatif filed a Contingent Unsecured Claim in this case on June 24, 20-24. *See* Claim 9.

6. On June 25, 2024, the Debtor filed an Objection to the Claim [Doc. No.165].

7. The Debtor has not filed any other objections to claims.

8. The Objection was set for hearing on August 15, 2024.

---

Dwayne Mason, also appeared at the depositions as prospective counsel for Dalio Holdings I, LLC and Dalio Holdings II, LLC. Texas REIT, LLC also deposed Osama Abdullatif that same day. Texas REIT, LLC continued its depositions of Osama Khawaja and John Quinlan on October 18, 2024.

[2] Adversary Proceeding styled Adversary No. 23-03141; *John Quinlan, Omar Khawaja, and Osama Abdullatif v. Houston Real Estate Properties, LLC, et al*; pending in Judge Jeffrey P. Norman's court in the United States Bankruptcy Court for the Southern District of Texas, Houston Division ("HREP Adversary")

9.  On August 8, 2024, Texas REIT noticed the depositions of Omar Khawaja for August 12, 2024, and Osama Abdullatif for August 13, 2024. John Quinlan's deposition was noticed on August 9, 2024 for August 14, 2024.[3] [Doc. No. 217-219]. On September 9, 2024, Texas REIT noticed those depositions again. [Doc. No. 271, 272 and 275].

10. On September 11, 2024, Debtor took the deposition of Omar Khawaja and Osama Abdullatif. Initially, counsel for Respondents objected to questions by Dalio's counsel and subsequently, allowed it. Omar Khawaja was questioned for four (4) hours and Osama Abdullatif for one (1) hour.

11. On October 7, 2024, this Court signed an Order Granting Protection to Quinlan, Abdullatif and Khawaja. [Doc. No. 315].

**(HREP Bankruptcy Case)**

12. On or about September 24, 2024, Khawaja, Quinlan and Abdullatif were noticed for depositions in the Adversary Proceeding styled Adversary No. 23-03141; *John Quinlan, Omar Khawaja, and Osama Abdullatif v. Houston Real Estate Properties, LLC, et al*; pending in Judge Jeffrey P. Norman's court in the United States Bankruptcy Court for the Southern District of Texas, Houston Division ("HREP Adversary"). Those depositions occurred on October 3, 2024 and October 4, 2024 at the Courthouse.

13. Dalio are also Defendants in the HREP Adversary and are represented by James Pope. All parties, including Dalio received notices regarding those depositions.

14. On or about, October 3, 2024, Judge Norman in the HREP Adversary heard the parties concerns regarding discovery disputes and allowed James Pope to conduct the depositions

---

[3] See **Exhibits 1 and 2.**

on October 3, 2024, and October 4, 2024, at the Courthouse. James Pope represents multiple parties in the HREP Adversary, including Dalio and attended those depositions.

**Arguments and Authorities**

15. On October 7, 2024, this Court used its discretionary powers to protect Respondents from invasive discovery. There is no reason to overturn the Order. First, Respondents noticed their intent to withdraw their Claim. Second, the Debtor deposed Respondents in this case. Third and most importantly, Dalio had the opportunity to depose Respondents in unlimited depositions, in the HREP Bankruptcy. In fact, Dalio's counsel was present at the depositions in the Courthouse on October 3rd and 4th 2024. There is no "good cause" to reopen the depositions as Movants' Counsel had an ample opportunity to depose the Respondents.[4] Additionally, Dalio has failed to show good cause as to why the Order limiting the depositions should be vacated and Dalio should be permitted an unlimited deposition in this proceeding.

16. A court has discretion to protect a party from discovery with a protective order. BR 7026 and FRCP 26(c). FRCP 26(c) also provides: "The court may for good cause, issue and order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense…" *See In re Terra Int'l Inc.,* 134 F.3d 302, 206 (5th Cir. 1998) (per curiam).

17. Courts find "Good Cause" exists when the disclosure will result in a clearly defined and serious injury to the party seeking the protection order. *Pansy [v. Borough of Stroudsburg]* 23 F3d [772,] 786 [3d Cir. 1997]. The court in *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483

---

[4] It is noteworthy that in the present case it is not sufficiently clear which counsel is appearing for Dalio Holdings I, LLC and Dalio Holdings II, LLC. On October 4, 2024, William Choslovsky filed a Notice of Appearance [Doc. No.312]. Yet, John Colvin filed the Motion for Reconsideration. [Doc. No. 324]. Which begs the question "Which attorney represents Dalio Holdings I, LLC and Dalio Holdings II, LLC?"

(3rd Cir. 1995) set out factors that it described as "neither mandatory nor exhaustive," that could be considered in determining whether "good cause" exists for granting a protective order. One of the factors was whether the information is being sought for a legitimate purpose or for an improper purpose. In this situation, it is the latter, for an improper purpose.

18. Further, FRCP 26 (b) (2) states that "the court limit discovery where "the party seeking discovery has had ample opportunity . . . to obtain the information sought," *Export-Import Bank of the United States v. Asia Pulp & Paper Co., Ltd.*, 232 F.R.D. 103, 111 (S.D.N.Y. 2005). In that case, the Court was not persuaded to re-open the deposition of an employee as the movant had sufficient time previously. *Id.,* at 111. FRCP 26(b)(2)'s purpose is "to guard against redundant or disproportionate discovery." *Benson v. Giordano*, 2007 U.S. Dist. LEXIS 61144, 2007 WL 2355783, at *2-3 (D.S.D. August 17, 2007) (citing Fed. R. Civ. P. 30 advisory committee's notes, 1983 amendments).

19. Respondents have already been deposed by Dalio. They do not merit a second attempt. Movants' Motion for Reconsideration appears to seek to depose Respondents again. However, the request failed to invoke relief under FRCP 30 (a) (2) (B). Movants also did not set forth a "good cause" for which to reopen the depositions.

20. By and through filing the Notice of the Claim Withdrawal, Respondents demonstrated they do not wish to pursue a claim against this Debtor. Therefore, there is no "Contested Matter". The improper purpose is to harass the deponents and cause them to incur unnecessary attorney's fees. Additionally, the principal of the Debtor, Ali Choudhri, who also owns Dalio Holdings I, LLC and Dalio Holdings II, LLC[5] hopes to learn something that might

---

[5] *See Debtor's Amended Disclosure Statement,* p. 7 [Doc. No. 247]

help him in the HREP Adversary. Ali Choudhri already had his chance for depositions in the HREP case.

21. Lastly, *Dalio's Motion Compel* focuses on Respondents not answering certain questions. For example, Ali Choudhri questioned Omar Khawaja about Chris Wyatt. Omar Khawaja responded that he could not answer questions about Chris Wyatt due to attorney-client privilege, as Omar Khawaja is Chris Wyatt's counsel. Omar Khawaja does not have to answer questions about his client.

22. Dalio also harps on the fact that Respondents will not answer questions regarding George Lee. Any relationship between Respondents and George Lee is not relevant to the Proof of Claim. The filed Proof of Claim contains the Complaint and the underlying judgments upon which Respondents answered questions and provided information. Questions proposed by Ali Choudhri regarding Chris Wyatt and George Lee are not relevant to the Proof of Claim filed by Respondents.

WHEREFORE, the foregoing considered John Quinlan, Omar Khawaja, and Osama Abdullatif pray that the Court will stand on its previous Order and for such other relief to which they may be entitled.

Dated: November 15, 2024

Respectfully submitted,

**HOOVER SLOVACEK, LLP**

By: */s/ Steven A. Leyh*
    Steven A. Leyh
    State Bar No. 12318300
    leyh@hooverslovacek.com
    T. Michael Ballases
    State Bar NO. 24036179
    ballases@hooverslovacek.com
    Brice B. Beale
    State Bar No. 24031855
    beale@hooverslovacek.com
    Galleria Tower II
    5051 Westheimer, Suite 1200
    Houston, Texas 77056
    Telephone: (713) 977-8686
    Facsimile: (713) 977-5395

**ATTORNEYS FOR JOHN QUINLAN, OMAR KHAWAJA, AND OSAMA ABDULLATIF**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing Response was served upon the parties listed on Debtor's Mailing Matrix by United States Mail, First Class, Postage Prepaid, and/or by Electronic means for all Pacer system participants on November 15, 2024.

Stephen W. Sather
Barron & Newburger, PC
7320 N. MoPac Expy, Suite 400
Austin, Texas 78731
Email: ssather@bn-lawyers.com
**Attorney for Texas Reit, LLC**

                                          */s/ Steven A. Leyh*
                                          Steven A. Leyh