IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| Texas REIT LLC | § § | Case No. 24-10120 (SMR) |
| Debtor. | § § § | **EXPEDITED RELIEF REQUESTED** |

**JUDGMENT CREDITORS' EXPEDITED MOTION FOR (I) A DETERMINATION THAT THE AUTOMATIC STAY DOES NOT APPLY TO STATE COURT CLAIMS AGAINST ALI CHOUDHRI INDIVIDUALLY, OR, ALTERNATIVELY, (II) RELIEF FROM THE AUTOMATIC STAY**

> **A hearing has been requested on this matter on an Expedited basis on December 19, 2024 at 1:30 pm in Judge Robinson's Courtroom, Homer J. Thornberry Federal Judicial Bldg., 903 San Jacinto Blvd., Suite 332, Austin, TX 78701. If you object to the relief requested, you must respond in writing, specifically answering each paragraph of this pleading. Unless otherwise directed by the court, you must file your response with the clerk of the bankruptcy court. You must serve a copy of your response on the person who sent you the notice; otherwise, the court may treat the pleading as unopposed and grant the relief requested.**
>
> **Expedited relief has been requested, seeking a ruling on less than 21 days' notice.**

Ali Mokaram ("Mokaram") and Osama Abdullatif ("Abdullatif"), judgment creditors of Ali Choudhri (together, the "Judgment Creditors"), for their *Expedited Motion for (I) a Determination that the Automatic Stay Does Not Apply to State Court Claims Against Ali Choudhri Individually, or, Alternatively, (II) Relief from the Automatic Stay* (the "Motion"), respectfully state as follows:

**RELIEF REQUESTED**

1. By this Motion, the Judgment Creditors seek a comfort order determining that the automatic stay does not apply to the State Court Actions (defined below) that have now twice

-1-

4922-4505-4979

been improperly removed by the Debtor's principal, Ali Choudhri ("Choudhri"). In the alternative, in the event the Court finds that the automatic stay does apply to the State Court Actions, then the Judgment Creditors seek authority to lift the automatic stay.

2. The Judgment Creditors hold money final judgments against Choudhri arising from two state court cases (the "State Court Actions").[1] The Debtor is not a party to either of the underlying judgments in the State Court Actions. Choudhri first removed the State Court Actions to the Southern District of Texas Bankruptcy Court in July 2024, which proceedings were ultimately transferred to this Court and remanded by orders dated October 9, 2024. While Choudhri's motion to reconsider the remand orders was still pending before this Court, Choudhri removed the State Court Actions again to the United States Bankruptcy Court for the Southern District of Texas. *See Mokaram-Latif West Loop, Ltd., et al. v. Choudhri*, Adv. No. 24-3224 and Adv. No. 24-3225 (Bankr. S.D. Tex.) (together, the "Southern District Adversaries"). The removals were in bad faith and for purposes of delaying the creditors from collecting their judgments.

3. In the Southern District Adversaries, Choudhri argued that the State Court Actions are subject to the automatic stay arising out of the above-captioned chapter 11 case because (a) George Lee filed a reverse alter ego claim against the Debtor in *George Lee v. Texas REIT LLC*, Adv. Proc. 24-1039 (Bankr. W.D. Tex. July 10, 2024) (the "Lee Adversary"), seeking the Court's leave to pursue Lee's judgment against Choudhri individually as a creditor in Texas REIT's bankruptcy, and (b) due to a previously filed *and subsequently withdrawn* proof of

---

[1] The State Court Actions are *Mokaram-Latif West Loop, Ltd., et al. v. Choudhri*, Cause No. 2012-27197-A, pending in the 333rd Judicial District Court of Harris County, Texas, and *Mokaram-Latif West Loop, Ltd. v. Choudhri, et al.*, Cause No. 2012-27197-D, also pending in the 333rd Judicial District Court of Harris County, Texas.

-2-

4922-4505-4979

claim filed by Abdullatif, among others. As explained in greater detail below, these theories are incorrect.

4. As a result of Choudhri's arguments, this issue was briefed to Judge Isgur as part of the motion to remand. On December 2, 2024, United States Bankruptcy Judge Marvin Isgur remanded the State Court Actions. *See Mokaram-Latif West Loop, Ltd., et al. v. Choudhri*, Adv. No. 24-3224 (Bankr. S.D. Tex. Dec. 2, 2024) [Docket No. 23] (together with the identical order entered in Adv. No. 24-3225 at Docket No. 16, the "Second Remand Order"). A copy of the Second Remand Order is attached hereto as **Exhibit J**. In the Second Remand Order, Judge Isgur "respectfully request[ed] that Judge Robinson determines whether the automatic stay applies to either remanded adversary proceeding." Judge Isgur stated on the record that he thought that issue should be determined by the same judgment presiding over the bankruptcy of Texas REIT. Judge Isgur further stayed remand of the State Court Actions temporarily, pending certain conditions and/or determinations by this Court. *See* **Exhibit J** at ¶ 4.

5. As briefed before Judge Isgur, the Judgment Creditors do not believe that the State Court Actions violate the automatic stay because the Judgment Creditors only seek to proceed against Choudhri individually and there are no judgments or claims currently pending that would require Choudhri to satisfy the Debtor's debts. Out of an abundance of caution, however, the Judgment Creditors request a ruling that either (a) the State Court Actions are not subject to the automatic stay, or, in the alternative, (b) if the State Court Actions are subject to the automatic stay, lifting the stay to allow the Judgment Creditors to pursue Choudhri in the State Court Actions upon remand.

4922-4505-4979

## EXPEDITED RELIEF REQUESTED

6. The Judgment Creditors request that this matter be heard during the December 19, 2024, hearing in this case. As noted above in paragraph 4, the Second Remand Order remains stayed subject to this Court's determinations on whether the automatic stay applies.

7. The Judgment Creditors attempted to meet and confer with Choudhri about whether he is unopposed to expedited consideration of this issue or this Motion being considered on December 19, 2024, but Choudhri did not respond regarding his position on the hearing date.

## BACKGROUND

**A.  Choudhri Uses Abusive Removal Tactics to Repeatedly Delay State Court Actions**

8. A comprehensive history of Choudhri's removal tactics is set forth in Judgment Creditors' amended motion for remand filed in the Southern District Adversaries, which is attached hereto as **Exhibit A**.[2]  A summary of the serial removals, and associated court orders, is below.

**B.  In the State Court Actions, the Judgment Creditors Only Seek Recovery Against Choudhri, not the Debtor**

9. Final judgments have been entered in the State Court Actions, which are attached hereto as **Exhibits B & C**.  The State Court Actions solely seek to recover against non-debtor Choudhri—not against the Debtor.  While the Debtor had (prior to its bankruptcy filing) been a party to the litigation, there was no relief sought by or against the Debtor in the litigation, and no relief granted by or against the Debtor in the judgments, and it is therefore no longer a party in either State Court Action.

---

[2] Docket No. 6 in Adv. Pro. No. 24-3224 and Docket No. 3 in Adv. Pro. No. 24-3225.

4922-4505-4979

C. **The Unrelated Lee Adversary Asserts a Reverse Veil Piercing Claim against the Debtor**

10. On January 31, 2024, the 152nd Judicial District Court of Harris County granted Lee a judgment against Choudhri (the "Lee Judgment").

11. On July 10, 2024, Lee filed the Lee Adversary seeking two counts: a declaratory judgment that the Debtor is the alter ego of Choudhri and enforcement of the Lee Judgment against the Debtor. Attached hereto as **Exhibit D** is the Lee Adversary complaint, which attaches the Lee Judgment. However, the relief sought by the Lee Adversary is not a general ruling by this Court that the Debtor is an alter ego of Choudhri for all purposes—rather, Lee solely seeks to allow enforcement of Lee's judgment against Choudhri against the Debtor for purposes of filing a proof of claim in the Debtor's chapter 11 case:

> Therefore, for the forgoing reasons, Plaintiff prays that this Court: (i) after proper service, notice and hearing, hold that Defendant Texas REIT LLC is the alter ego of Defendant Ali Choudhri for the purposes of enforcement of Plaintiff's Judgment against Defendant Ali Choudhri; (iii) additionally, and/or in the alternate, hold that hold that Defendant Texas REIT LLC is the alter ego of Defendant Ali Choudhri for the purposes of enforcement of Plaintiff's Judgment against Defendant Ali Choudhri pursuant to 28 U.S.C. § 2201; (iii) award Plaintiff all costs of court and reasonable and necessary attorneys' fees as the Court deems just and equitable; and (iv) afford Plaintiff any other relief to which he may be entitled to at law or in equity.

See **Exhibit D** at page 7.[3]

12. A motion to dismiss the Lee Adversary was filed, fully briefed, and argued on September 25, 2024. See Lee Adversary at Sept. 25, 2024 Docket Entry. The issue remains under advisement.

---

[3] Judgment Creditors take no position on whether Lee's claims should or should not succeed in the Lee Adversary but draw attention to the specific relief requested to highlight the unique procedural posture in that case.

-5-

**D.     The First Removal and Remand**

13.     Choudhri filed notices of appeal of the judgments entered in the State Court Actions and contends he is a pauper without the funds to post a supersedeas bond. The underlying state court set a hearing to determine the accuracy of Choudhri's financial condition. If Choudhri loses, he has to either post a supersedeas bond in both cases or the Judgment Creditors can collect on their final judgments against Choudhri.

14.     The hearing on the supersedeas bond was reset several times at Choudhri's request. *See* **Exhibit E** (*July 10 Order*); **Exhibit F** (*July 23 Order*). Both Orders describe Choudhri's delay tactics, which have delayed collection proceedings for over a year. The hearing was ultimately reset for July 29, 2024. On July 29, 2024, the morning of the bond hearing, Choudhri filed a suggestion of bankruptcy and notified the state court that he had removed the State Court Actions.

15.     On July 28, 2024, Choudhri filed a *Notice of Removal* removing the State Court Actions to the United States Bankruptcy Court for the Southern District of Texas before Judge Rodriguez. The stated basis for removal was the Debtor's pending chapter 11 case. On July 29, 2024, the Judgment Creditors filed a *Joint Motion for Remand or Abstention*, which they later supplemented to raise the additional fact that removal was untimely under Bankruptcy Rule 9027. Judge Rodriguez ultimately transferred the removed cases to the United States Bankruptcy Court for the Western District of Texas, and the adversary proceedings were assigned to this Court. *See Mokaram-Latif West Loop, Ltd., et al. v. Choudhri, et al.*, Adv. Proc. Nos. 24-1049 and 24-1050 (Bankr. W.D. Tex.).

16.     On October 9, 2024, this Court granted in part the Judgment Creditors' *Joint Motion for Remand or Abstention*, finding:

"(1) the Debtor, Texas REIT, is not a Defendant in the State Court Lawsuit; (2) the Debtor is not a Plaintiff in the State Court Lawsuit; and (3) a final judgment has been entered. The Court also notes that the State Court Lawsuit was improperly removed in violation of Federal Rule of Bankruptcy Procedure 9027's deadlines and pleading requirements."

See Adv. Proc. 24-1049, Docket No. 31 at 2 (the "First Remand Order"). A copy of the First Remand Order is attached hereto as **Exhibit G**.[4]

17. Critically, at the time the First Remand Order was entered on October 9, 2024, this Court had already heard arguments in the Lee Adversary on whether the Debtor was an alter ego of Choudhri. The Court not only remanded the State Court Actions for procedural consideration but did so "for adjudication and disposition." First Remand Order at 4.

18. On October 30, 2024, Choudhri filed his *Amended Motion for Reconsideration of Order to Remand* (the "Motion for Reconsideration"). See Adv. Pro. 24-1049, Docket No. 36, which is attached hereto as **Exhibit H**.[5] In the Motion for Reconsideration, Choudhri raises the Lee Adversary and the alter ego claims alleged therein as a basis for the Court to retain the cases and deny remand. See **Exhibit H** at ¶ 8.

19. On November 8, 2024, the Court entered the *Order Denying Ali Choudhri's Amended Motion to Vacate Order* (the "Reconsideration Order"). Adv. Pro. 24-1049, Docket No. 39, which is attached hereto as **Exhibit I**.[6] While the Reconsideration Order acknowledged that other adversaries were pending before the court where creditors have asserted alter ego claims against the Debtor, the Court found that was not a basis for reconsideration under Bankruptcy Rules 9023 and 9024. See **Exhibit I** at pp. 3-4, 6.

---

[4] An identical remand order was entered in Adv. Pro. Nos. 24-1047, 24-1048, and 24-1050.

[5] An identical motion for reconsideration was filed in Adv. Pro. Nos. 24-1047, 24-1048, and 24-1050.

[6] An identical order denying reconsideration was entered in Adv. Pro. Nos. 24-1047, 24-1048, and 24-1050.

-7-

### E. The Second Removal and Remand

20. Following entry of the First Remand Order, the Judgment Creditors sought to reset the hearing on the supersedeas bond in the state court. The state court reset the hearing on November 4, 2024. Notwithstanding the pending Motion for Reconsideration, Choudhri removed these actions <u>again</u> on November 4, 2024 on the same day as the reset hearing. *See Mokaram-Latif West Loop, Ltd., et al. v. Choudhri*, Adv. No. 24-3224 and Adv. No. 24-3225 (Bankr. S.D. Tex.). The Judgment Creditors filed remand motions again, *see* **Exhibit A**. And on December 2, 2024, the Southern District of Texas granted remand again. *See id*. at Docket No. 23 in Adv. No. 24-3224 and Docket No. 16 in Adv. No. 24-3225, which is attached hereto as **Exhibit J**. As with the First Remand Order, the Southern District of Texas found that removal was improper.

## JURISDICTION

21. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## STANDARD

22. Section 362(a)(1) provides for an automatic stay of any judicial "proceeding against the debtor." 11 U.S.C. § 362(a)(1). Ordinarily, the automatic stay under section 362 does not apply to actions against a nondebtor. *See In re TXNB Internal Case*, 483 F.3d 292, 301 (5th Cir. 2007). Under narrow circumstances, the automatic stay may apply to an action against nondebtor defendants depending on their relationship to the debtor. *See Reliant Energy Servs., Inc. v. Enron Can. Corp.*, 349 F.3d 816, 825 (5th Cir. 2003). "The party invoking the stay has the burden to show that it is applicable." *Beran v. World Telemetry, Inc.*, 747 F. Supp. 2d 719

-8-

4922-4505-4979

(S.D. Tex. 2010) (citing 2 William L. Norton Jr., Norton Bankruptcy Law and Practice § 43:4 (3d ed. Supp. 2010) (noting that in bankruptcy court proceedings, "the party seeking to extend the stay will bear the burden to show that 'unusual circumstances' exist warranting such an extension of the stay to a nondebtor"); *Arnold v. Garlock, Inc.*, 278 F.3d 426, 436 (5th Cir. 2001)). As such, Choudhri bears the burden to establish the automatic stay applies to the Judgment Creditors' claims.

## ARGUMENT AND AUTHORITIES

**I.     The Automatic Stay Does Not Apply to the State Court Actions Against Choudhri**

    **a.     Lee's Claims Do Not Impact the State Court Actions**

23.     The Lee Adversary complaint itself is the key to understanding whether Lee's claims asserted against the Debtor require that the Debtor's stay extend to protect Choudhri against the Judgment Creditors' prosecution of the State Court Actions. Lee only seeks authority to bring the Lee Judgment as a claim against the Debtor in the Debtor's bankruptcy. *See* **Exhibit D** at 7.

> Therefore, for the forgoing reasons, Plaintiff prays that this Court: (i) after proper service, notice and hearing, hold that Defendant Texas REIT LLC is the alter ego of Defendant Ali Choudhri for the purposes of enforcement of Plaintiff's Judgment against Defendant Ali Choudhri; (iii) additionally, and/or in the alternate, hold that hold that Defendant Texas REIT LLC is the alter ego of Defendant Ali Choudhri for the purposes of enforcement of Plaintiff's Judgment against Defendant Ali Choudhri pursuant to 28 U.S.C. § 2201; (iii) award Plaintiff all costs of court and reasonable and necessary attorneys' fees as the Court deems just and equitable; and (iv) afford Plaintiff any other relief to which he may be entitled to at law or in equity.

To do so, Lee seeks to apply a reverse veil-piercing theory by which Lee could collect on his judgment against non-debtor Choudhri from the assets of the Debtor. *See also* Adv. No. 24-1039

Docket No. 6 (attached as **Exhibit K**). The Lee Adversary is procedurally unique because instead of seeking to expand the pool of recoverable assets for the Debtor's creditors, Lee seeks to become a creditor of the Debtor by receiving authority to file a proof of claim in the Debtor's bankruptcy case.[7] The Judgment Creditors' claims against non-debtor Choudhri in the State Court Actions are different.

        **b.**    **The State Court Actions Do Not Seek Assets of the Debtor's Estate**

24.    In the State Court Actions, the Judgment Creditors seek to recover the money owed under a judgment entered against non-debtor Choudhri from Choudhri's own assets and do not assert any veil-piercing or alter ego theories against the Debtor's assets. *See* **Exhibits B & C**. These claims do not infringe on the Debtor's section 362 protections merely because Choudhri is the Debtor's owner or manager. *See, e.g. In re Xenon Anesthesia of Texas, PLLC*, 510 B.R. 106, 111 (Bankr. S.D. Tex. 2014) (denying request to extend automatic stay to managing member because debtor "failed to establish that assets of the bankruptcy estate would be at risk in allowing the state court to proceed"). Likewise, this Court has already considered *and rejected* Choudhri's theory that Texas REIT is a party to the state court cases. *See* Reconsideration Order, Adv. Proc. 24-1047, Docket No. 36 at 4–5.

25.    Choudhri bears the burden of establishing the "unusual circumstances" that would extend the protections of section 362 to him. *See discussion in In re Divine Ripe, L.L.C.*, 538 B.R. 300, 308 (Bankr. S.D. Tex. 2015) (citing *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)). No such circumstances are present. Choudhri cannot meet this burden.[8]

---

[7]    Lee is taking the less common approach of attempting to become a creditor in a bankruptcy case <u>without</u> simultaneously expanding the pool of distributable assets.

[8]    Further, Choudhri stated in the December 2, 2024 hearing that he disagrees with any factual allegations that he is an alter ego of Texas REIT, thus agreeing that he does not believe the automatic stay should apply to claims against Choudhri individually.

4922-4505-4979

### c. The First Remand Order Permitted the State Court Actions to Proceed

26. When the State Court Actions were remanded in October, this Court explicitly instructed that the State Court Actions could proceed "**for adjudication and disposition**." First Remand Order, Adv. Proc. 24-1049, Docket No. 31 at 4. The First Remand Order continued, finding that the decision to remand "**does not in any way lift, terminate, and/or modify the automatic stay against the Debtor and/or property of the bankruptcy estate pursuant to 11 U.S.C. § 362 in the Debtor's main case**." *Id.* at 5.

27. The Judgment Creditors understood the Court's ruling that the cases be remanded for "adjudication and disposition" to allow the State Court Actions to proceed and that the rulings on pages 4 & 5 for the First Remand Order determined that the State Court Actions were not implicated by the automatic stay. The Judgment Creditors request an order explicitly finding that the automatic stay does not apply to the State Court Actions, or, in the alternative, that the automatic stay is lifted to allow the Judgment Creditors to proceed against Choudhri.

### d. The Withdrawn Proof of Claim Does Not Extend the Automatic Stay

28. Choudhri also asserts that a now-withdrawn proof of claim which asserted alter ego theories extends the automatic stay in this case to all actions against him. He is wrong. This argument is not new: Choudhri presented the same argument in his motion to reconsider the First Remand Order and the Court weighed and rejected it in the Reconsideration Order. Adv. Proc. 24-1047, Docket No. 36 at 4.

29. John Quinlan, Omar Khawaja, and Osama Abdullatif (the "<u>Withdrawn Claimants</u>") filed a proof of claim in the Debtor's bankruptcy. The Withdrawn Claimants have since sought to withdraw that claim. *See* Notice of Withdrawal of Claim No. 9- Case No. 24-10120 [Docket No. 228]. The Debtor objected to the withdrawal. That objection has been set

for a hearing on December 19, 2024 at 1:30 p.m. [Case No. 24-10120, Docket No. 379]. Choudhri acknowledged on December 2, 2024, that he does not believe he is an alter ego of Texas REIT and plans to contest any argument that he is.

30. There is no basis for a withdrawn claim to extend the automatic stay to Choudhri as the Withdrawn Claimants have assured the Court that they do not intend to proceed on this theory. *See* Docket No. 228. In the Reconsideration Order, this Court considered the State Court Actions and Proof of Claim No. 9 and concluded that "that the overall facts of the State Court [Actions] history and posture—particularly the fact that final judgment has already been entered against Choudhri—weighed in favor of equitable remand." Reconsideration Order, Adv. Proc. 24-1047, Docket No. 36 at 4. Only if the property of Texas REIT was implicated were the parties required to return to this Court. *Id*. There is no evidence or argument that collections against Choudhri individually impact property of Texas REIT and there is therefore no basis for the automatic stay to govern the State Court Actions.

31. But, even if the Court finds that when Claim No. 9 was filed asserting an alter ego theory the automatic stay was extended to Choudhri, approving withdrawal of Claim No. 9 should terminate it. Therefore, upon granting the withdrawal of Claim No. 9, the Court should find the State Court Actions are not subject to the automatic stay.

e. **If the Automatic Stay Applies, Cause Exists for Relief**

32. "Every bankruptcy statute since 1898 has incorporated literally, or by judicial interpretation, a standard of good faith for the commencement, prosecution, and confirmation of bankruptcy proceedings." *In re Little Creek Dev. Co.*, 779 F.2d 1068, 1071 (5th Cir. 1986) (citations omitted). Here, Choudhri cannot claim good faith in these proceedings as Choudhri

-12-

both seeks to avail himself of the automatic stay and denies that the basis for the automatic stay (alter ego) is true—while repeatedly using removal as a tactic in the State Court Actions.

33. A court may modify the automatic stay "for cause." 11 U.S.C. § 362(d)(1). The Fifth Circuit has stated that "[t]he Bankruptcy Code does not precisely define 'cause' under § 362(d)(1), and in the past we have noted that this lack of definition affords 'flexibility to the bankruptcy courts.'" *Bonneville Power Admin. v. Mirant Corp. (In re Mirant Corp.)*, 440 F.3d 238, 253 (5th Cir. 2006) (citations omitted). Bankruptcy courts have found that "cause" exists to terminate the automatic stay where the debtor lacked "good faith" in filing the bankruptcy case. *In re Little Creek Dev. Co.*, 779 F.2d 1068, 1071–73 (5th Cir. 1986); *In re Sentry Park, Ltd.*, 87 B.R. 427, 430 (Bankr. W.D. Tex. 1988).

34. "The good faith standard protects the integrity of the bankruptcy courts and prohibits a debtor's misuse of the process where the overriding motive is to delay creditors without any possible benefit, or to achieve a reprehensible purpose through manipulation of the bankruptcy laws." *In re Elmwood Dev. Co.*, 964 F.2d 508, 510 (5th Cir. 1992).

35. If the automatic stay applies, cause exists for relief in this case. Choudhri has a demonstrated pattern and practice of abusing removal tactics and the bankruptcy courts as delay tactics to avoid litigation and delay and defraud his creditors. This Court has previously found "**the State Court Lawsuit was improperly removed in violation of Federal Rule of Bankruptcy Procedure 9027's deadlines and pleading requirements**" and "**no bankruptcy issues were presented to the Court**." *See, e.g.* 24-1047 Docket No. 28 (Bankr. W.D. Tex. Oct. 9, 2024) (emphasis added). The Southern District found that removal was improper again with Choudhri's subsequent removal. Exhibit J, Docket No. 16 in Adv. No. 24-3225. And Choudhri

has been sanctioned *in this litigation* in state court for delay (July 23, 2024 trial court Order granting sanctions):

> This Court's order of July 10, 2024 explains ==the history of Mr. Choudhri's repeated and last minute efforts to delay the hearing on the contests to Mr. Choudhri's net worth affidavit.== Because of his prior actions, on June 10, 2024, Mr. Choudhri was ordered to

36. Choudhri's dilatory tactics and bad faith are not unique to this case but are a pattern and practice of abusing the bankruptcy courts to delay creditors. As recognized by Judge Norman, Choudhri is no stranger to delay tactics, and has an abundance of litigation pending "scattered throughout the Southern District of Texas." *See generally In re Galleria 2425 Owner, LLC*, Case No. 23-34815, Mem. Op. at 16-17 and n. 48 [Docket No. 565] (Bankr. S.D. Tex. June 22, 2024).[9]

37. Choudhri also cannot have it both ways: he cannot both cloak himself in the automatic stay on the theory that he and Texas REIT are alter egos for all purposes, while

---

[9] Choudhri has used this tactic multiple times before, seeking to remove state court cases to a bankruptcy case pending before Judge Norman at least three times. Choudhri caused entities he owns and controls to file improper notices of removal at the eleventh hour to delay state court proceedings, only to have each of those cases remanded back to state court. *See In re Houston Real Estate Properties, LLC*, Case No. 22-32998 remanding Adversary No. 22-3298, No. 23-3196 and No. 23-03190.

And that is only the beginning of Choudhri's experience litigating in the United States Bankruptcy Court for the Southern District of Texas. *See also In re 2500 West Loop, Inc.*, Case No. 18-20459 (Bankr. S.D. Tex.); *Abdullatif et al v. Jetall Companies, Inc., et al,* Adv. Case No. 18-2180 (Bankr. S.D. Tex.); *BDFI LLC et al v. Mokaram-Latif West Loop, Ltd. et al,* Adv. Case No 19-02019 (Bankr. S.D. Tex.)*; In re Houston Real Estate Properties LLC*, Case No. 22-32998 (Bankr. S.D. Tex.); *Abdullatif et al v. Choudhri et al,* Adv. Case No. 22-03298 (Bankr. S.D. Tex.); *Quinlan et al v. Jetall Companies, et* al, Adv. Case No. 23-03141 (Bankr. S.D. Tex.)*; Abdullatif et al v. Choudhri,* Adv. Case No. 23-03190 (Bankr. S.D. Tex.); *Abdullatif et al v. Choudhri*, Adv. Case No. 23-03191 (Bankr. S.D. Tex.)*; Abdullatif v. Choudhri,* Adv. Case No. 23-03193 (Bankr. S.D. Tex.)*; Abdullatif et al v. Choudhri,* Adv. Case No. 23-03194 (Bankr. S.D. Tex.)*; Mokaram Latif West Loop Ltd. v. Choudhri*, Adv. Case No. 23-03196 (Bankr. S.D. Tex.)*; In re Galleria 2425 Owner LLC*, Case No. 23-60036 (Bankr. S.D. Tex.); *Galleria 2425 Owner, LLC et al v. National Bank of Kuwait, S.A.K.P., New York Branch,* Adv. Case No. 23-06009 (Bankr. S.D. Tex.)*; In re Galleria 2425 Owner, LLC*, Case No. 23-34815 (Bankr. S.D. Tex.); *Choudhri v. National Bank of Kuwait, S.A.K.P., New York Branch,* Adv. Case No. 24- 03120 (Bankr. S.D.Tex.)*; In re Galleria West Loop Investments, LLC*, Case No. 24-32143 (Bankr. S.D. Tex.); *In re Briar Building Houston LLC*, Case No. 18-32218 (Bankr. S.D. Tex.).

-14-

contesting that he is an alter ego for any purpose and disregarding the relief requested in the George Lee Adversary—which does not (as addressed above) extend alter ego collections to Choudhri for all purposes. Choudhri's argument contains logical and legal inconsistencies that cannot be supported.

38. And finally, the Judgment Creditors have made clear that they are not pursuing any of the assets of Texas REIT as part of their collection efforts so there will be no harm to Texas REIT's creditors if they are permitted to pursue Choudhri and enforce the judgments in the State Court Actions.

39. The bankruptcy system is meant to provide a means of equitable distributions to creditors while allowing the *debtor* a breathing spell to restructure its debts and negotiate with creditors. It is *not* the purpose of the bankruptcy system to halt all collection efforts against the debtor's owners, principals, or affiliates who are not themselves in bankruptcy with the intention of frustrating existing state court judgments. Accordingly, for the reasons stated above, to the extent that automatic stay applies, cause exists to lift the stay.

40. Additionally, the Court should waive the fourteen-day stay under Rule 4001(a)(3). Choudhri's actions have delayed the ability to continue hearings in the State Court Actions multiple times over the course of several months. The Court should waive the fourteen-day stay period to permit the State Court Action to proceed immediately.

WHEREFORE, the Judgment Creditors respectfully request that the Court enter an order, substantially in the form attached hereto: (a) granting this Motion; (b)(i) finding that the automatic stay does not apply to the State Court Actions against Choudhri, or, alternatively (ii) modifying the automatic stay to permit the State Court Actions to proceed against Choudhri; and (c) granting such other and further relief as is just and proper.

4922-4505-4979

Respectfully submitted this 11th day of December, 2024.

| | |
|---|---|
| **HOOVER SLOVACEK, LLP** | **GRAY REED** |
| By: */s/ T. Michael Ballases* | By: */s/ London England* |
| T. Michael Ballases | B. Scott Funk |
| Texas State Bar No. 24036179 | Texas Bar No. 07550900 |
| Brice B. Beale | Lydia R. Webb |
| Texas State Bar No. 24031855 | Texas Bar No. 24083758 |
| Steven A. Leyh | London England |
| Texas State Bar No. 12318300 | Texas Bar No. 24110313 |
| Galleria Tower II | 1300 Post Oak Blvd., Suite 2000 |
| 5051 Westheimer, Suite 1200 | Houston, Texas 77056 |
| Houston, Texas 77056 | Telephone: (713) 986-7000 |
| Telephone: (713) 977-8686 | Facsimile: (713) 986-7100 |
| Facsimile: (713) 977-5395 | Email: lwebb@grayreed.com |
| Email: ballases@hooverslovacek.com | sfunk@grayreed.com |
| beale@hooverslovacek.com | |
| leyh@hooverslovacek.com | **COUNSEL TO ALI MOKARAM** |
| **COUNSEL TO OSAMA ABDULLATIF** | |

## Certificate of Service

I certify that on December 11, 2024, I caused a copy of the foregoing document to be served by electronic transmission to all registered ECF users appearing in this case and by email to those referenced below along with exhibits.

| | |
|---|---|
| Steve Sather | Shane P. Tobin Trial Attorney |
| Barron & Newburger, PC | United States Department of Justice |
| 7320 N. MoPac Expy., Suite 400 | Office of the United States Trustee |
| Austin, TX 78731 | 903 San Jacinto Blvd, Room 230 |
| | Austin, TX 78701 |

 */s/ London England*
 London England

## Certificate of Conference

The undersigned certifies that at the December 2, 2024 hearing before Judge Isgur, Choudhri (proceeding *pro se*) opposed the State Court Actions continuing because he believed the automatic stay applies.

 */s/ London England*
 London England

4922-4505-4979