

**Judgment Creditors'**
# Exhibit B

10/27/2023 4:05 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 81065874
By: Alan Robledo
Filed: 10/27/2023 4:05 PM

### CAUSE NO. 2012-27197D

| | | |
|---|---|---|
| MOKARAM LATIF WEST LOOP, LTD., | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| ALI CHOUDHRI and ANGEL VALLE, | § | |
| | § | |
| Defendants, | § | HARRIS COUNTY, T E X A S |
| | § | |
| vs. | § | |
| | § | |
| ALI MOKARAM, | § | |
| | § | |
| Intervenor. | § | 333rd JUDICIAL DISTRICT |

*Pg - 6*

*MCAAY*

## FINAL JUDGMENT UPON AAA ARBITRATION AWARD

Pursuant to Ali Mokaram's ("Mokaram") Second Amended Motion for Entry of Judgment, the court hereby enters this Final Judgment Upon AAA Arbitration Award (the "Judgment") in favor of Mokaram and Erika Nemeti, Executrix of the Estate of Edi I. Nemeti ("Nemeti"), and against Defendants Ali Choudhri ("Choudhri"), Dalio Holdings I, LLC ("Dalio I"), and Dalio Holdings II, LLC ("Dalio II"), jointly and severally (Choudhri, Dalio I and Dalio II may jointly be referred to herein as "Defendants"), as follows:

The claims and causes of action asserted by Mokaram and Nemeti arising out of and relating to the wrongful and fraudulent foreclosure of Texas REIT, LLC's property in July 2018 were submitted to arbitration in the proceeding styled Case No. 01-19-0002-7577; *Claimant Ali Mokaram vs. Respondents Dalio Holdings I, LLC, Dalio Holdings II, LLC, and Ali Choudhri vs. Texas REIT, LLC (Nominal Party)*, before the American Arbitration Association (the "Arbitration"). The three-member panel in the Arbitration issued its Final Arbitration Award on July 27, 2021 (the "Award"), which is attached as Exhibit 1 to Mokaram's Second Amended Motion for Entry of Judgment.

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

On December 15, 2021, the Court entered an Order (the "December 15 Order") that, among other things, granted Mokaram's Amended Motion to Confirm Arbitration Award, found the Award should be in all things confirmed and enforced according to its terms, and denied the Joint Application of Texas REIT, LLC, Ali Choudhri, Dalio Holdings I, LLC and Dalio Holdings II, LLC (the "Choudhri Parties") to Vacate the Award.

On January 4, 2022, the Choudhri Parties filed a notice of appeal with respect to the rulings that were the subject of the December 15 Order as it relates to confirmation of the Award and denial of their request to vacate the Award.

On December 6, 2022, the Fourteenth Court of Appeals issued its Memorandum Opinion and Judgment, affirming the December 15 Order as it relates to confirmation of the Award and denial of the Choudhri Parties' motion to vacate the Award. On February 14, 2023, the Fourteenth Court of Appeals denied the Choudhri Parties' Motion for Rehearing.

On February 17, 2023, this Court entered an Order Severing AAA Claims which severed into this "D" case all claims, causes of action, motions or requests for relief to confirm and/or vacate the Award, as further described and defined in such Order.

On June 9, 2023, the Choudhri Parties' filed their Petition for Review in the Supreme Court of Texas. On July 21, 2023, the Supreme Court of Texas denied the Choudhri Parties' Petition for Review without requesting a response.

On October 13, 2023, the Supreme Court of Texas denied the Choudhri Parties' Motion for Rehearing without requesting a response.

On October 16, 2023, the Fourteenth Court of Appeals issued its Mandate to the 333rd District Court regarding affirmation and observance of the Order, in which the court also ordered the Choudhri Parties to pay all costs of the appeal.

The Court finds it is now ripe to render a final judgment upon the Award. As such, it is hereby

ORDERED, ADJUDGED, AND DECREED that Mokaram's Second Amended Motion for Entry of Judgment is granted based upon the findings of fact, conclusions of law, and mixed findings of fact and/or conclusions of law in the Award, which are incorporated herein by reference. It is further

ORDERED, ADJUDGED, AND DECREED that Plaintiff Ali Mokaram shall have and recover judgment against Defendants Ali Choudhri, Dalio Holdings I, LLC and Dalio Holdings II, LLC, jointly and severally, in the amount of $3,467,217.70, which is comprised of the following:

1. $1,386,460.71 for actual damages as found in the Award.

2. $603,000.00 for attorneys' fees in the Arbitration through final hearing, as found in the Award.

3. $15,000.00 for attorneys' fees in the Arbitration for post-hearing briefing, as found in the Award.

4. $405,461.90 for AAA administrative fees and expenses in the Arbitration, as found in the Award.

5. $250,000.00 for exemplary damages as found in the Award.

6. $60,000.00 for attorneys' fees because Defendants did not prevail on their application to vacate the Award in the trial court.

7. $125,000.00 for attorneys' fees because Defendants did not prevail on their appeal of this Court's confirmation of the Award and denial of Defendants' motion to vacate the Award to the Fourteenth Court of Appeals.

4861-0174-6805:2

8. $100,000.00 for attorneys' fees because Defendants did not prevail on their Petition for Review filed with the Supreme Court of Texas.

9. $172,028.59 for pre-judgment (pre-Award) interest on actual damages from December 11, 2018, until May 5, 2021, as found in the Award.

10. $17,719.67 for pre-judgment (pre-Award) interest on actual damages from May 6, 2021, until entry of the Award (July 27, 2021) (83 days * $213.49 per diem), as found in the Award.

11. $332,546.83 for pre-judgment (post-Award) interest calculated at the rate of 5% compounded annually on the amount of $2,849,670.87 (all amounts in the Award except for post-Award attorneys' fees) from July 27, 2021, until October 30, 2023.

It is further

ORDERED, ADJUDGED, AND DECREED that Plaintiff Erika Nemeti, Executrix of the Estate of Edi I. Nemeti, Deceased, shall have and recover judgment against Defendants Ali Choudhri, Dalio Holdings I, LLC and Dalio Holdings II, LLC, jointly and severally, in the amount of $294,151.85, which is comprised of the following:

1. $231,076.78 for actual damages as found in the Award.

2. $28,671.34 for pre-judgment (pre-Award) interest on actual damages from December 11, 2018, until May 5, 2021, as found in the Award.

3. $3,664.45 for pre-judgment (pre-Award) interest on actual damages from May 6, 2021, until entry of the Award (July 27, 2021) (83 days * $44.15 per diem), as found in the Award.

4. $30,739.28 for pre-judgment (post-Award) interest calculated at the rate of 5% compounded annually on the amount of $231,076.78 (actual damages) from July 27, 2021, until August 21, 2023.

It is further

ORDERED, ADJUDGED, AND DECREED that Plaintiff Ali Mokaram shall also have and recover judgment for pre-judgment (post-award) interest against Defendants Ali Choudhri, Dalio Holdings I, LLC and Dalio Holdings II, LLC, jointly and severally, at the per diem rate of $430.38 for each day after October 30, 2023, until this judgment is entered. It is further

ORDERED, ADJUDGED, AND DECREED that Plaintiff Ali Mokaram shall also have and recover judgment for post-judgment interest against Defendants Ali Choudhri, Dalio Holdings I, LLC and Dalio Holdings II, LLC, jointly and severally, at the rate of 5% compounded annually on all amounts awarded to Mokaram in this judgment from the date this judgment is entered until such amounts are paid ($3,437,951.97 plus any additional per diem interest), including without limitation, for actual damages, exemplary damages, attorneys' fees, costs, expenses, AAA costs, pre-award interest and pre-judgment interest. It is further

ORDERED, ADJUDGED, AND DECREED that Plaintiff Erika Nemeti, Executrix of the Estate of Edi I. Nemeti, Deceased, shall also have and recover judgment for pre-judgment (post-award) interest against Defendants Ali Choudhri, Dalio Holdings I, LLC and Dalio Holdings II, LLC, jointly and severally, at the per diem rate of $39.78 for each day after October 30, 2023, until this judgment is entered. It is further

ORDERED, ADJUDGED, AND DECREED that Plaintiff Erika Nemeti, Executrix of the Estate of Edi I. Nemeti, Deceased, shall also have and recover judgment for post-judgment interest against Defendants Ali Choudhri, Dalio Holdings I, LLC and Dalio Holdings II, LLC, jointly and

severally, at the rate of 5% compounded annually on all amounts awarded to Nemeti in this judgment from the date this judgment is entered until such amounts are paid ($291,446.64 plus any additional per diem interest), including without limitation, for actual damages, pre-award interest and pre-judgment interest. It is further

ORDERED, ADJUDGED, AND DECREED that Plaintiff Ali Mokaram shall also have and recover judgment for all costs of court, including all costs of the trial court and all costs on appeal, against Defendants Ali Choudhri, Dalio Holdings I, LLC and Dalio Holdings II, LLC, jointly and severally. It is further

ORDERED, ADJUDGED, AND DECREED that all other relief requested by any party in the Arbitration or this cause number and not granted herein is DENIED, and that this Judgment disposes of all claims, counterclaims, defenses, and requests for relief in the Arbitration and in this case, and is final and appealable. All writs and processes necessary to execute and collect on this Judgment shall issue.

SIGNED on this 7ᵗʰ day of Nov., 2023.

Honorable Randy Wilson, Presiding Judge