UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | § | |
|---|---|---|
| IN RE: | § | CASE NO. 24-10120-smr |
| | § | |
| TEXAS REIT, LLC | § | |
| | § | |
| Debtor | § | CHAPTER 11 |

**DEBTOR'S RESPONSE TO JUDGMENT CREDITORS' EXPEDITED MOTION FOR (I) A DETERMINATION THAT THE AUTOMATIC STAY DOES NTO APPLY TO STATE COURT CLAIMS AGAINST ALI CHOUDHRI INDIVIDUALLY OR, ALTERNATIVELY, (II) RELIEF FROM THE AUTOMATIC STAY**

TO THE HONORABLE SHAD M. ROBINSON, UNITED STATES BANKRUPTCY JUDGE:

**Comes now Texas REIT, LLC** (the "Debtor") in this chapter 11 case, filing this Response to Judgment Creditors' Expedited Motion for (I) A Determination that the Automatic Stay Does Not apply to State Court Claim Against Ali Choudhri Individually or, Alternatively (II) Relief from the Automatic Stay and would show as follows:

1. Debtor admits that Mr. Choudhri has removed the State Court Actions. Debtor denies the remainder of para. 1.

2. Debtor lacks information sufficient to admit or deny the first sentence of para. 1. Debtor does not appear to be a party to either of the judgments. Debtor lacks information sufficient to admit or deny the remainder of para. 2.

3. Debtor lacks information sufficient to admit or deny the allegations of para. 3.

4. Debtor lacks information sufficient to admit or deny the allegations of para. 4, except that Debtor admits that Exhibit J is a true and correct copy of an order from Judge Isgur.

5. Debtor lacks information sufficient to admit or deny the allegations of para. 5.

6. Debtor denies the allegations of para. 6.

7. Debtor lacks information sufficient to admit or deny whether creditors conferred with Ali Choudhri.

8. Debtor lacks information sufficient to admit or deny the allegations of para. 8.

9. Debtor lacks information sufficient to admit or deny the allegations of para. 9.

10. Debtor admits the allegations of para. 10.

11. Debtor admits that Lee filed the Lee Adversary. Debtor denies the remainder of para. 11.

12. Debtor admits the allegations of para. 12.

13. Debtor lacks information sufficient to admit or deny the allegations of para. 13. However, Debtor would note that if Choudhri is appealing the judgments, they are not "final" as alleged elsewhere in the motion.

14. Debtor lacks information sufficient to admit or deny the allegations of para. 14.

15. Debtor admits the allegations of para. 15.

16. Debtor admits the allegations of para. 16.

17. Debtor admits that the Court had heard argument on the Motion to Dismiss the Lee Adversary. Debtor denies the remainder of para. 17.

18. Debtor admits the allegations of para. 18.

19. Debtor admits the allegations of para. 19.

20. Debtor lacks information sufficient to admit or deny the allegations of para. 20.

21. Debtor admits the allegations of para. 21.

22. Para. 22 does not require a response.

23. Debtor denies the allegations of para. 23. While Lee may be seeking to enforce his own judgment against the Debtor, the logic of alter ego is that the Debtor and Ali Choudhri are one and the same in all respects. The Debtor believes that the Lee Adversary is

frivolous and should be dismissed. However, as long as it is pending, there is a possibility that a finding of alter ego could be made.

24. Debtor lacks information sufficient to admit or deny the allegations of para. 24.

25. Debtor lacks information sufficient to admit or deny the allegations of para. 25.

26. Debtor admits the allegations of para. 26.

27. Debtor lacks information sufficient to admit or deny the allegations of para. 27.

28. Debtor lacks information sufficient to admit or deny the allegations of para. 28.

29. Debtor admits the allegations of para. 29.

30. Debtor lacks information sufficient to admit or deny the allegations of para. 30.

31. Debtor lacks information sufficient to admit or deny the allegations of para. 31.

32. Debtor admits that good faith is a requirement for chapter 11 cases. Debtor lacks information sufficient to admit or deny the remainder of para. 32.

33. Para. 33 does not require a response.

34. Para. 34 does not require a response.

35. Debtor lacks information sufficient to admit or deny the allegations of para. 35.

36. Debtor lacks information sufficient to admit or deny the allegations of para. 36.

37. Debtor lacks information sufficient to admit or deny the allegations of para. 37.

38. Debtor lacks information sufficient to admit or deny the allegations of para. 38. Movants have repeatedly sought to interfere with the assets of Texas REIT, LLC.

39. Debtor lacks information sufficient to admit or deny the allegations of para. 39.

40. Debtor denies the allegations of para. 40.

41. On December 14, 2023, Texas REIT, Ali Choudhri, Dalio Holdings I, LLC and Dalio Holdings II, LLC filed a petition for review before the Texas Supreme Court in Case no. 23-1019, Texas REIT, LLC, et al v. Mokaram-Latif West Loop, Ltd. and Ali Mokaram.

42. On February 9, 2024, Ali Mokaram filed a Suggestion of Bankruptcy in such action based on the bankruptcy filing of Texas REIT, LLC.

43. On February 16, 2024, the case was abated based upon the bankruptcy filing.

44. On February 5, 2024, Texas REIT, LLC, Ali Choudhri, Dalio Holdings I, LLC and Dalio Holdings II, LLC filed a Notice of Appeal initiating Case No. 14-24-00092, Texas REIT, LLC, Ali Choudhri, Dalio Holdings I, LLC and Dalio Holdings II, LLC v. Mokaram-Latif West Loop Ltd.and Ali Mokaram.

45. On February 9, 2024, Ali Mokaram filed a Suggestion of Bankruptcy in Case No. 14-24-00092.

46. On February 13, 2024, the Fourteenth Court of Appeals issued an order staying the appeal.

47. Because Ali Mokaram has gained a benefit from arguing that the automatic stay applies in the appellate proceedings, he should be estopped to deny that the stay applies.

48. Adv. No. 24-1039 filed by George Lee poses a Schrodinger's cat dilemma. Debtor has taken the position that the Lee adversary is without merit and that George Lee lacks standing to pursue the claim. If Debtor is correct, then the stay would not apply to claims against Mr. Choudhri. However, if Mr. Lee is correct and Ali Choudhri and Texas REIT, LLC are alter egos, then the property of Mr. Choudhri would be property of the estate and the stay would apply. Thus, it is possible that the stay does apply to claims against Mr.

Choudhri and that the stay does not apply. Until the Court determines the Lee Adversary, it would make sense to act as though the stay applies.

Respectfully Submitted,

**BARRON & NEWBURGER, P.C.**
7320 N. MoPac Expwy., Suite 400
Austin, Texas 78731
(512) 649-3243
(512) 476-9253 Facsimile

By: /s/ Stephen W. Sather
     Stephen W. Sather (SBN. 17657520)
     **ATTORNEY FOR DEBTOR**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Response was served by first class mail, postage prepaid and properly addressed, on January 2, 2025, to all parties listed on the attached Service List.

          /s/Stephen W. Sather

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0542-1<br>Case 24-10120-smr<br>Western District of Texas<br>Austin<br>Tue Dec 31 14:11:34 CST 2024 | Texas REIT, LLC<br>2450 Wickersham Lane, Suite 202<br>Austin, TX 78741-4744 | U.S. BANKRUPTCY COURT<br>903 SAN JACINTO, SUITE 322<br>AUSTIN, TX 78701-2450 |
| AGAPE<br>6161 Savoy Drive Suite 500<br>Houston, TX 77036-3326 | Affordable Dumpster Rentals<br>6520 US Hwy 301 S Suite 112<br>Riverview, FL 33578-4324 | Akin Gump Strauss Hauer & Feld LLP<br>1111 Louisiana Street, 44th Floor<br>Houston, TX 77002-5225 |
| Ali Choudhri<br>2425 West Loop St 11 FL<br>Houston TX 77027 | Amina Properties, L.L.C.<br>c/o T. Josh Judd<br>Andrews Myers, P.C.<br>1885 Saint James Place, 15th Floor<br>Houston, Texas 77056-4175 | Caz Creek Holdings 2, LLC<br>c/o Howard Marc Spector<br>12770 Coit Rd, St 850<br>Dallas, TX 75251 |
| Caz Creek Holdings 2, LLC as Custodian for<br>CCH TX2, LLC<br>14800 Landmark Blvd., Suite 400<br>Dallas, TX 75254-7598 | Caz Creek Lending<br>118 Vintage Park Blvd No. W<br>Houston, TX 77070-4095 | City of Houston<br>c/o Tara L. Grundemeier<br>Linebarger Goggan Blair & Sampson LLP<br>PO Box 3064<br>Houston, TX 77253-3064 |
| Clark Hill PC<br>500 Woodward Ave Suite 3500<br>Detroit, MI 48226-3485 | Competition Roofing, Inc.<br>7310 Fairview Street<br>Houston, TX 77041-2106 | Cypress BridgeCo, LLC and Magnolia BridgeCo<br>c/o McDowell Hetherington LLP<br>ATTN: Robert P. Debelak III<br>1001 Fannin St., Ste. 2400<br>Houston, TX 77002-6706 |
| Cypress BridgeCo, LLC and Magnolia BridgeCo,<br>c/o McDowell Hetherington LLP<br>ATTN: Matthew W. Bourda<br>1001 Fannin St., Ste. 2400<br>Houston, TX 77002-6706 | Dalio Holdings I, LLC<br>2425 West Loop South Suite 77027-4210 | Dalio Holdings I, LLC<br>c/o Willian Choslovsky<br>300 S. Wacker Drive, Suite 2750<br>Chicago, IL 60606-6782 |
| Dalio Holdings II, LLC<br>c/o Willian Choslovsky<br>300 S. Wacker Drive, Suite 2750<br>Chicago, IL 60606-6782 | Drew Dennett<br>2450 Wickersham Lane, Suite 202<br>Austin, TX 78741-4744 | FGMS Holdings, LLC<br>12000 Network Blvd., Bldg. B Suite 210<br>San Antonio, TX 78249-3353 |
| (p)HARRIS COUNTY ATTORNEY'S OFFICE<br>P O BOX 2848<br>HOUSTON TX 77252-2848 | Houston Community College System<br>c/o Tara L. Grundemeier<br>Linebarger Goggan Blair & Sampson LLP<br>PO Box 3064<br>Houston, TX 77253-3064 | Houston ISD<br>P.O.Box 4668<br>Houston, TX 77210-4668 |
| Houston ISD<br>c/o Tara L. Grundemeier<br>Linebarger Goggan Blair & Sampson LLP<br>PO Box 3064<br>Houston, TX 77253-3064 | IPFS Corporation<br>30 Montgomery Street, Suite 501<br>Jersey City, NJ 07302-3821 | IPFS Corporation<br>PO Box 412086<br>Kansas City, MO 64141-2086 |
| JLM Law, PLLC<br>1001 West Loop South<br>Ste 700<br>Houston, TX 77027-9033 | Jetall Companies, Inc.<br>2425 West Loop South Suite 1100<br>Houston, TX 77027-4210 | John Quinlan<br>c/o Steven A. Leyh<br>Hoover Slovacek, LLP<br>5051 Westheimer, Suite 1200<br>Houston, Texas 77056-5839 |

| | | |
|---|---|---|
| John Quinlan, Omar Khawaja, and Osama Abdull<br>c/oSteve Leyh Hoover Slovacek LLP<br>Galleria Tower 2, 5051 Westheimer, Ste 1<br>Houston, Texas 77056<br>Houston, TX 77056-5622 | Johnson & Starr, Agent for<br>Tax Lien Loan SPV LLC<br>c/o Howard Marc Spector<br>12770 Coit Rd #850<br>Dallas TX 75251-1364 | Mack Brooks, LLC as agent and<br>attorney in fact for FGMS Holdings, LLC<br>c/o Howard Marc Spector<br>12770 Coit Rd, St 850<br>Dallas, TX 75251 |
| Mack Brooks, LLC as agent for<br>FGMS Holdings, LLC<br>12672 Silicon Drive, Suite 150<br>San Antonio, TX 78249-3450 | Mark C. Taylor, Special Litigation Counsel<br>Holland & Knight LLP<br>100 Congress Avenue, Suite 1800<br>Austin, Texas 78701-4042 | Nationwide Security<br>2425 W Loop S Ste.300<br>Houston, TX 77027-4207 |
| Offices of Drew Dennett<br>2450 Wickersham Ln<br>Suite 202<br>Austin, TX 78741-4744 | Omar Khawaja<br>c/o Steven A. Leyh<br>Hoover Slovacek, LLP<br>5051 Westheimer, Suite 1200<br>Houston, Texas 77056-5839 | Osama Abdullatif<br>c/o Steven A. Leyh<br>Hoover Slovacek, LLP<br>5051 Westheimer, Suite 1200<br>Houston, Texas 77056-5839 |
| Steadfast 829 Holdings, Inc.<br>c/o Rodney Drinnon<br>McCathern<br>2000 West Loop South Suite 1850<br>Houston, TX 77027-3744 | Tax Lien Loan SPV LLC<br>c/o Johnson & Starr<br>PO Box 28040<br>Austin TX 78755-8040 | US Insurance Funding<br>8303 SW Freeway Suite 435<br>Houston, TX 77074-1691 |
| United States Trustee - AU12<br>United States Trustee<br>903 San Jacinto Blvd, Suite 230<br>Austin, TX 78701-2450 | WCW HOUSTON PROPERTIES, LLC<br>Attn: Judith Chang - CFO<br>3657 Briarpark Drive, Ste. 188<br>Houston, TX 77042-5267 | WCW Houston Properties, LLC<br>Attn: Tami Kim Broker Associate/Attorne<br>6100 Corporate Drive, Suite 319<br>Houston, TX 77036-3433 |
| WCW Houston Properties, LLC<br>Howley Law PLLC c/o Eric Terry<br>711 Louisiana Street, Ste 1850<br>Houston, TX 77002-2790 | WCW Houston Properties, LLC<br>c/o M. Kevin Powers<br>Burford Perry, LLP<br>909 Fannin, Suite 2630<br>Houston, Texas 77010-1003 | WCW Houston Properties, LLC<br>c/o Matthew Kevin Powers<br>Burford Perry<br>909 Fannin, Suite 2630<br>Houston, TX 77010-1003 |
| Wrinkle, Gardner & Company, PC<br>PO Box 1707<br>Friendswood, TX 77549-1707 | c/o Steven A. Leyh<br>Hoover Slovacek, LLP<br>5051 Westheimer, Suite 1200<br>Houston, Texas 77056-5839 | Mark Curtis Taylor<br>Holland & Knight<br>100 Congress Ave<br>Suite 1800<br>Austin, TX 78701-4042 |
| Stephen W. Sather<br>Barron & Newburger, PC<br>7320 N MoPac Expy, Suite 400<br>Austin, TX 78731-2347 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Harris County Tax Assessor<br>Po Box 4622<br>Houston, TX 77210-4622 | (d)Harris County, et al<br>P.O. Box 2848<br>Houston, TX 77252 | (d)Harris County, et al.<br>P.O. Box 2848<br>Houston, TX 77252 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(d)FGMS Holdings, LLC                              End of Label Matrix
12000 Network Blvd., Bldg. B Suite 210             Mailable recipients    51
San Antonio, TX 78249-3353                         Bypassed recipients     1
                                                   Total                  52
```