# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| Texas REIT LLC | § § | Case No. 24-10120 (SMR) |
| Debtor. | § § § | |

**JUDGMENT CREDITORS' REPLY IN SUPPORT OF MOTION FOR (I) A DETERMINATION THAT THE AUTOMATIC STAY DOES NOT APPLY TO STATE COURT CLAIMS AGAINST ALI CHOUDHRI INDIVIDUALLY, OR, ALTERNATIVELY, (II) RELIEF FROM THE AUTOMATIC STAY**

Ali Mokaram ("Mokaram") and Osama Abdullatif ("Abdullatif"), judgment creditors of Ali Choudhri (together, the "Judgment Creditors"), for their *Reply in Support of Motion for (I) a Determination that the Automatic Stay Does Not Apply to State Court Claims Against Ali Choudhri Individually, or, Alternatively, (II) Relief from the Automatic Stay* (the "Motion"), respectfully state as follows:

1. The Response sets forth no law mandating the extension of the automatic stay to Choudhri. The automatic stay may only apply to an action against nondebtor defendants only under narrow circumstances depending on their relationship to the debtor. *See Reliant Energy Servs., Inc. v. Enron Can. Corp.*, 349 F.3d 816, 825 (5th Cir. 2003). "The party invoking the stay has the burden to show that it is applicable." *Beran v. World Telemetry, Inc.*, 747 F. Supp. 2d 719 (S.D. Tex. 2010) (citing 2 William L. Norton Jr., Norton Bankruptcy Law and Practice § 43:4 (3d ed. Supp. 2010) (noting that in bankruptcy court proceedings, "the party seeking to extend the stay will bear the burden to show that 'unusual circumstances' exist warranting such an extension of the stay to a nondebtor"); *Arnold v. Garlock, Inc.*, 278 F.3d 426, 436 (5th Cir.

-1-

4922-4505-4979

2001)). As such, the Debtor bears the burden to establish the automatic stay applies to the Judgment Creditors' claims against nondebtor Choudhri.

2. The Debtor responded to the Motion on January 2, 2025. *See* Docket No. 441 (the "Response"). By the Response, the Debtor urges two theories by which it hopes to extend the automatic stay to its nondebtor client representative: (1) an equitable theory that Mokaram should be estopped from denying the stay applies because he previously filed notices of bankruptcy in cases to which the Debtor is a purported party; and (2) that George Lee's adversary is a "Schrodinger's cat" dilemma and the Court is unable to determine whether to grant Choudhri the extraordinary remedy of extending the stay to him until the motions to dismiss are decided. Both theories are incorrect.

3. There is no basis to extend the automatic stay to a nondebtor on the equitable theory presented. First, Mokaram did not assert that the automatic stay applies. Each notice of bankruptcy is merely that: a notice that Texas REIT filed bankruptcy. Neither asserts that the automatic stay does or should apply. Second, even if Mokaram asserted that the automatic stay applies to claims related to Texas REIT, the Debtor does not explain how (true) notices that Texas REIT is in bankruptcy warrant extending the automatic stay to any nondebtor. Nor does the Debtor cite any law to support this equitable theory. Third, as the Debtor admits, both judgments are explicit: they are against Choudhri individually, and not against Texas REIT. *See* Motion Exhibits B & C. The notices of bankruptcy were filed in appeals from Cause No. 2012-27197D, where Mokaram has a judgment against Choudhri and his Dalio companies (not Texas REIT). And finally, even if the automatic stay applies, there is good cause to lift it as outlined in the Motion.

4922-4505-4979

4. Further, the Debtor's logic-game about the George Lee Adversary is not sufficient. The adversary Complaint and requested relief are clear: Lee wants the right to file a proof of claim in the Texas REIT bankruptcy. There is no basis in any of the pleadings for the Debtor's theory that if George Lee's adversary that the alter ego claims would bring Choudhri within the automatic stay. The Debtor, in fact, believes that the automatic stay should not extend to Choudhri and is asserting as much in the George Lee Adversary. *See* Response at ¶ 48.

WHEREFORE, the Judgment Creditors respectfully request that the Court enter an order, substantially in the form attached to the Motion: (a) granting this Motion; (b)(i) finding that the automatic stay does not apply to the State Court Actions against Choudhri, or, alternatively (ii) modifying the automatic stay to permit the State Court Actions to proceed against Choudhri; and (c) granting such other and further relief as is just and proper.

Respectfully submitted this 3rd day of January, 2025.

**GRAY REED**

By: */s/ London England*
  B. Scott Funk
  Texas Bar No. 07550900
  Lydia R. Webb
  Texas Bar No. 24083758
  London England
  Texas Bar No. 24110313
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
Telephone: (713) 986-7000
Facsimile: (713) 986-7100
Email: lwebb@grayreed.com
  sfunk@grayreed.com

**COUNSEL TO ALI MOKARAM**

-4-

## Certificate of Service

      I certify that on January 3, 2025, I caused a copy of the foregoing document to be served by electronic transmission to all registered ECF users appearing in this case.

                                  */s/ London England*
                                  London England

4922-4505-4979