IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
JAN 03 2025
U.S. BANKRUPTCY COURT
BY_____ DEPUTY

| In re: | § | |
|---|---|---|
| | § | CASE NO. 24-10120-smr |
| **TEXAS REIT, LLC** | § | |
| | § | **CHAPTER 11** |
| DEBTOR. | § | |

## AMENDED MOTION TO ENFORCE AUTOMATIC STAY

**To the Honorable Court:**

Pursuant to 11 U.S.C 362(a) and 105(a), Ali Choudhri files this Motion to Enforce Automatic Stay in bankruptcy matter 24-10120-smr and would respectfully show as follows:

### Background

Over the past 12 years, Osama Abdullatif, Omar Khawaja, Ali Mokaram, and George Lee (collectively, the "Judgment Creditors") in this matter have employed various litigation tactics to gain access to the assets of Ali Choudhri in an effort to collect on state court judgements they claim they are owed. In furtherance of this organized plan of attack, Judgment Creditors have lodged claims of alter ego against Mr. Choudhri and the debtor in an effort to subvert the bankruptcy process and gain impermissible access to assets of the bankruptcy estate in violation of 11 U.S.C. 362(a)(1) and (3). *See* Exhibit 1, Excerpt from Omar Khawaja's Deposition dated September 11, 2024, pg. 201 ln. 7-10, 12-25;

```
 7      Q.  Do you contend 1001, the property, 1001, or
 8   the entity that owns 1001, is an alter ego of Ali
 9   Choudhri or Texas REIT?
10      A.  Yes.  Yes, it is.
```

1

```
12        A.   Even if it's not listed by -- even if it's not
13   here, it is -- anything that you control or own is an
14   alter ego, because that's how you operate.
15        Q.   Okay.  Do you know who BridgeCo is,
16   Mr. Khawaja?
17        A.   Yes.
18             MR. BALLASES:  Objection.  Form.
19        Q.   (BY MR. CHOUDHRI)  Have you spoken to anybody
20   at BridgeCo?
21        A.   No.
22             MR. BALLASES:  Objection.  Form.
23        Q.   (BY MR. CHOUDHRI)  But you've sued BridgeCo;
24   correct?
25        A.   Yes.
```

In light of this testimony and the continued attacks against Mr. Choudhri and his related entities during the pendency of this bankruptcy matter, it does not appear that Judgment Creditors will cease in their collection efforts absent court intervention. Therefore, an extension of the automatic stay to cover Mr. Choudhri and his related entities is necessary to protect the assets of the bankruptcy estate from any creditors seeking to impermissibly "step to the front of the line." Indeed, the Honorable Judge Marvin Isgur in the Southern District of Texas has essentially reached the same conclusion about the nature of any alter ego proceeding against Mr. Choudhri and his related entities while this matter is pending bankruptcy, *See* Exhibit 2, Excerpt from Motion Hearing on November 13, 2024, pg. 30, ln. 2-15:

```
 2            The adversary proceeding that I've been handed up,
 3   and again, this is all preliminary, 24-10 — 120 is the case
 4   number.  The adversary proceeding is 24-1039, seeks to hold in
 5   the Bankruptcy Court Texas REIT, which is the Debtor in the
 6   Bankruptcy Court, liable for Mr. Choudhri's personal debts.
 7            If Mr. Choudhri is, in fact, liable, as is being
 8   alleged in this adversary proceeding, for Texas, excuse me,
 9   liable — if Texas REIT is liable for Mr. Choudhri's debts,
10   then a liquidation, or a collection, I should say, of — from
11   Mr. Choudhri of the debts, will diminish his available funds to
12   pay other creditors.
13            And you don't get to step to the front of the line.
14   The automatic stay applies.  If the automatic stay applies, you
15   can't proceed in State Court.  And maybe there's some other
```

Accordingly, this Court should follow Judge Isgur's reasoning and hold that the automatic stay under 11 U.S.C. 362(a) should apply to Ali Choudhri and his related entities while this matter is pending bankruptcy in order to prevent creditors from colluding to impermissibly gain access to assets of the bankruptcy estate. *See* Exhibit 3, Original Petition of George Lee alleging alter ego against Ali Choudhri and related entities, Case No. 24-10120-smr. To do otherwise would thwart the purpose of the automatic stay and the bankruptcy process generally – to ensure the fair and efficient reorganization of a distressed entity.

## Argument

While the automatic stay of section 362(a) is far-reaching and applies to almost any type of action against the debtor or the property of the estate, it does not extend to "non-debtors or even co-debtors, co-tortfeasors, or co-defendants." *In re Southwestern Bell Tel. Co.,* 35 S.W.3d 602, 604 (Tex.2000) (orig.proceeding); *see Cortland Line Co., Inc. v. Israel,* 874 S.W.2d 178, 180-81 (Tex.App.-Houston [14th Dist.] 1994, writ denied) (automatic stay did not protect debtor corporation's officers who were sued in their individual capacities).

Section 362(a)(1) of the bankruptcy code provides an exception to this rule when the assets of the bankruptcy estate would be jeopardized through the continuation of the action. *Bamburg v. Townsend,* 35 S.W.3d 85, 89 (Tex.App.-Texarkana 2000, no pet.). However, to be entitled to this exemption, the principal is required to demonstrate either (1) an identity between the debtor and principal such that the debtor could be said to be the true defendant and a judgment against the principal would in effect be a judgment or finding against the debtor; or (2) extending the stay against the principal would contribute to the debtor's efforts of rehabilitation. *See Novosad v. Cunningham,* 38 S.W.3d 767, 770 (Tex.App.-Houston [14th Dist.] 2001, no pet.); *Bamburg,* 35 S.W.3d at 89. Both elements are satisfied here, thus warranting extension of the stay to a non-debtor.

The Judgment Creditors have raised the claim of alter ego against both Ali Choudhri and the debtor. Any successful claim of alter ego against one would necessarily implicate the rights of the other such that a judgment against one would in effect be a judgment or finding against the other thereby jeopardizing assets of the bankruptcy estate. Moreover, extending the stay against the principal, Mr. Choudhri, would contribute to the debtor's efforts at rehabilitation. Protecting Ali Choudhri from claims of alter ego would ensure funds are protected in the bankruptcy estate

4

to pay creditors upon any subsequent finding of alter ego by a court of competent jurisdiction. While Mr. Choudhri is under the belief that the alter ego claims are without merit, courts have held that such claims are putative property of the bankruptcy estate during the pendency of any bankruptcy proceeding and therefore are protected under section 362(a). *See Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142, 1150-51 (5th Cir. 1987).

Additionally, the Seventh Circuit has held that the automatic stay can be extended to non-debtors when the continued prosecution of a claim against the non-debtor will have an "immediate-adverse economic consequence for the debtor's estate." *Queenie, Ltd v. Nygard Int'l*, 321 F.3d 282, 287-88 (2d. Cir. 2003). Adverse economic consequences for the debtor can exist where a claim against a non-debtor threatens a debtor's reorganization. *See In re Hal Luftig Co.*, No. 22-01176, 2023 Bankr. LEXIS 19, at *1 (Bankr. S.D.N.Y. Jan. 5, 2023). In *Hal Luftig Company, Inc.*, the bankruptcy court extended the corporate debtor's stay to its sole shareholder, Mr. Luftig, who was jointly and severally liable with the corporate debtor on a judgment. *Id.* at *10. The bankruptcy court found it relevant that Mr. Luftig, as president and sole shareholder, was one of three employees of the debtor, and that the debtor was dependent on Mr. Luftig's promotional efforts and investments to generate revenue. Thus, if the judgment creditor was permitted to enforce its judgment against Mr. Luftig during the bankruptcy, Mr. Luftig would have to reduce his efforts for the debtor, threatening its ability to repay its creditors and jeopardizing any reorganization efforts. The bankruptcy court, in accord with the Fourth Circuit, recognized that this was an "unusual circumstance" warranting the extension of the stay to the non-debtor. *Id.*

The automatic stay should be extended to Ali Choudhri, a non-debtor, because the continued prosecution of the alter ego claim against Mr. Choudhri will have an "immediate-

5

adverse economic consequence for the debtor's estate." Specifically, the claim against Mr. Choudhri at issue threatens the debtor's reorganization efforts. Mr. Choudhri and the debtor are subject to state court judgments held by Judgment Creditors for which they are jointly and severally liable, and any collection efforts brought against Mr. Choudhri threatens the viability of the bankruptcy estate. *See* Exhibit 4, Petition for Review filed with the Texas Supreme Court on behalf of Texas REIT, LLC dated December 14, 2023; *see* Exhibit 5, Supreme Court Request for Response due on February 26, 2024; *and see* Exhibit 6, Notice of Bankruptcy filed with the Texas Supreme Court on behalf of Texas REIT, LLC by Attorneys for Respondents dated February 9, 2024 (essentially counsel for Judgment Creditors are claiming that they would like the benefits of bankruptcy protection while still pursuing their claims against the debtor in a state court forum). As in *Luftig*, Mr. Choudhri is also the principal of the debtor, and the debtor is dependent on Mr. Choudhri's promotional efforts and investments to generate revenue. Thus, if Judgment Creditors were permitted to enforce their judgments against Mr. Choudhri during the bankruptcy, Mr. Choudhri would have to reduce his efforts for the debtor, threatening its ability to repay its creditors and jeopardizing any reorganization. Accordingly, the Court should recognize that an "unusual circumstance" exists thus warranting the extension of the stay to a non-debtor.

Furthermore, raising alter-ego allegations triggers the automatic stay under 11 U.S.C. § 362(a)(3), halting any legal action against Mr. Choudhri and the entities and individuals alleged to be his alter egos and those of the Debtor in this case. Indeed, at a minimum, the stay must halt the claims of alter ego that the Judgment Creditors have raised in this case. And even if the automatic stay did not apply to those entities, and those claims, the Court should exercise its power to stay them anyway under 11 U.S.C. § 105(a).

6

### I. All of the claims against Choudhri and his alleged alter egos are subject to the automatic stay under section 362(a)(3).

The first consequence that results from Judgment Creditor's alter ego allegations is to make the claims against all the alleged alter egos subject to the automatic stay under section 362(a)(3). The doctrine of alter ego "is one distinct method of piercing the corporate veil." *In re S.I. Acquisition, Inc.*, 817 F.2d 1142 (5th Cir. 1987) (citing *Castleberry v. Branscum*, 721 S.W.2d 270, 272 (Tex.1986)). Alter ego applies when "there is such unity between corporation and individual" (or such unity between one corporation and another) "that the separate identity of the corporation has ceased, and holding only the corporation liable would result in injustice." *Riquelme Valdes v. Leisure Resource Group, Inc.*, 810 F.2d 1345 (5th Cir. 1987) (quoting *Castleberry*, 721 S.W.2d at 272). And as a consequence of the doctrine's application, the "assets and liabilities" of one entity become the "assets and liabilities" of the other. *State v. DeSantino*, 899 S.W.2d 787, 790 (Tex. App. 1995).

Accordingly, where, as here, numerous entities and individuals are alleged to be alter egos of a bankrupt debtor, that makes the assets and liabilities of the alter egos the assets and liabilities of the estate. *See Pisculli v. T.S. Haulers, Inc.*, 426 B.R. 52, 60 (E.D.N.Y. 2010) ("[A] court may pierce the corporate veil of a business and treat its assets as the debtor's individual property, and, thus, property of the debtor's estate[] under an alter ego theory.").

That means any claim to recover from one of the alter egos is subject to the automatic stay. After all, the automatic stay prohibits not only claims against the debtor itself under section 362(a)(1), but also prohibits any "act" to "obtain possession of property of the estate" under section 362(a)(3). For that reason, numerous cases have held that a non-frivolous allegation of alter ego makes the alleged alter egos subject to the automatic stay. *See, e.g., In re Adler*, 494 B.R. 43, 53 (Bankr. E.D.N.Y. 2013) (holding that claims against alleged alter egos were subject

7

to the automatic stay because the debtor and its alter egos "were at all relevant times one and the same entity"); *Sky Cable, LLC v. DIRECTV, Inc.*, 23 F.4th 313 (4th Cir. 2022) (noting that bankruptcy court had denied a motion for postjudgment attorneys' fees against debtor "and his alter egos because such an award was precluded by the bankruptcy court's automatic stay").[1] This Court should follow these other courts' lead and hold that all claims against all individuals and entities that are alleged to be alter egos of Ali Choudhri and the debtor in bankruptcy are subject to the automatic stay.

## II. At a minimum, the claims alleging alter ego liability must be subject to the automatic stay.

Even if all of the claims against the alleged alter egos of Choudhri and the debtor were not subject to the automatic stay, at a minimum, the alter ego claims themselves must be subject to the stay. *See Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142, 1150-51 (5th Cir. 1987) (holding that causes of action "premised solely upon" alter ego liability are "automatically stayed as to all parties involved" by section 362(a)(1) or (3) upon the filing of the debtor's bankruptcy petition). This is because the "alter ego claims" *themselves* are "property of the estate." *Steyr-Daimler-Puch of America Corp. v. Pappas*, 852 F.2d 132, 135 (4th Cir. 1988) (holding that "the automatic stay applies" to alter ego claims because an alter ego claim is property of the estate). Indeed, alter ego claims belong *exclusively* to the estate, so only "the trustee or debtor-in-possession has exclusive standing to assert the claim." *Raytheon Co. v. Boccard USA Corp.*, 369 S.W.3d 626, 638 (Tex. App. 2012). And that means the Judgment Creditors must be prohibited from raising

---

[1] Indeed, the only cases that have held that alter egos *were not* subject to the automatic stay analyzed only whether the alter egos were actually "the debtor" under section 362(a)(1), rather than asking whether claims against the alter egos fell under section 362(a)(3) because they sought "property of the estate." *See, e.g., In re Meyerland Co.*, 82 B.R. 831 (Bankr. S.D. Tex. 1988); *Pavers & Road Builders Dist. Council Welfare Fund v Core Contracting of N.Y., LLC*, 536 BR 48, 51 (Bankr. E.D.N.Y. 2015). The analysis of these cases is incomplete and therefore unpersuasive.

any claim against Mr. Choudhri and his related entities that is in any way dependent upon proving liability through an alter ego theory.

### III. Even if the claims against the alter egos were not subject to the automatic stay, the Court should extend the stay to them under section 105(a).

Yet even if the claims against the Debtor's alter egos were not subject to the automatic stay, the Court should extend the stay to reach them under section 105(a). Even when claims against non-debtors are not subject to the automatic stay, the court can extend the stay to encompass them "where proceeding with the claim of the co-defendants would work an injustice or adversely affect the bankrupt estate." *In re Precision Colors, Inc.*, 36 B.R. 429, 431 (Bankr. S.D. Ohio 1984); *In re Johns-Manville Corp.*, 33 B.R. 254, 263-64 (Bankr.S.D.N.Y.1983). And allowing claims against the alleged alter egos in this case could have just such an adverse effect on the bankrupt estate, because if Judgment Creditors are right, any judgments collected from these entities would ultimately drain assets from the estate. For just this reason, courts routinely extend the stay to parties who are alleged to be alter egos of the debtor, because allowing those claims to proceed to judgment would risk draining the estate of funds. *E.g., S.I. Acquisition, Inc. v. Eastway Delivery Serv. (In re S.I. Acquisition, Inc.)*, 817 F.2d 1142, 1147 (5th Cir.1987); *In re Kuecker Equip. Co.*, 338 B.R. 52, 60–61 (Bankr.W.D.Mo.2006); *Ng v. Adler (In re Adler)*, 494 B.R. 43 (Bankr. E.D. N.Y. 2013); *Greenberg v. Fincher & Son Real Estate, Inc.*, 753 S.W.2d 506, 507 (Tex. App. 1988); *In re Excel Innovations, Inc.*, 502 F.3d 1086 (9th Cir. 2007); *Cocoletzi v. Fat Sal's Corp.*, No. 15-02696, 2015 WL 4655164, at *1 (S.D.N.Y. Aug. 5, 2015).

### Conclusion

For these reasons, Ali Choudhri's Motion to Enforce the Automatic Stay to matters involving the alter ego claims against Mr. Choudhri and the Debtor should be granted.

Respectfully Submitted,<br>
By: <u>/s/ Ali Choudhri</u><br>
Ali Choudhri<br>
1001 West Loop, Suite 700<br>
Houston, Texas 77027<br>
Phone: 281-630-6627<br>
Email: ali@jetallcapital.com<br>
Defendant, *Pro se*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion was served by first class mail, postage prepaid, properly addressed and/or by electronic means for all Pacer system participants, on January 3, 2024, to all parties listed on the attached service list.

<u>/s/ Ali Choudhri</u><br>
Ali Choudhri

10

```
Label Matrix for local noticing         Texas REIT, LLC                         U.S. BANKRUPTCY COURT
0542-1                                  2450 Wickersham Lane, Suite 202         903 SAN JACINTO, SUITE 322
Case 24-10120-smr                       Austin, TX 78741-4744                   AUSTIN, TX 78701-2450
Western District of Texas
Austin
Tue Dec 31 14:11:34 CST 2024

AGAPE                                   Affordable Dumpster Rentals             Akin Gump Strauss Hauer & Feld LLP
6161 Savoy Drive Suite 500              6520 US Hwy 301 S Suite 112             1111 Louisiana Street, 44th Floor
Houston, TX 77036-3326                  Riverview, FL 33578-4324                Houston, TX 77002-5225


Ali Choudhri                            Amina Properties, L.L.C.                Caz Creek Holdings 2, LLC
2425 West Loop St 11 FL                 c/o T. Josh Judd                        c/o Howard Marc Spector
Houston TX 77027                        Andrews Myers, P.C.                     12770 Coit Rd, St 850
                                        1885 Saint James Place, 15th Floor      Dallas, TX 75251
                                        Houston, Texas 77056-4175


Caz Creek Holdings 2, LLC as Custodian for   Caz Creek Lending                  City of Houston
CCH TX2, LLC                            118 Vintage Park Blvd No. W             c/o Tara L. Grundemeier
14800 Landmark Blvd., Suite 400         Houston, TX 77070-4095                  Linebarger Goggan Blair & Sampson LLP
Dallas, TX 75254-7598                                                           PO Box 3064
                                                                                Houston, TX 77253-3064


Clark Hill PC                           Competition Roofing, Inc.               Cypress BridgeCo, LLC and Magnolia BridgeCo
500 Woodward Ave Suite 3500             7310 Fairview Street                    c/o McDowell Hetherington LLP
Detroit, MI 48226-3485                  Houston, TX 77041-2106                  ATTN: Robert P. Debelak III
                                                                                1001 Fannin St., Ste. 2400
                                                                                Houston, TX 77002-6706


Cypress BridgeCo, LLC and Magnolia BridgeCo,  Dalio Holdings I, LLC             Dalio Holdings I, LLC
c/o McDowell Hetherington LLP           2425 West Loop South Suite 77027-4210   c/o Willian Choslovsky
ATTN: Matthew W. Bourda                                                         300 S. Wacker Drive, Suite 2750
1001 Fannin St., Ste. 2400                                                      Chicago, IL 60606-6782
Houston, TX 77002-6706


Dalio Holdings II, LLC                  Drew Dennett                            FGMS Holdings, LLC
c/o Willian Choslovsky                  2450 Wickersham Lane, Suite 202         12000 Network Blvd., Bldg. B Suite 210
300 S. Wacker Drive, Suite 2750         Austin, TX 78741-4744                   San Antonio, TX 78249-3353
Chicago, IL 60606-6782


(p)HARRIS COUNTY ATTORNEY'S OFFICE      Houston Community College System        Houston ISD
P O BOX 2848                            c/o Tara L. Grundemeier                 P.O.Box 4668
HOUSTON TX 77252-2848                   Linebarger Goggan Blair & Sampson LLP   Houston, TX 77210-4668
                                        PO Box 3064
                                        Houston, TX 77253-3064


Houston ISD                             IPFS Corporation                        IPFS Corporation
c/o Tara L. Grundemeier                 30 Montgomery Street, Suite 501         PO Box 412086
Linebarger Goggan Blair & Sampson LLP   Jersey City, NJ 07302-3821              Kansas City, MO 64141-2086
PO Box 3064
Houston, TX 77253-3064


JLM Law, PLLC                           Jetall Companies, Inc.                  John Quinlan
1001 West Loop South                    2425 West Loop South Suite 1100         c/o Steven A. Leyh
Ste 700                                 Houston, TX 77027-4210                  Hoover Slovacek, LLP
Houston, TX 77027-9033                                                          5051 Westheimer, Suite 1200
                                                                                Houston, Texas 77056-5839
```

| | | |
|---|---|---|
| John Quinlan, Omar Khawaja, and Osama Abdull<br>c/oSteve Leyh Hoover Slovacek LLP<br>Galleria Tower 2, 5051 Westheimer, Ste 1<br>Houston, Texas 77056<br>Houston, TX 77056-5622 | Johnson & Starr, Agent for<br>Tax Lien Loan SPV LLC<br>c/o Howard Marc Spector<br>12770 Coit Rd #850<br>Dallas TX 75251-1364 | Mack Brooks, LLC as agent and<br>attorney in fact for FGMS Holdings, LLC<br>c/o Howard Marc Spector<br>12770 Coit Rd, St 850<br>Dallas, TX 75251 |
| Mack Brooks, LLC as agent for<br>FGMS Holdings, LLC<br>12672 Silicon Drive, Suite 150<br>San Antonio, TX 78249-3450 | Mark C. Taylor, Special Litigation Counsel<br>Holland & Knight LLP<br>100 Congress Avenue, Suite 1800<br>Austin, Texas 78701-4042 | Nationwide Security<br>2425 W Loop S Ste.300<br>Houston, TX 77027-4207 |
| Offices of Drew Dennett<br>2450 Wickersham Ln<br>Suite 202<br>Austin, TX 78741-4744 | Omar Khawaja<br>c/o Steven A. Leyh<br>Hoover Slovacek, LLP<br>5051 Westheimer, Suite 1200<br>Houston, Texas 77056-5839 | Osama Abdullatif<br>c/o Steven A. Leyh<br>Hoover Slovacek, LLP<br>5051 Westheimer, Suite 1200<br>Houston, Texas 77056-5839 |
| Steadfast 829 Holdings, Inc.<br>c/o Rodney Drinnon<br>McCathern<br>2000 West Loop South Suite 1850<br>Houston, TX 77027-3744 | Tax Lien Loan SPV LLC<br>c/o Johnson & Starr<br>PO Box 28040<br>Austin TX 78755-8040 | US Insurance Funding<br>8303 SW Freeway Suite 435<br>Houston, TX 77074-1691 |
| United States Trustee - AU12<br>United States Trustee<br>903 San Jacinto Blvd, Suite 230<br>Austin, TX 78701-2450 | WCW HOUSTON PROPERTIES, LLC<br>Attn: Judith Chang - CFO<br>3657 Briarpark Drive, Ste. 188<br>Houston, TX 77042-5267 | WCW Houston Properties, LLC<br>Attn: Tami Kim Broker Associate/Attorne<br>6100 Corporate Drive, Suite 319<br>Houston, TX 77036-3433 |
| WCW Houston Properties, LLC<br>Howley Law PLLC c/o Eric Terry<br>711 Louisiana Street, Ste 1850<br>Houston, TX 77002-2790 | WCW Houston Properties, LLC<br>c/o M. Kevin Powers<br>Burford Perry, LLP<br>909 Fannin, Suite 2630<br>Houston, Texas 77010-1003 | WCW Houston Properties, LLC<br>c/o Matthew Kevin Powers<br>Burford Perry<br>909 Fannin, Suite 2630<br>Houston, TX 77010-1003 |
| Wrinkle, Gardner & Company, PC<br>PO Box 1707<br>Friendswood, TX 77549-1707 | c/o Steven A. Leyh<br>Hoover Slovacek, LLP<br>5051 Westheimer, Suite 1200<br>Houston, Texas 77056-5839 | Mark Curtis Taylor<br>Holland & Knight<br>100 Congress Ave<br>Suite 1800<br>Austin, TX 78701-4042 |
| Stephen W. Sather<br>Barron & Newburger, PC<br>7320 N MoPac Expy, Suite 400<br>Austin, TX 78731-2347 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Harris County Tax Assessor<br>Po Box 4622<br>Houston, TX 77210-4622 | (d)Harris County, et al<br>P.O. Box 2848<br>Houston, TX 77252 | (d)Harris County, et al.<br>P.O. Box 2848<br>Houston, TX 77252 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | |
|---|---|
| (d)FGMS Holdings, LLC<br>12000 Network Blvd., Bldg. B Suite 210<br>San Antonio, TX 78249-3353 | End of Label Matrix<br>Mailable recipients    51<br>Bypassed recipients     1<br>Total                  52 |