# Exhibit 4

FILED
23-1049
12/14/2023 2:29 PM
tex-82583923
SUPREME COURT OF TEXAS
BLAKE A. HAWTHORNE, CLERK

No. 23- _____

---

## IN THE SUPREME COURT OF TEXAS
## IN AUSTIN

---

## TEXAS REIT, LLC, ALI CHOUDHRI, DALIO HOLDINGS I, LLC and DALIO HOLDINGS II, LLC,

Petitioners,

v.

## MOKARAM-LATIF WEST LOOP, LTD., and ALI MOKARAM,

Respondents.

---

On Appeal from the 14th Court of Appeals, Harris County
No. 14-23-00694-CV
Harris County, Texas No. 2012-27197-D
Honorable Randy Wilson, Judge Presiding
333rd Judicial District Court

---

## PETITIONERS' PETITION FOR REVIEW

Andy Taylor
State Bar No. 19727600
Andy Taylor & Associates, P.C.
2628 Highway 36S, #288
Brenham, TX 77833
Office: (713) 222-1817
Fax: (713) 222-1855
Cell: (713) 412-4025
ataylor@andytaylorlaw.com
Counsel for Petitioners

## ORAL ARGUMENT REQUESTED

1

# LIST OF PARTIES AND COUNSEL

**Petitioners**
Texas REIT, LLC ("REIT")
Ali Choudhri ("Choudhri")
Dalio Holdings I, LLC ("Dalio I")
Dalio Holdings II, LLC (Dalio II")

**Counsel for Petitioners**
Andy Taylor
State Bar No. 19727600
Andy Taylor & Associates, P.C.
2628 Highway 36S, #288
Brenham, TX 77833
Office: (713) 222-1817
Fax: (713) 222-1855
ataylor@andytaylorlaw.com

**Respondents**
Mokaram-Latif West Loop, LTD ("MLWL")
Ali Mokaram ("Mokaram")

**Trial Counsel for Respondent MLWL**
Rodney Drinnon
MCCATHERN HOUSTON
2000 West Loop South, Suite 1850
Houston, Texas 77027
(832) 533-8689
rdrinnon@mccathernlaw.com

**Trial Counsel for Respondent Mokaram**
D. Scott Funk
State Bar No. 07550900
1300 Post Oak Boulevard, Suite 2000
Houston, Texas 77056
Telephone: (713) 986-7000
Facsimile: (713) 986-7100
sfunk@grayreed.com

**TABLE OF CONTENTS**

COVER PAGE.................................................................................................1

LIST OF PARTIES AND COUNSEL .................................................................2

TABLE OF CONTENTS.................................................................................3

INDEX OF AUTHORITIES .............................................................................6

STATEMENT OF JURISDICTION ..................................................................8

STATEMENT OF THE CASE .......................................................................10

ISSUES PRESENTED ...................................................................................13

STATEMENT REGARDING ORAL ARGUMENT ...........................................13

SUMMARY OF THE ARGUMENT .................................................................13

STATEMENT OF FACTS .............................................................................15

ARGUMENT AND AUTHORITIES.................................................................20

**ISSUE NUMBER ONE**
**(briefing combined with Issue Number Two)**

DID THE COURT OF APPEALS ERR BY FAILING TO FOLLOW THE UNITED STATE SUPREME COURT'S DECISION IN *COINBASE, INC. V. BIELSKI*, NO. 22-105 (JUNE 23, 2023), WHICH HELD THAT THE FILING OF A NOTICE OF INTERLOCUTORY APPEAL OF THE TRIAL COURT'S DENIAL OF A MOTION TO COMPEL ARBITRATION TRIGGERED AN AUTOMATIC STAY OF ALL FURTHER TRIAL COURT PROCEEDINGS?

**ISSUE NUMBER TWO**
**(briefing combined with Issue Number One)**

DID THE COURT OF APPEALS ERR BY FAILING TO HOLD THAT ALL TRIAL COURT ACTIONS TAKEN

SUBSEQUENT TO THE PETITIONERS' FILING OF THEIR NOTICE OF INTERLOCUTORY APPEAL CONSTITUTED RULINGS WHICH WERE VOID AB INITIO?

A.  The Court of Appeal's Opinion Is Wrong Because Petitioners' Interlocutory Appeal Created an Automatic Stay Which Prevented this Appeal from Becoming Moot.

    *1.  The Court of Appeal's Opinion Misconstrues and Misapplies the United States Supreme Court's Decision in Coinbase.*

B.  The Court of Appeal's Opinion is Wrong Because it Focuses Exclusively on Whether Section 51.014 of the Texas Civil Practice and Remedies Code Provides an Automatic Stay Instead of Considering Whether Section 51.016 of the Texas Civil Practice and Remedies Code and 9 U.S.C. Section 16 Provide an Automatic Stay.

    *1.  A Trial Court May Issue Further Orders Only If No Stay Is In Place.*

    *2.  If A Stay Exists, Then The Court May Not Issue Any Further Orders.*

    *3.  This Court Has Now Made Clear That The Appellate Courts Likewise Are Prohibited From Issuing Any Orders When A Stay Exists.*

    *4.  The United States Supreme Court Has Now Made Clear That The Trial Courts Are Prohibited From Issuing Any Orders When A Stay Exists.*

**ISSUE NUMBER THREE (not reached below)**

DID THE COURT OF APPEALS ERR BY NOT ADDRESSING A POINT OF ERROR RAISED BY PETITIONER IN THAT COURT?

A.    The Court of Appeal's Opinion Does Not Resolve All Issues Necessary for Resolution of the Appeal

PRAYER.................................................................................31

CERTIFICATE OF SERVICE ...............................................32

CERTIFICATE OF COMPLIANCE.......................................33

APPENDIX, Volume 1, Tabs A through I .................................... attached

APPENDIX, Volume 2, Tabs A through L .................................... attached

# INDEX OF AUTHORITIES

**Federal Cases**

*Coinbase, Inc. v. Bielski*, No. 22-105 (June 23, 2023) .................... 7-8, 17, 22-23, 28

*Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56 (1982) ............................... 23

*Kalb v. Feuerstein*, 308 U.S. 433 (1940) ....................................................................... 29

**State Cases**

*Bishop v. City of Austin*, 2016 Tex. App. LEXIS 13920 (Tex. App.—Austin
Sept. 20, 2016) ................................................................................................................. 26

*City of Sealy v. Town Park Ctr.*, 2017 Tex. App. LEXIS 8106 (Tex. App.—
Houston [1st Dist.] Aug. 24, 2017, no pet.) ................................................................. 26

*Cont'l Casing Corp. v. Samedan Oil Corp.*, 751 S.W.2d 499 (Tex. 1988) ............. 29

*Fitzgerald v. Advanced Spine Fixation Sys.*, Inc., 996 S.W.2d 864 (Tex.
1999) ................................................................................................................................. 27

*Ilif v. Ilif*, 339 S.W.3d 74 (Tex. 2011) ........................................................................ 27

*In re F.C. Holdings, Inc.*, 349 S.W.3d 811
(Tex. App.—Tyler 2011, orig. proceeding) ........................................................... 23, 24

*In re Geomet Recycling, LLC*, 578 S.W.3d 82 (Tex. 2019) ..................................... 27

*Kilpatrick v. Potoczniak*, 2014 WL 3778837 (Tex. App. – Houston [14th
Dist.] July 31, 2014, no pet. h.) .................................................................................... 29

*In re Moreno*, 4 S.W.3d 278 (Tex. App. [14th Dist.] 1999,
orig. proceeding) ............................................................................................................. 29

*Sheinfeld, Maley & Kay, P.C. v. Bellush*, 61 S.W.3d 437 (Tex. App.—San
Antonio 2011, no pet.) .................................................................................................... 25

*Sloan v. Law Office of Oscar C. Gonzalez Inc.*, 479 S.W.3d 833 (Tex. 2016)
(per curiam) ..................................................................................................................... 31

*Swanson v. Town of Shady Shores,* 2016 Tex. App. LEXIS 9064 (Tex. App.—Fort Worth Aug. 18, 2016, orig. proceeding) ...............................................25

*West v. Robinson,* 180 S.W.3d 575 (Tex. 2005) (per curiam)...........................21, 22

**Federal Statutes**

*9 U.S.C. § 16* ...................................................................... 7-8, 23, 28

**State Statutes**

*Tex. Civ. Prac. & Rem. Code Ann. § 51.014* .....................................................passim

*Tex. Civ. Prac. & Rem. Code Ann. § 51.016* .....................................................passim

*Tex. Gov't Code § 22.001* .................................................................................... 8

**Rules**

*Tex. R. App. P. 47.1* ...................................................................9, 30, 31

*Tex. R. App. P. 29.5* ...................................................................23, 25

## **STATEMENT OF JURISDICTION**

This Court has jurisdiction to consider this Petition for Review because it raises several issues that are important to the State's jurisprudence. Tex. Gov't Code § 22.001. First, the opinion of the court of appeals fails to follow a recent decision by the United States Supreme Court. *See Coinbase, Inc. v. Bielski*, No. 22-105 (June 23, 2023)(the United States Supreme Court has now made clear that a district court must stay its proceedings while an interlocutory appeal on the question of arbitrability is ongoing). It appears that no Texas appellate court has yet to opine on whether the denial of a state court motion to arbitrate—where the parties' arbitration agreement specifies that the Federal Arbitration Act ("FAA") controls—triggers an automatic stay of the underlying trial court proceedings. Thus, it is crucially important that this Court answer this question, as this issue will no doubt repeat itself time and time again in future cases involving arbitration agreements arising under the FAA which are pending in state court.

Second, the rationale of the court of appeals that no automatic stay was triggered in this case is woefully thin. Indeed, the court of appeals erred by restricting its analysis to whether an automatic stay was triggered by focusing solely on the automatic stay provisions contained within Section

51.014 of the Texas Civil Practice and Remedies Code. The actual provision which applies in this case is Section 51.016, not Section 51.014. Section 51.016 makes clear that any appeal from the denial of an arbitration request arising under the FAA—which is indisputably the case here—is governed by 9 U.S.C. Section 16, *not Section 51.014 as the court of appeals seemed to assume*. As explained above, the United States Supreme Court's recent decision in *Coinbase, Inc. v. Bielski*, No. 22-105 (June 23, 2023) has now made clear that a district court must stay its proceedings while an interlocutory appeal on the question of arbitrability is ongoing. This recent decision resolved a conflict in the federal courts of appeal as to whether a stay did or did not automatically exist upon the filing of an appeal of a trial court's denial of a motion to compel arbitration: simply put, it does. Thus, this case provides this Court with the opportunity to not only correct the tunnel visioned reasoning of the court of appeals below, but to also write an opinion for all practitioners who participate in arbitration matters to follow in the future.

Third, the court of appeals opinion—issued on October 17, 2023—did not address a point necessary to final disposition of the appeal as required by Tex. R. App. P. 47.1. In order to efficiently resolve this appeal without undue delay, this Court should go ahead and determine what the court of

9

appeals ignored, and that is whether the Trial Court's entry of an Order transferring a live pleading into a severed cause number, was also barred by the automatic stay.

For these reasons, the Court has jurisdiction and should, in the interests of advancing the jurisprudence of the state, accept this case and issue a decision that puts these concerns to rest.

## STATEMENT OF THE CASE

*Nature of Underlying Proceeding:* Petitioners, who were Defendants below, filed a Motion to Compel Arbitration of certain arbitral claims which were contained within a live pleading pending before the Trial Court, Judge Randy Wilson, who was sitting by assignment as the Presiding Judge of the 333rd Civil District Court of Harris County. Without affording Petitioners any hearing, which had been requested, the Trial Court instead simply denied, sua sponte, Petitioners' Motion to Compel Arbitration on September 13, 2023 (see Appendix, Volume 1, Tab A).

Petitioners' promptly filed their Notice of Interlocutory Appeal of the Trial Court's Interlocutory Order, and then argued that the effect of that appeal was to trigger an immediate stay of all Trial Court proceedings, according to a recent decision by the United States Supreme Court entitled, *Coinbase, Inc. v. Bielski*, No. 22-105

(June 23, 2023)(see Appendix, Volume 1, Tab E).

The Trial Court disagreed, and over the Petitioners' objection, Judge Wilson thereafter rescinded his September 13, 2023 Order denying the Motion to Compel Arbitration, which had already been appealed, in an Order dated September 19, 2023 (see Appendix, Volume 1, Tab G), and then also proceeded to transfer a live pleading which was pending and which gave rise to the Motion to Compel Arbitration in the first place, to another previously-severed lawsuit, in an Order dated that same day (see Appendix, Volume 1, Tab H).

Once the Trial Court rescinded the Order which had been appealed, the Respondents filed a Motion to Dismiss Petitioners' interlocutory appeal as moot (see Appendix, Volume 2, Tab A). After some limited briefing, see Appendix, Volume 2, Tab K), the 14th Court of Appeals issued an Opinion and Judgment on October 17, 2023 which sided with the Respondents, and dismissed Petitioners' appeal as moot (see Appendix, Volume 2, Tabs B and C).

Since that time, the Trial Court entered a Final Judgment on November 7, 2023 awarding over $3.5 million in favor of the Respondents and against Petitioners, (see Appendix, Volume 2, Tab D), which lead to the Petitioners' filing a

Motion for Rehearing, a Motion for Rehearing En Banc, and a Supplement to both Motions, with the 14th Court of Appeals (see Appendix, Volume 2, Tabs E, F and G). On December 7, both Rehearing Motions were denied, without opinion (see Appendix, Volume 2, Tabs H and I).

Emboldened by the dismissal of the appeal, Respondents have now filed a Motion to Appoint a Receiver (see Appendix, Volume 2, Tab J) and have taken aggressive actions to set that Motion for an oral hearing and to begin forcible collection of the Final Judgment, which has been appealed but which has not been superseded.

By separate Motion, Petitioners seek a stay of all trial court proceedings in order to protect this Court's jurisdiction, to preserve the status quo, and to avoid irreparable harm which will result by the loss of a unique piece of commercial real estate if forcible collection activity is permitted to continue.

*Action from which relief requested:*   Petitioners seek review of the 14th Court of Appeals' Judgment and Opinion dated October 17, 2023 (see Appendix, Volume 2, Tabs B and C), which erroneously grants Respondents' Motion to Dismiss Petitioners' appeal as moot.

Seeking to reverse and render the Court of Appeals' erroneous dismissal of their appeal, Petitioners assert three

12

(3) basic arguments here: (1) an automatic stay of the underling trial court proceedings was triggered upon the filing by Petitioners of their Notice of Interlocutory Appeal; (2) all actions taken by the Trial Court after the stay was automatically triggered are void ab initio; and (3) the court of appeals wrongfully refused to consider and decide one of Petitioners' points of error, but, in an effort to promote judicial efficiency, this Court should address the arguments by Petitioners which the court of appeals ignored.

## ISSUES PRESENTED

### ISSUE NUMBER ONE
**(argued together with Issue Number Two)**

DID THE COURT OF APPEALS ERR BY FAILING TO FOLLOW THE UNITED STATE SUPREME COURT'S DECISION IN *COINBASE, INC. V. BIELSKI*, NO. 22-105 (JUNE 23, 2023), WHICH HELD THAT THE FILING OF A NOTICE OF INTERLOCUTORY APPEAL OF THE TRIAL COURT'S DENIAL OF A MOTION TO COMPEL ARBITRATION TRIGGERED AN AUTOMATIC STAY OF ALL FURTHER TRIAL COURT PROCEEDINGS?

### ISSUE NUMBER TWO
**(argued together with Issue Number One)**

DID THE COURT OF APPEALS ERR BY FAILING TO HOLD THAT ALL TRIAL COURT ACTIONS TAKEN SUBSEQUENT TO THE PETITIONERS' FILING OF THEIR NOTICE OF INTERLOCUTORY APPEAL CONSTITUTED RULINGS WHICH WERE VOID AB INITIO?

### ISSUE NUMBER THREE (not reached below)

DID THE COURT OF APPEALS ERR BY NOT ADDRESSING A POINT OF ERROR RAISED BY PETITIONER IN THAT COURT?

## STATEMENT REGARDING ORAL ARGUMENT

The facts and law pertaining to this case are somewhat complex. Petitioners believe oral argument will be helpful to the Court in determining whether the Trial Court erred in dismissing their appeal.

## SUMMARY OF THE ARGUMENT

Petitioners' interlocutory appeal of the Trial Court's denial of their Motion to Compel Arbitration created an automatic stay of the underlying trial court proceedings. As soon as the Trial Court became aware of the interlocutory appeal and the triggering of the automatic stay, the Trial Court had no discretion to proceed, but was obligated to refrain from taking any further action in the case. Instead of standing down, and over Petitioners' objection, the Trial Court continued to proceed with a previously-notice "status" conference by zoom in the underlying proceeding. The court reporter was unable to join the zoom hearing, making it impossible to have an official transcription of the record. Undeterred by the automatic stay, the Trial Court conducted not just a "status" conference, but a full-blown hearing, the result of which was the Trial Court's determination to withdraw his previous Order denying Appellants' Motion to Compel Arbitration, and to then enter another Order to transfer the live pleading giving rise to the

14

request for arbitration into a separate previously severed cause altogether. In addition, the Trial Court entered a Final Judgment on November 7, 2023, which imposes in excess of $3.5 million of joint and several liability upon the Petitioners. Even more recently, the Respondents filed a Motion to Appoint a Turnover Receiver, and have requested an oral hearing to present their Motion.

None of these activities were permissible, as each action violated the automatic stay.

## STATEMENT OF FACTS[1]

This interlocutory appeal arises from the Trial Court's denial of a Motion to Compel Arbitration on September 13, 2023. See Appendix, Volume 1, Tab A. On August 13, 2023, Appellants' filed their Motion to Compel Arbitration of Remaining Claims, requesting that the district court enter an Order compelling arbitration those pending claims subject to

---

[1] Petitioners' Statement of Facts is supported by the various exhibits which were filed as an Appendix with the Court of Appeals, a copy of which is being filed concurrently herein. See Appendix, Volume 1, Tabs A through I, in its entirety. Because the underlying appeal was dismissed as moot, no Clerks' Record exists. In addition, because the Corut Reporter was unable to gain access to the zoom hearing, no Reporters' Record exists. Additional support can be found in the second volume of an Appendix. See Appendix, Volume 2, Tabs A through L, in its entirety. The undersigned attorney for Petitioners has personal knowledge of all of the facts presented in the Statement of Facts, and has presented an unsworn declaration under penalty of perjury to supplement the Appendix in support of same. See Appendix, Volume 2, Tab L.

arbitration.[2] These pending claims arise from three separate agreements containing mandatory arbitration agreements, as follows:[3]

(p)     THE PARTIES ACKNOWLEDGE THAT THIS AGREEMENT EVIDENCES A TRANSACTION INVOLVING INTERSTATE COMMERCE. THE FEDERAL ARBITRATION ACT SHALL GOVERN THE INTERPRETATION, ENFORCEMENT, AND PROCEEDINGS PURSUANT TO THE ARBITRATION CLAUSE OF THIS AGREEMENT.

(d)     THE PARTIES ACKNOWLEDGE THAT THIS AGREEMENT EVIDENCES A TRANSACTION INVOLVING INTERSTATE COMMERCE.  THE FEDERAL ARBITRATION ACT SHALL GOVERN THE INTERPRETATION, ENFORCEMENT, AND PROCEEDINGS PURSUANT TO THE ARBITRATION CLAUSE OF THIS AGREEMENT.

(p)     THE PARTIES ACKNOWLEDGE THAT THIS AGREEMENT EVIDENCES A TRANSACTION INVOLVING INTERSTATE COMMERCE. THE FEDERAL ARBITRATION ACT SHALL GOVERN THE INTERPRETATION, ENFORCEMENT, AND PROCEEDINGS PURSUANT TO THE ARBITRATION CLAUSE OF THIS AGREEMENT.

On August 13, 2023, Petitioners filed their first Motion to Compel Arbitration. See Appendix, Volume 1, Tab B. Alongside that Motion, Petitioners requested a hearing on the Motion. See Appendix, Volume 1, Tab C. No oral hearing was even given. Neither did the Court set the Moton for ruling by submission.

Without being afforded any opportunity to present evidence or argument in support of Petitioners' Motion to Compel Arbitration, the Trial Court simply entered an Order denying the Petitioners' Motion to Compel Arbitration on September 13, 2023. See Appendix, Volume 1, Tab A. Said Order was not uploaded into the District Court's electronic filing system until September 18, 2023.

---

[2] Appendix, Volume 1, Tab B, p. 17-18.
[3] Appendix, Volume 1, Tab D, p. 1; Exhibit 1, p. 5; Ex. 2, p. 9; Ex. 3, p. 6.

As soon as the undersigned attorney saw the Order, and because no evidentiary hearing had occurred, Petitioners promptly filed that same evening an Amended Motion to Compel Arbitration, along with eleven (11) exhibits, to demonstrate why the live claims in the underlying case required arbitration. Petitioners also asked for a hearing on their Amended Motion. See Appendix, Volume 1, Tab D.

Once the Amended Motion had been filed, Petitioners next filed their Notice of Interlocutory Appeal of the Trial Court's September 13, 2023 Order denying the original Motion to Compel Arbitration. See Appendix, Volume 1, Tab E.

In both its Original and Amended Motions, Petitioners contended that the filing of this interlocutory appeal resulted in an immediate and automatic stay of the underlying trial court proceedings. *Coinbase, Inc. v. Bielski*, No. 22-105 (June 23, 2023)(the United States Supreme Court has now made clear that a district court must stay its proceedings while an interlocutory appeal on the question of arbitrability is ongoing).

Petitioners promptly informed the parties and the Trial Court of both the filing of the Notice of Interlocutory Appeal and the triggering of the automatic stay a few minutes after it was filed. See Appendix, Volume 1, Tab F.

The next morning, which was September 20, 2023, the Trial Court conducted a status conference by zoom on several pending causes, including the underlying proceeding herein. The court reporter for this hearing was unable to obtain access to the zoom hearing, and therefore *there is no official transcript of what transpired* during the Trial Court's status conference.[4]

The undersigned counsel asked the Trial Court if he was aware of the filing of the interlocutory appeal from the night before, and Judge Wilson said he was not. The Court then checked his email and confirmed receipt of Petitioners' filings from the night before.

**Petitioners' undersigned counsel then explained that an automatic stay was in place, and that the Court could not go forward**. Opposing counsel then launched into a substantive argument as to whether a stay was really triggered, as well as whether any claims were arbitrable, among other arguments. Petitioners' counsel again objected to a "status" conference morphing into a merits hearing.

Despite the presence of the stay, and over the objection of the Petitioners' undersigned counsel, the Trial Court nevertheless proceeded forward, even though the court reporter could not gain entry into the zoom

---

[4] The undersigned counsel attended the zoom hearing and has personal knowledge of what transpired, and has submitted an unsworn Declaration stating what occurred. See Appendix, Volume 2, Tab L.

conference, and thus no official record or transcription could be made of what was occurring.

During the status conference, and over the objection of the Petitioners, the Trial Court announced its intention to enter two Orders, which ultimately occurred later the same day. The first Order—dated September 19, 2023— purports to withdraw the September 13, 2023 Order which gave rise to the Notice of Interlocutory Appeal in the first place. See Appendix, Volume 1, Tab G. The second Order, which was also dated September 19, 2023, transferred the live pleading, called the 7th Amended Counterclaim, to another severed lawsuit, called the "C" case (the underlying trial court proceeding from which this appeal emanates is called the "D" case). See Appendix, Volume 1, Tab H.

Subsequent to the completion of the status conference, but prior to the entry of these two Orders, and even though not required to do so, Petitioners filed a Motion to Stay, and objected to the Trial Court's proceeding forward in violation of the automatic stay which was in place. See Appendix, Volume 1, Tab I. Although Petitioners requested an oral hearing, or, in the alternative, a hearing by submission, the Trial Court did neither. To date, the Trial Court has neither heard nor ruled on Petitioners' Motion to Stay.

As will be demonstrated below, the Trial Court's conduct and entry of two Orders was impermissible because an automatic stay was already in place. Furthermore, the Trial Court's eventual entry of Final Judgment has exposed Petitioners to unwarranted and illegal collection activities, including an attempt to appoint a turnover receiver, which would cause Petitioners to lose a unique and extremely valuable parcel of commercial real estate, which is located on Westheimer Road near the Galleria in Houston.

## ARGUMENT AND AUTHORITIES[5]

### ISSUE NUMBER ONE
### (argued together with Issue Number Two)

DID THE COURT OF APPEALS ERR BY FAILING TO FOLLOW THE UNITED STATE SUPREME COURT'S DECISION IN *COINBASE, INC. V. BIELSKI*, NO. 22-105 (JUNE 23, 2023), WHICH HELD THAT THE FILING OF A NOTICE OF INTERLOCUTORY APPEAL OF THE TRIAL COURT'S DENIAL OF A MOTION TO COMPEL ARBITRATION TRIGGERED AN AUTOMATIC STAY OF ALL FURTHER TRIAL COURT PROCEEDINGS?

### ISSUE NUMBER TWO
### (argued together with Issue Number One)

DID THE COURT OF APPEALS ERR BY FAILING TO HOLD THAT ALL TRIAL COURT ACTIONS TAKEN SUBSEQUENT TO THE PETITIONERS' FILING OF THEIR NOTICE OF INTERLOCUTORY APPEAL CONSTITUTED RULINGS WHICH WERE VOID AB INITIO?

---

[5] Because the Court of Appeals did not reach one of the issues raised by the Petitioners in their 14th Court briefing, it is briefed in this Petition for Review. Thus, all of the issues are before this Court and, in the interests of justice and judicial economy and expediency, should be decided by this Court, rather than remanded back to the Court of Appeals on issues they did not decide or even reach.

**A.**     **The Court of Appeal's Opinion Is Wrong Because Petitioners'
Interlocutory Appeal Created an Automatic Stay Which
Prevented this Appeal from Becoming Moot.**

Petitioners contend that the Court of Appeals incorrectly determined
that this interlocutory appeal is moot. As will be demonstrated herein, the
filing of Petitioners' Notice of Interlocutory Appeal triggered an automatic
stay of the underlying Trial Court proceedings. Thus, each of the Trial
Court's subsequent orders and entry of final judgment violated that
automatic stay, and, for that reason, all such rulings are void.

Petitioners' filing of their Notice of Interlocutory Appeal of the Trial
Court's sua sponte September 13, 2023 denial of their Motion to Compel
Arbitration created an automatic stay of the underling trial court
proceedings. Although the effectiveness of the stay was operative without
regard to whether the Trial Court was or was not aware of its existence,
Petitioners' nevertheless notified the Trial Court immediately upon filing
their Notice of Interlocutory Appeal. Once the Trial Court became aware of
the interlocutory appeal and the triggering of the automatic stay the very
next morning, the Trial Court should have immediately stayed all
proceedings. Instead of standing down, and over Petitioners' objection, the
Trial Court continued to proceed with a previously noticed "status"
conference by zoom in the underlying proceeding. The court reporter was

21

unable to join the zoom hearing, making it impossible to have an official transcription of the record. Undeterred by the automatic stay, the Trial Court conducted not just a "status" conference, but a full-blown merits hearing, the result of which was the Trial Court's determination to withdraw his previous September 13, 2023 Order denying Appellants' Motion to Compel Arbitration, and to then enter another Order to transfer the live pleading giving rise to the request for arbitration in the first place into a separate previously severed cause altogether. These actions were not permissible, and violated the automatic stay.

   1. *The Court of Appeal's Opinion Misconstrues and Misapplies the United States Supreme Court's Decision in Coinbase.*

Petitioners' Notice of Interlocutory Appeal has the effect of automatically staying this case pending the outcome of the appeal. See *Coinbase, Inc. v. Bielski*, No. 22-105 (June 23, 2023)(the United States Supreme Court has now made clear that a district court must stay its proceedings while an interlocutory appeal on the question of arbitrability is ongoing). Although the Court of Appeals acknowledged the High Court's opinion, they failed to apply it correctly, choosing to focus solely on Section 51.014(b) of the Texas Civil Practice and Remedies Code, while ignoring Section 51.016. On page 2 of its opinion, the Panel states the following:

In Coinbase, the Court relied on the Griggs principle: "[a]n appeal, including an interlocutory appeal, 'divests the district court of its control over those aspects of the case involved in the appeal.'" Id. at 1919 (quoting Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982)). Texas has never followed the Griggs principle in circumstances like those presented here. Texas Rule of Appellate Procedure 29.5 expressly provides that the trial court retains jurisdiction while an interlocutory appeal is pending. See Tex. R. App. P. 29.5. Texas law does, however, provide for some automatic stays during certain interlocutory appeal. See Tex. Civ. Prac. & Rem. Code § 51.014(b) (providing for automatic stays of certain statutorily allowed interlocutory appeals). An interlocutory appeal from the denial of a motion to compel arbitration is not an appeal for which our Civil Practice and Remedies Code provides an automatic stay. See In re F.C. Holdings, Inc., 349 S.W.3d 811, 816 (Tex. App.—Tyler 2011, orig. proceeding) (no automatic stay after an order denying arbitration). Therefore, the order withdrawing the order denying arbitration is not void, as argued by appellants.

See Opinion on page 2.

Petitioners assert that this reasoning is wrong, because another section, namely, Section 51.016 of the Texas Civil Practice and Remedies Code, provides that an interlocutory appeal of the Trial Court's denial of Petitioners' Motion to Compel Arbitration: (i) is permitted; and (ii) that appeal will be governed by 9 U.S.C. Section 16 of the Federal Arbitration Act. *Coinbase* makes clear that an automatic stay is triggered when the aggrieved party files a notice of interlocutory appeal, and Section 51.016 of the Texas Civil Practice Remedies Code imports federal law when setting

forth when, and under what circumstances, an automatic stay might be triggered that is outside the confines of Section 51.014(b).

Moreover, this Panel's reliance upon *In re F.C. Holdings, Inc.*, 349 S.W.3d 811, 816 (Tex. App.—Tyler 2011, orig. proceeding), for the proposition that "no automatic stay after an order denying arbitration," is simply wrong. See Opinion on page 2. That cited case dealt with a Rule 11 agreement which imposed conditions precedent to actually arbitrating, and, even more fundamentally, dealt with the question of whether it was an abuse of discretion for a trial court to defer ruling on a pending motion to arbitrate under those circumstances. *In re F.C. Holdings* did **not** deal with the question presented here: whether federal law results in an automatic stay. The case at bar is entirely different, as the Petitioners' right to appeal stemmed not from inaction, but from the Trial Court's purposeful decision, sua sponte, to deny arbitration. *Coinbase* therefore applies. Accordingly, once the Petitioners filed their Notice of Interlocutory Appeal, an automatic stay was triggered.

**B.   The Court of Appeal's Opinion is Wrong Because it Focuses Exclusively on Whether Section 51.014 of the Texas Civil Practice and Remedies Code Provides an Automatic Stay Instead of Considering Whether Section 51.016 of the Texas Civil Practice and Remedies Code and 9 U.S.C. Section 16 Provide an Automatic Stay.**

### 1. *A Trial Court May Issue Further Orders Only If No Stay Is In Place.*

Generally, while an appeal from an interlocutory order is pending, the trial court retains jurisdiction of the case and, unless prohibited by statute, may make such further orders as are necessary so long as it does not make an order that: (1) is inconsistent with any appellate court temporary order; or (2) interferes with or impairs the jurisdiction of the appellate court or the effectiveness of any relief sought or that may be granted on appeal. *Tex. R. App. P. 29.5.*

### 2. *If A Stay Exists, Then The Court May Not Issue Any Further Orders.*

One such limiting statute is Section 51.014(b) of the Texas Civil Practice and Remedies Code, which provides that an interlocutory appeal of an order denying a plea to the jurisdiction filed by a governmental unit stays commencement of a trial and also stays "all other proceedings in the trial court pending resolution of the appeal." *Tex. Civ. Prac. & Rem. Code Ann. § 51.014(b).* "[T]he stay set forth in section 51.014 is statutory and allows no room for discretion." *Swanson v. Town of Shady Shores, Nos. 02-15-00351-CV & 02-15-00356-CV, 2016 Tex. App. LEXIS 9064, at \*10 (Tex. App.—Fort Worth Aug. 18, 2016, orig. proceeding)* (quoting *Sheinfeld, Maley & Kay, P.C. v. Bellush, 61 S.W.3d 437 439 (Tex. App.—San Antonio 2011, no*

*pet.))*. Therefore, a trial court cannot take any action on its own in a proceeding where an interlocutory appeal has been taken from the denial of a jurisdictional plea filed by a governmental unit. *Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8), (b) (West Supp. 2017). See City of Sealy v. Town Park Ctr., No. 01-17-00127-CV, 2017 Tex. App. LEXIS 8106, at *2 (Tex. App.—Houston [1st Dist.] Aug. 24, 2017, no pet.).*

> ### 3. *This Court Has Now Made Clear That The Appellate Courts Likewise Are Prohibited From Issuing Any Orders When A Stay Exists*

Prior to 2019, some appellate courts believed that they could modify the automatic stay for limited purposes, even if trial courts could not. Indeed, there were several reported decisions whereby, under those circumstances, while trial court proceedings are automatically stayed pursuant to Section 51.014(b), a party to the underlying proceeding still has the general right to seek and obtain permission from the court of appeals to "lift the stay" and allow the trial court to proceed for a limited purpose. *See City of Sealy v. Town Park Ctr.*, No. 01-17-00127-CV, 2017 Tex. App. LEXIS 8106, at *2-5 (Tex. App.—Houston [1st Dist.] Aug. 24, 2017, no pet.)*; see also Bishop v. City of Austin*, No. 03-16-00580-CV, 2016 Tex. App. LEXIS 13920, at *1 (Tex. App.—Austin Sept. 20, 2016).

But that all changed in 2019, when this Court held that appellate

courts did not have such authority to lift the legislatively mandated stay in Section 51.014(b), even for a limited purpose. *In re Geomet Recycling, LLC, 578 S.W.3d 82, 86-91 (Tex. 2019)*. In *Geomet*, the Court held as follows:

> Neither section 51.014 nor any other statute to which we are directed authorizes a court of appeals to lift the stay, whether altogether or for a limited purpose. It is not our place to "judicially amend the statute to add an exception not implicitly contained in the language of the statute." Fitzgerald v. Advanced Spine Fixation Sys., Inc. , 996 S.W.2d 864, 867 (Tex. 1999). And "[w]e have no right to engraft upon the statute any conditions or provisions not placed there by the legislature." Ilif v. Ilif , 339 S.W.3d 74, 80–81 (Tex. 2011). Courts cannot add equitable or practical exceptions to section 51.014(b) that the legislature did not see fit to enact. The statute creates a clear and definite rule, and its text admits of no exceptions to that rule. The stay is of "all other proceedings in the trial court," and the text dictates that the stay lasts until "resolution of th[e] appeal," not until the court of appeals lifts the stay. TEX. CIV. PRAC. & REM. CODE § 51.014(b) (emphasis added).

Id.

### 4. *The United States Supreme Court Has Now Made Clear That The Trial Courts Are Prohibited From Issuing Any Orders When A Stay Exists.*

Although the above-cited cases relate to a legislatively imposed automatic stay arising specifically from Section 51.014 of the Texas Civil Practice and Remedies Code, the exact same result is mandated in the case at bar, for two reasons. First, the Texas Legislature has already decided that an interlocutory appeal arising from the denial of a motion to arbitrate

involving the Federal Arbitration Act ("FAA") is governed by Section 51.016 of the Texas Civil Practice and Remedies Code. That particular statute provides not only that an interlocutory appeal of this Court's denial of Petitioners' Motion to Compel Arbitration is permitted, but it also specifies that an appeal will be governed by 9 U.S.C. Section 16 of the FAA. Second, the United States Supreme Court recently and finally settled a conflict amongst the federal appellate courts, holding that an appeal under Section 16 of the FAA has the jurisprudential effect of automatically staying this case pending the outcome of the appeal. See *Coinbase, Inc. v. Bielski*, No. 22-105 (June 23, 2023)(the United States Supreme Court has now made clear that a district court must stay its proceedings while an interlocutory appeal on the question of arbitrability is ongoing).

Not only did the automatic stay deprive the Trial Court of the power to withdraw its own appealed Order dated September 13, 2023, the Trial Court's subsequent Order should never have been entered either. Indeed, this second Order actually changed the status quo, as it literally stripped arbitrable claims by some of the parties in the 2012-27197-D case, and moved them to a separate severed lawsuit called the 2012-27197-C case. This Court should not countenance such an Order, as it improperly served as an "end around" the Petitioners' right to appeal, which had already been

filed. Due process dictates that Petitioners should have their day in the appellate courts.

An action taken in violation of an automatic stay is void, not merely voidable. *See Cont'l Casing Corp. v. Samedan Oil Corp.*, 751 S.W.2d 499, 501 (Tex. 1988) (*citing Kalb v. Feuerstein,* 308 U.S. 433 (1940)); *see also Kilpatrick v. Potoczniak*, No. 14-13-00707-CV, 2014 WL 3778837, at *1 (Tex. App. – Houston [14th Dist.] July 31, 2014, no pet. h.) ("The Supreme Court of Texas has held that an action taken in violation of the automatic stay is void, not merely voidable"). A void act is one entirely null within itself, not binding on either party, and which is not susceptible of ratification or confirmation; its nullity cannot be waived. *In re Moreno*, 4 S.W.3d 278, 281 (Tex. App. [14th Dist.] 1999, orig. proceeding).

All of these activities violate the automatic stay, and are void.

## ISSUE NUMBER THREE (not reached below)

DID THE COURT OF APPEALS ERR BY NOT ADDRESSING A POINT OF ERROR RAISED BY PETITIONER IN THAT COURT?

### A. The Court of Appeal's Opinion Does Not Resolve All Issues Necessary for Resolution of the Appeal.

Petitioners' third and final reason for asking the Court to hear this matter is because the Court of Appeal's opinion--issued on October 17,

2023--does not address a point necessary to final disposition of the appeal as required by Tex. R. App. P. 47.1.

In its prior briefing, Appellants specifically raised two (2) issues before the Panel, as follows:

> "This case involves an interlocutory appeal of the Trial Court's order denying a motion to arbitrate. The first issue presented is whether the Trial Court--after an interlocutory appeal was filed and after an automatic stay was triggered—nevertheless had the power to ignore that stay and, in an effort to moot the appeal, rescind its previously appealed order. The second issue presented is whether the Trial Court--after withdrawal of its previous order denying Appellants' motion to arbitrate--could go even further by entering a second order, which transferred arbitrable claims contained within a live pleading from one severed case to another severed case, coupled with a prohibition against any of the Appellants filing any further pleadings without leave of court."

See Appendix, Volume 2, Tab J (Petitioners' Brief Regarding Mootness, pages 2-3, filed on October 2, 2023).

The Court of Appeal's Opinion issued on October 17, 2923 purports to answer, albeit incorrectly, the question of whether the Trial Court's withdrawal of its prior Order denying a motion to arbitrate could circumvent an interlocutory appeal that preceded the subsequent Order of withdrawal. But the Panel's opinion fails to address whether it was appropriate for the Trial Court to ignore three different Motions tied to arbitration, on the one

hand[6], while entering an Order that literally stripped arbitral claims and parties out of the lawsuit and dropping them into a severed claim, on the other hand, all of which occurred without a hearing and without a court reporter. Regardless of the other issues raised and decided, the Court of Appeals was required to address this specific issue too. Tex. R. App. P. 47.1; *West v. Robinson*, 180 S.W.3d 575, 576 (Tex. 2005) (per curiam) (rule 47 is mandatory); see also *Sloan v. Law Office of Oscar C. Gonzalez Inc.*, 479 S.W.3d 833, 834 (Tex. 2016) (per curiam) (remanding to court of appeals for disposition of unaddressed issues).

## PRAYER

---

[6] Beyond the simple fact that Petitioners' Notice of Interlocutory Appeal should have stayed the Trial Court from doing anything further, the Trial Court also erred in ignoring subsequent attempts by the Petitioners to compel arbitration. Petitioners' initial Motion to Arbitrate was filed on August 13, 2023. Although a request for oral hearing was made, no setting was permitted by the Trial Court, and no setting was given by submission either. Instead, the Trial Court simply entered its Order denying the initial Motion to Arbitrate on September 13, 2023, sus sponte, with no notice of submission and without conducting an oral hearing. Because of the inherent administrative delay between time of signature and time of posting by the Harris County District Clerk's Office, Petitioners did not know about the September 13, 2023 Order for several days. As soon as they were notified, Petitioners immediately made a second filing, which was called "Appellants' Amended Motion to Arbitrate", and which was filed on October 18, 2023. Because no hearing had been permitted on Petitioners' initial Motion, no opportunity to present evidence had been afforded to the parties. Thus, the Amended Motion was more robust in terms of attaching the actual evidence, such as the three (3) underlying arbitration agreements, as well as a fourth so-called Rule 11 arbitration agreement, among other exhibits. Petitioners' third filing, which was a Motion to Stay, was filed on September 19, 2023, immediately after the Trial Court's so-called "status conference," which actually turned out to be an unannounced hearing without a court reporter on the Respondents' attempts to obtain entry of a Final Judgment in the case. Of significance, all three (3) of the Petitioners'' Motions were pending BEFORE the Trial Court withdrew its September 13, 2023 Order on September 19, 2023. And yet each of them went unaddressed by the Trial Court.

WHEREFORE PREMISES CONSIDERED, Petitioners seek review of this case by filing this Petition for Review, as explained above. Ultimately, Petitioners ask the Court to find that their appeal is not moot, and further request the issuance of an emergency stay in order to preserve the status quo and to avoid the permanent deprivation of their rights without this Court having a fair opportunity to hear Petitioners' appeal. Petitioners hereby request a stay of any trial court proceedings in 2012-27197-D, pending the outcome of this appeal, as well as entry of an Order that the two Orders entered by the Trial Court after the stay are void, and that the November 7, 2023 Final Judgment is void ab initio, and that no collection activities may proceed at the present time.

Respectfully Submitted,

ANDY TAYLOR & ASSOCIATES, P.C.
BY: /s/ Andy Taylor
    ANDY TAYLOR
    State Bar No. 19727600
    Andy Taylor & Associates, P.C.
    2628 Highway 36S, #288
    Brenham, Texas 77833
    Telephone: (713) 222-1817
    Facsimile: (713) 222-1855

COUNSEL FOR PETITIONERS

## CERTIFICATE OF SERVICE

By affixing my signature above, I hereby certify that a true and correct copy of Petitioners' Petition for Review has been delivered via the

electronic filing system to the parties below on the 14th day of December, 2023.

**Respondent MLWL**
Rodney Drinnon
MCCATHERN HOUSTON
2000 West Loop South, Suite 1850
Houston, Texas 77027
(832) 533-8689
Email: rdrinnon@mccathernlaw.com

**Respondent Mokaram**
D. Scott Funk
State Bar No. 07550900
1300 Post Oak Boulevard, Suite 2000
Houston, Texas 77056
Telephone: (713) 986-7000
Facsimile: (713) 986-7100
Email: sfunk@grayreed.com


/s/ Andy Taylor
Andy Taylor

## RULE 52.3(J) CERTIFICATION

I have reviewed this document and concluded that every factual statement herein is supported by competent evidence in the appendix or record.

/s/ Andy Taylor
Andy Taylor

## CERTIFICATE OF COMPLIANCE

In accordance with TEX. R. APP. P. 9.4(i)(3), I certify that this document complies with the type-volume restrictions of TEX. R. APP. P. 9.4(e), (i)(2)(B). Inclusive of the portions exempted by Rule 9.4(i)(1), this Brief contains 4,425 words and is in Times New Roman, 14-point type.

/s/ Andy Taylor
Andy Taylor