**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

**FILED**
**JAN 17 2025**
U.S. BANKRUPTCY COURT
BY_____DEPUTY

| | | |
|---|---|---|
| In re: | § | |
| | § | CASE NO. 24-10120-smr |
| TEXAS REIT, LLC | § | |
| | § | CHAPTER 11 |
| DEBTOR. | § | |

## SECOND AMENDED
## MOTION TO ENFORCE THE AUTOMATIC STAY

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.

IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

**To the Honorable Court:**

Pursuant to 11 U.S.C 362(a) and 105(a), Ali Choudhri files this Second Amended Motion to Enforce the Automatic Stay in a bankruptcy court matter, Cause No. 24-10120-smr and in support would respectfully show as follows:

1

## Background

Over the past 12 years, Osama Abdullatif, Omar Khawaja, Ali Mokaram, and George Lee (collectively, the "Judgment Creditors")[1] have employed various litigation tactics to gain access to the assets of Ali Choudhri in an effort to collect on state court judgements they claim they are allegedly owed. In furtherance of this organized plan of attack, the Judgment Creditors have lodged claims of alter ego against Mr. Choudhri and the debtor to subvert the bankruptcy process and access assets of the bankruptcy estate in violation of 11 U.S.C. 362(a)(1) and (3). *See* Exhibit 3, Excerpt from Omar Khawaja's Deposition dated September 11, 2024, pg. 201 ln. 7-10, 12-25:

```
 7        Q.  Do you contend 1001, the property, 1001, or
 8   the entity that owns 1001, is an alter ego of Ali
 9   Choudhri or Texas REIT?
10        A.  Yes.  Yes, it is.
```

---

[1] George Lee has filed an adversary complaint in this bankruptcy matter alleging claims against Ali Choudhri and Texas REIT. *See* Exhibit 1, Adversary Complaint Filed by George Lee in Bankruptcy Case No. 24-10120-smr. Pursuant to this complaint, Mr. Lee seeks to hold both parties liable for state court judgments he claims he is owed under the theory of alter ego which, as discussed further below, directly affects assets of the debtor and therefore the rights of creditors to this bankruptcy action.

The remaining creditors' claims are based on state court judgments they are currently pursuing against Ali Choudhri and a number of his related entities, including Texas REIT, in a separate state court proceeding. For a brief recitation of the factual circumstances giving rise to those claims, *see* Exhibit 2, Sale Agreement Executed December 18, 2012 Between Ali Mokaram and Osama Abdullatif. In that proceeding, the creditors also allege liability under the theory of alter ego. Again, as discussed further below, any finding of alter ego against Mr. Choudhri in the state court action directly affects the assets of Texas REIT and therefore the lawful claims of its creditors. The state court proceeding is currently on appeal to the Texas Supreme Court, but the matter has been stayed pending resolution of this bankruptcy case.

2

```
12        A.   Even if it's not listed by -- even if it's not
13   here, it is -- anything that you control or own is an
14   alter ego, because that's how you operate.
15        Q.   Okay.  Do you know who BridgeCo is,
16   Mr. Khawaja?
17        A.   Yes.
18             MR. BALLASES:  Objection.  Form.
19        Q.   (BY MR. CHOUDHRI)  Have you spoken to anybody
20   at BridgeCo?
21        A.   No.
22             MR. BALLASES:  Objection.  Form.
23        Q.   (BY MR. CHOUDHRI)  But you've sued BridgeCo,
24   correct?
25        A.   Yes.
```

In light of Omar Khawaja's testimony above and continued attacks against Mr. Choudhri, including his related entities, during the pendency of this bankruptcy matter, it is evident that absent court intervention the Judgment Creditors will not cease in their collection actions. Therefore, an extension of the automatic stay to cover Mr. Choudhri is necessary to protect the assets of the bankruptcy estate from any creditors seeking to impermissibly "step to the front of the line." Indeed, the Honorable Judge Marvin Isgur in the Southern District of Texas has essentially reached the same conclusion about the nature of any alter ego proceeding against Mr. Choudhri while this matter is pending bankruptcy, *See* Exhibit 4, Excerpt from Motion Hearing on November 13, 2024, Pg. 30, ln. 2-15:

```
 2        The adversary proceeding that I've been handed up,
 3  and again, this is all preliminary, 24-10 — 120 is the case
 4  number.  The adversary proceeding is 24-1039, seeks to hold in
 5  the Bankruptcy Court Texas REIT, which is the Debtor in the
 6  Bankruptcy Court, liable for Mr. Choudhri's personal debts.
 7        If Mr. Choudhri is, in fact, liable, as is being
 8  alleged in this adversary proceeding, for Texas, excuse me,
 9  liable — if Texas REIT is liable for Mr. Choudhri's debts,
10  then a liquidation, or a collection, I should say, of — from
11  Mr. Choudhri of the debts, will diminish his available funds to
12  pay other creditors.
13        And you don't get to step to the front of the line.
14  The automatic stay applies.  If the automatic stay applies, you
15  can't proceed in State Court.  And maybe there's some other
```

Accordingly, this Court should follow Judge Isgur's reasoning and hold that the automatic stay under 11 U.S.C. 362(a) should apply to Ali Choudhri while this matter is pending bankruptcy in order to prevent creditors from colluding to impermissibly gain access to assets of the bankruptcy estate. To do otherwise would thwart the purpose of the automatic stay and the bankruptcy process generally – to ensure the fair and efficient reorganization of a distressed entity.

## Argument

While the automatic stay of section 362(a) is far-reaching and applies to almost any type of action against the debtor or the property of the estate, it does not extend to "non-debtors or even co-debtors, co-tortfeasors, or co-defendants." *In re Southwestern Bell Tel. Co.*, 35 S.W.3d

4

602, 604 (Tex. 2000) (orig.proceeding); *see Cortland Line Co., Inc. v. Israel*, 874 S.W.2d 178, 180-81 (Tex.App.-Houston [14th Dist.] 1994, writ denied) (automatic stay did not protect debtor corporation's officers who were sued in their individual capacities).

A. **Section 362(a)(1) extends the automatic stay to cover non-debtors when certain conditions are present which jeopardize the bankruptcy estate.**

Section 362(a)(1) of the bankruptcy code, however, provides an exception to the general rule when the assets of the bankruptcy estate would be jeopardized through the continuation of the action against the non-debtor. *Bamburg v. Townsend*, 35 S.W.3d 85, 89 (Tex.App.-Texarkana 2000, no pet.). To be entitled to this exemption, the non-debtor is required to demonstrate either (1) an identity between the debtor and non-debtor such that the debtor could be said to be the true defendant and a judgment against the non-debtor would in effect be a judgment or finding against the debtor; or (2) extending the stay against the non-debtor would contribute to the debtor's efforts of rehabilitation. *See Novosad v. Cunningham*, 38 S.W.3d 767, 770 (Tex.App.-Houston [14th Dist.] 2001, no pet.); *Bamburg*, 35 S.W.3d at 89. Both elements are satisfied here, thus warranting extension of the stay to a non-debtor.

The Judgment Creditors have raised the claim of alter ego against both Ali Choudhri and the debtor. Any successful claim of alter ego against one would necessarily implicate the rights of the other such that a judgment against one would in effect be a judgment or finding against the other thereby jeopardizing assets of the bankruptcy estate. Moreover, extending the stay against the non-debtor, Mr. Choudhri, would contribute to the debtor's efforts at rehabilitation. Specifically, protecting Ali Choudhri from claims of alter ego would ensure assets of the debtor are protected in the bankruptcy estate to pay claims of lawful creditors during the debtor's reorganization efforts. Indeed, without the stay, and in the event Mr. Choudhri is found liable, certain creditors would be able to pursue their own remedies against the debtor and those

5

creditors who acted first would obtain payment to the detriment of other creditors. *See Bamburg,* 35 S.W.3d at 88. Therefore, extending the automatic stay under 362(a)(1) to Ali Choudhri would contribute to the debtor's efforts of rehabilitation.

B. **The automatic stay can be extended to non-debtors pursuant to Section 362(a)(1) under "unusual circumstances."**

Drawing on authority from the Fourth Circuit, the Fifth Circuit has explained when a non-bankrupt defendant should benefit from section 362(a)(1). *See Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142, 1147 (5th Cir. 1987) (citing *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)). In *Robins* the court stated "[i]n order for relief for [] non-bankrupt defendants to be available under [362](a)(1), there must be "unusual circumstances" and certainly '[s]omething more than the mere fact that one of the parties to the lawsuit has filed Chapter 11 bankruptcy must be shown in order that proceedings be stayed against the non-bankrupt parties.'" 788 F.2d 994, 999 (4th Cir. 1986). In determining what constitutes "unusual circumstances," the Fourth Circuit explained that when the liability of the non-bankrupt is not independent of the debtor's liability and a judgment against the non-bankrupt will be binding upon the debtor's estate, the stay protection must be extended to encompass actions against the non-bankrupt. *See id.*

Here, the liability of the non-bankrupt party is not independent of the debtor's liability. The alter ego claim alleged by Judgment Creditors seeks to hold Ali Choudhri and all his related entities, including the debtor, liable for the claimed debt. If the alter ego claim against Mr. Choudhri is successful, then Judgment Creditors would "pierce the veil" of all his related entities, including the debtor. Consequently, the assets of the bankruptcy estate would be in jeopardy of being seized by Judgment Creditors, which would thwart the bankruptcy process. Therefore, the nature of the alleged alter ego claim against Mr. Choudhri gives rise to "unusual

6

circumstances" which warrant extending the stay under 362(a)(1) to a non-debtor. Accordingly, the court should extend the automatic stay under 362(a)(1) to cover Ali Choudhri during the pendency of this bankruptcy matter.

Additionally, the Second Circuit has held that the automatic stay can be extended to non-debtors when the continued prosecution of a claim against the non-debtor will have an "immediate-adverse economic consequence for the debtor's estate." *Queenie, Ltd v. Nygard Int'l*, 321 F.3d 282, 287-88 (2d. Cir. 2003). Adverse economic consequences for the debtor can exist where a claim against a non-debtor threatens a debtor's reorganization. *See In re Hal Luftig Co.*, No. 22-01176, 2023 Bankr. LEXIS 19, at *1 (Bankr. S.D.N.Y. Jan. 5, 2023). In *Hal Luftig Company, Inc.*, the bankruptcy court extended the corporate debtor's stay to its sole shareholder, Mr. Luftig, who was jointly and severally liable with the corporate debtor on a judgment. *Id.* at *10. The bankruptcy court found it relevant that Mr. Luftig, as president and sole shareholder, was one of three employees of the debtor, and that the debtor was dependent on Mr. Luftig's promotional efforts and investments to generate revenue. Thus, if the judgment creditor was permitted to enforce its judgment against Mr. Luftig during the bankruptcy, Mr. Luftig would have to reduce his efforts for the debtor, threatening its ability to repay its creditors and jeopardizing any reorganization efforts. The bankruptcy court, in accord with the Fourth and Fifth Circuit, recognized that this was an "unusual circumstance" warranting the extension of the stay to the non-debtor. *Id.*

The automatic stay should be extended to Ali Choudhri, a non-debtor, because the continued prosecution of the alter ego claim against Mr. Choudhri will have an "immediate-adverse economic consequence for the debtor's estate." Specifically, the claim against Mr. Choudhri at issue threatens the debtor's reorganization efforts. Mr. Choudhri and the debtor are

7

subject to state court judgments held by Judgment Creditors for which they are allegedly liable, therefore any collection efforts brought against Mr. Choudhri pursuant to an alter ego theory threatens the viability of the bankruptcy estate. *See* Exhibit 5, Petition for Review filed with the Texas Supreme Court on behalf of Texas REIT, LLC dated December 14, 2023; *see* Exhibit 6, Supreme Court's Request for Response due on February 26, 2024; *see also* Exhibit 7, Notice of Bankruptcy Filed with the Texas Supreme Court on Behalf of Texas REIT, LLC by Attorneys for Respondents dated February 9, 2024; *and see* Exhibit 8, Supreme Court of Texas Docket Sheet, Pg. 2, Remarks dated February 16, 2024.[2] Furthermore, as in *Luftig*, Mr. Choudhri is the principal of the debtor, and the debtor is dependent on Mr. Choudhri's promotional efforts and investments to generate revenue. Thus, if Judgment Creditors were permitted to enforce their judgments against Mr. Choudhri during the bankruptcy, Mr. Choudhri would have to reduce his efforts for the debtor, threatening its ability to repay its creditors and jeopardizing any reorganization. Accordingly, the Court should recognize that an "unusual circumstance" exists thus warranting extension of the stay to a non-debtor.[3]

### C. Alter ego allegations trigger extension of the automatic stay to non-debtors under Section 362(a)(3).

---

[2] The core focus of this matter is whether the automatic stay applies to Ali Choudhri individually. The cited Exhibits demonstrate the appellate record established at the Texas Supreme Court. On appeal, the Court asked for briefing from Judgment Creditors about the issue of whether the automatic stay applied to Mr. Choudhri. Instead, Judgment Creditor filed a notice of stay pending bankruptcy in the matter. The Supreme Court granted the requested relief. Judicial estoppel "precludes a party who successfully maintains a position in one proceeding from afterwards adopting a clearly inconsistent position in another proceeding to obtain an unfair advantage." *Ferguson v. Bldg. Materials Corp. of Am.*, 295 S.W.3d 642, 643 (Tex. 2009). Judicial estoppel should apply, and Judgment Creditors should be prevented from taking inconsistent positions to gain an unfair advantage in this matter. For further explanation, *see* Exhibit 9, Testimony of Steve Sather at Hearing on January 6, 2025, Pg. 12, Ln. 5-25; Pg. 13, Ln. 1-22.

[3] The crux of the argument is that should a court find Ali Choudhri liable under the alter ego theory, this would jeopardize assets of the bankruptcy estate and impede the debtor's efforts at rehabilitation. That is, a finding of alter ego against Ali Choudhri would subject assets of the bankruptcy estate to Mr. Choudhri's creditors thereby thwarting the bankruptcy process. Not the alternative theory put forth by Judgment Creditors, that Ali Choudhri would be deprived of his due process rights in the event of a finding of alter ego against the debtor. *See* Exhibit 10, Scott Funk and London England's Ex-Parte E-mail Communications with Judge Wilson.

8

Furthermore, raising alter-ego allegations triggers the automatic stay under 11 U.S.C. § 362(a)(3), halting any legal action against Mr. Choudhri and the entities and individuals alleged to be his alter egos and those of the Debtor in this case. Indeed, at a minimum, the stay must halt the claims of alter ego that the Judgment Creditors have raised in this case. And even if the automatic stay did not apply to those entities, and those claims, the Court should exercise its power to stay them anyway under 11 U.S.C. § 105(a).

## I. All of the claims against Choudhri and his alleged alter egos are subject to the automatic stay under section 362(a)(3).

The first consequence that results from Judgment Creditors' alter ego allegations is to make the claims against all the alleged alter egos subject to the automatic stay under section 362(a)(3). The doctrine of alter ego "is one distinct method of piercing the corporate veil." *In re S.I. Acquisition, Inc.*, 817 F.2d 1142 (5th Cir. 1987) (citing *Castleberry v. Branscum*, 721 S.W.2d 270, 272 (Tex.1986)). Alter ego applies when "there is such unity between corporation and individual" (or such unity between one corporation and another) "that the separate identity of the corporation has ceased, and holding only the corporation liable would result in injustice." *Riquelme Valdes v. Leisure Resource Group, Inc.*, 810 F.2d 1345 (5th Cir. 1987) (quoting *Castleberry*, 721 S.W.2d at 272). And as a consequence of the doctrine's application, the "assets and liabilities" of one entity become the "assets and liabilities" of the other. *State v. DeSantino*, 899 S.W.2d 787, 790 (Tex. App. 1995).

Accordingly, where, as here, numerous entities and individuals are alleged to be alter egos of a bankrupt debtor, that makes the assets and liabilities of the alter egos the assets and liabilities of the estate. *See Pisculli v. T.S. Haulers, Inc.*, 426 B.R. 52, 60 (E.D.N.Y. 2010) ("[A] court may pierce the corporate veil of a business and treat its assets as the debtor's individual property, and, thus, property of the debtor's estate[] under an alter ego theory.").

That means any claim to recover from one of the alter egos is subject to the automatic stay. After all, the automatic stay prohibits not only claims against the debtor itself under section 362(a)(1), but also prohibits any "act" to "obtain possession of property of the estate" under section 362(a)(3). For that reason, numerous cases have held that a non-frivolous allegation of alter ego makes the alleged alter egos subject to the automatic stay. *See, e.g., In re Adler*, 494 B.R. 43, 53 (Bankr. E.D.N.Y. 2013) (holding that claims against alleged alter egos were subject to the automatic stay because the debtor and its alter egos "were at all relevant times one and the same entity"); *Sky Cable, LLC v. DIRECTV, Inc.*, 23 F.4th 313 (4th Cir. 2022) (noting that bankruptcy court had denied a motion for post judgment attorneys' fees against debtor "and his alter egos because such an award was precluded by the bankruptcy court's automatic stay").[4] This Court should follow these other courts' lead and hold that all claims against all individuals and entities that are alleged to be alter egos of Ali Choudhri and the debtor in bankruptcy are subject to the automatic stay.

## II. At a minimum, the claims alleging alter ego liability must be subject to the automatic stay.

Even if all of the claims against the alleged alter egos of Choudhri and the debtor were not subject to the automatic stay, at a minimum, the alter ego claims themselves must be subject to the stay. *See Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142, 1150-51 (5th Cir. 1987) (holding that causes of action "premised solely upon" alter ego liability are "automatically stayed as to all parties involved" by section 362(a)(1) or (3) upon the filing of the debtor's bankruptcy petition). This is because the "alter ego claims" *themselves* are "property of the estate." *Steyr-Daimler-*

---

[4] Indeed, the only cases that have held that alter egos *were not* subject to the automatic stay analyzed only whether the alter egos were actually "the debtor" under section 362(a)(1), rather than asking whether claims against the alter egos fell under section 362(a)(3) because they sought "property of the estate." *See, e.g., In re Meyerland Co.*, 82 B.R. 831 (Bankr. S.D. Tex. 1988); *Pavers & Road Builders Dist. Council Welfare Fund v Core Contracting of N.Y., LLC*, 536 BR 48, 51 (Bankr. E.D.N.Y. 2015). The analysis of these cases is incomplete and therefore unpersuasive.

*Puch of America Corp. v. Pappas*, 852 F.2d 132, 135 (4th Cir. 1988) (holding that "the automatic stay applies" to alter ego claims because an alter ego claim is property of the estate). Indeed, alter ego claims belong *exclusively* to the estate, so only "the trustee or debtor-in-possession has exclusive standing to assert the claim." *Raytheon Co. v. Boccard USA Corp.*, 369 S.W.3d 626, 638 (Tex. App. 2012). And that means the Judgment Creditors must be prohibited from raising any claim against Mr. Choudhri and his related entities that is in any way dependent upon proving liability through an alter ego theory.

### III. Even if the claims against the alter egos were not subject to the automatic stay, the Court should extend the stay to them under section 105(a).

Yet, even if the claims against the Debtor's alter egos were not subject to the automatic stay, the Court should extend the stay to reach them under section 105(a). Even when claims against non-debtors are not subject to the automatic stay, the court can extend the stay to encompass them "where proceeding with the claim of the co-defendants would work an injustice or adversely affect the bankrupt estate." *In re Precision Colors, Inc.*, 36 B.R. 429, 431 (Bankr. S.D. Ohio 1984); *In re Johns-Manville Corp.*, 33 B.R. 254, 263-64 (Bankr. S.D.N.Y.1983). And allowing claims against the alleged alter egos in this case could have just such an adverse effect on the bankrupt estate, because if Judgment Creditors are right, any judgments collected from these entities would ultimately drain assets from the estate. For just this reason, courts routinely extend the stay to parties who are alleged to be alter egos of the debtor, because allowing those claims to proceed to judgment would risk draining the estate of funds. *E.g., S.I. Acquisition, Inc. v. Eastway Delivery Serv. (In re S.I. Acquisition, Inc.)*, 817 F.2d 1142, 1147 (5th Cir.1987); *In re Kuecker Equip. Co.*, 338 B.R. 52, 60–61 (Bankr.W.D.Mo.2006); *Ng v. Adler (In re Adler)*, 494 B.R. 43 (Bankr. E.D. N.Y. 2013); *Greenberg v. Fincher & Son Real Estate, Inc.*, 753 S.W.2d 506,

11

507 (Tex. App. 1988); *In re Excel Innovations, Inc.*, 502 F.3d 1086 (9th Cir. 2007); *Cocoletzi v. Fat Sal's Corp.*, No. 15-02696, 2015 WL 4655164, at *1 (S.D.N.Y. Aug. 5, 2015).

## Conclusion

For these reasons, Ali Choudhri respectfully requests that the Second Amended Motion to Enforce the Automatic Stay to matters involving the alter ego claims against Mr. Choudhri and the Debtor should be granted.

Respectfully Submitted,

By: _____
Ali Choudhri
1001 West Loop, Suite 700
Houston, Texas 77027
Phone: 281-630-6627
Email: ali@jetallcapital.com
Defendant, *Pro se*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion was served by first class mail, postage prepaid, properly addressed and/or by electronic means for all Pacer system participants, on January 16, 2024, to all parties listed on the attached service list.

_____
Ali Choudhri

```
Label Matrix for local noticing          Texas REIT, LLC                          U.S. BANKRUPTCY COURT
0542-1                                   2450 Wickersham Lane, Suite 202          903 SAN JACINTO, SUITE 322
Case 24-10120-smr                        Austin, TX 78741-4744                    AUSTIN, TX 78701-2450
Western District of Texas
Austin
Tue Dec 31 14:11:34 CST 2024

AGAPE                                    Affordable Dumpster Rentals              Akin Gump Strauss Hauer & Feld LLP
6161 Savoy Drive Suite 500               6520 US Hwy 301 S Suite 112              1111 Louisiana Street, 44th Floor
Houston, TX 77036-3326                   Riverview, FL 33578-4324                 Houston, TX 77002-5225


Ali Choudhri                             Amina Properties, L.L.C.                 Caz Creek Holdings 2, LLC
2425 West Loop St 11 FL                  c/o T. Josh Judd                         c/o Howard Marc Spector
Houston TX 77027                         Andrews Myers, P.C.                      12770 Coit Rd, St 850
                                         1885 Saint James Place, 15th Floor       Dallas, TX 75251
                                         Houston, Texas 77056-4175


Caz Creek Holdings 2, LLC as Custodian for   Caz Creek Lending                    City of Houston
CCH TX2, LLC                                 118 Vintage Park Blvd No. W          c/o Tara L. Grundemeier
14800 Landmark Blvd., Suite 400              Houston, TX 77070-4095               Linebarger Goggan Blair & Sampson LLP
Dallas, TX 75254-7598                                                             PO Box 3064
                                                                                  Houston, TX 77253-3064


Clark Hill PC                            Competition Roofing, Inc.                Cypress BridgeCo, LLC and Magnolia BridgeCo
500 Woodward Ave Suite 3500              7310 Fairview Street                     c/o McDowell Hetherington LLP
Detroit, MI 48226-3485                   Houston, TX 77041-2106                   ATTN: Robert P. Debelak III
                                                                                  1001 Fannin St., Ste. 2400
                                                                                  Houston, TX 77002-6706


Cypress BridgeCo, LLC and Magnolia BridgeCo,   Dalio Holdings I, LLC              Dalio Holdings I, LLC
c/o McDowell Hetherington LLP                  2425 West Loop South Suite 77027-4210   c/o Willian Choslovsky
ATTN: Matthew W. Bourda                                                           300 S. Wacker Drive, Suite 2750
1001 Fannin St., Ste. 2400                                                        Chicago, IL 60606-6782
Houston, TX 77002-6706


Dalio Holdings II, LLC                   Drew Dennett                             FGMS Holdings, LLC
c/o Willian Choslovsky                   2450 Wickersham Lane, Suite 202          12000 Network Blvd., Bldg. B Suite 210
300 S. Wacker Drive, Suite 2750          Austin, TX 78741-4744                    San Antonio, TX 78249-3353
Chicago, IL 60606-6782


(p)HARRIS COUNTY ATTORNEY'S OFFICE       Houston Community College System         Houston ISD
P O BOX 2848                             c/o Tara L. Grundemeier                  P.O.Box 4668
HOUSTON TX 77252-2848                    Linebarger Goggan Blair & Sampson LLP    Houston, TX 77210-4668
                                         PO Box 3064
                                         Houston, TX 77253-3064


Houston ISD                              IPFS Corporation                         IPFS Corporation
c/o Tara L. Grundemeier                  30 Montgomery Street, Suite 501          PO Box 412086
Linebarger Goggan Blair & Sampson LLP    Jersey City, NJ 07302-3821               Kansas City, MO 64141-2086
PO Box 3064
Houston, TX 77253-3064


JLM Law, PLLC                            Jetall Companies, Inc.                   John Quinlan
1001 West Loop South                     2425 West Loop South Suite 1100          c/o Steven A. Leyh
Ste 700                                  Houston, TX 77027-4210                   Hoover Slovacek, LLP
Houston, TX 77027-9033                                                            5051 Westheimer, Suite 1200
                                                                                  Houston, Texas 77056-5839
```

13

| | | |
|---|---|---|
| John Quinlan, Omar Khawaja, and Osama Abdull<br>c/oSteve Leyh Hoover Slovacek LLP<br>Galleria Tower 2, 5051 Westheimer, Ste 1<br>Houston, Texas 77056<br>Houston, TX 77056-5622 | Johnson & Starr, Agent for<br>Tax Lien Loan SPV LLC<br>c/o Howard Marc Spector<br>12770 Coit Rd #850<br>Dallas TX 75251-1364 | Mack Brooks, LLC as agent and<br>attorney in fact for FGMS Holdings, LLC<br>c/o Howard Marc Spector<br>12770 Coit Rd, St 850<br>Dallas, TX 75251 |
| Mack Brooks, LLC as agent for<br>FGMS Holdings, LLC<br>12672 Silicon Drive, Suite 150<br>San Antonio, TX 78249-3450 | Mark C. Taylor, Special Litigation Counsel<br>Holland & Knight LLP<br>100 Congress Avenue, Suite 1800<br>Austin, Texas 78701-4042 | Nationwide Security<br>2425 W Loop S Ste.300<br>Houston, TX 77027-4207 |
| Offices of Drew Dennett<br>2450 Wickersham Ln<br>Suite 202<br>Austin, TX 78741-4744 | Omar Khawaja<br>c/o Steven A. Leyh<br>Hoover Slovacek, LLP<br>5051 Westheimer, Suite 1200<br>Houston, Texas 77056-5839 | Osama Abdullatif<br>c/o Steven A. Leyh<br>Hoover Slovacek, LLP<br>5051 Westheimer, Suite 1200<br>Houston, Texas 77056-5839 |
| Steadfast 829 Holdings, Inc.<br>c/o Rodney Drinnon<br>McCathern<br>2000 West Loop South Suite 1850<br>Houston, TX 77027-3744 | Tax Lien Loan SPV LLC<br>c/o Johnson & Starr<br>PO Box 28040<br>Austin TX 78755-8040 | US Insurance Funding<br>8303 SW Freeway Suite 435<br>Houston, TX 77074-1691 |
| United States Trustee - AU12<br>United States Trustee<br>903 San Jacinto Blvd, Suite 230<br>Austin, TX 78701-2450 | WCW HOUSTON PROPERTIES, LLC<br>Attn: Judith Chang - CFO<br>3657 Briarpark Drive, Ste. 188<br>Houston, TX 77042-5267 | WCW Houston Properties, LLC<br>Attn: Tami Kim Broker Associate/Attorne<br>6100 Corporate Drive, Suite 319<br>Houston, TX 77036-3433 |
| WCW Houston Properties, LLC<br>Howley Law PLLC c/o Eric Terry<br>711 Louisiana Street, Ste 1850<br>Houston, TX 77002-2790 | WCW Houston Properties, LLC<br>c/o M. Kevin Powers<br>Burford Perry, LLP<br>909 Fannin, Suite 2630<br>Houston, Texas 77010-1003 | WCW Houston Properties, LLC<br>c/o Matthew Kevin Powers<br>Burford Perry<br>909 Fannin, Suite 2630<br>Houston, TX 77010-1003 |
| Wrinkle, Gardner & Company, PC<br>PO Box 1707<br>Friendswood, TX 77549-1707 | c/o Steven A. Leyh<br>Hoover Slovacek, LLP<br>5051 Westheimer, Suite 1200<br>Houston, Texas 77056-5839 | Mark Curtis Taylor<br>Holland & Knight<br>100 Congress Ave<br>Suite 1800<br>Austin, TX 78701-4042 |
| Stephen W. Sather<br>Barron & Newburger, PC<br>7320 N MoPac Expy, Suite 400<br>Austin, TX 78731-2347 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Harris County Tax Assessor<br>Po Box 4622<br>Houston, TX 77210-4622 | (d)Harris County, et al<br>P.O. Box 2848<br>Houston, TX 77252 | (d)Harris County, et al.<br>P.O. Box 2848<br>Houston, TX 77252 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)FGMS Holdings, LLC
12000 Network Blvd., Bldg. B Suite 210
San Antonio, TX 78249-3353

End of Label Matrix
Mailable recipients    51
Bypassed recipients     1
Total                  52