# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Texas REIT LLC | § | Case No. 24-10120 (SMR) |
| | § | |
| Debtor. | § | |
| | § | |

## ALI MOKARAM AND OSAMA ABDULLATIF'S RESPONSE TO SECOND AMENDED MOTION TO ENFORCE THE AUTOMATIC STAY FILED BY ALI CHOUDHRI

Ali Mokaram ("Mokaram") and Osama Abdullatif ("Abdullatif"), judgment creditors of Ali Choudhri (together, the "Judgment Creditors"), file this Response to the *Second Amended Motion to Enforce the Automatic Stay* [Docket No. 460] (the "Motion") filed by Ali Choudhri individually ("Choudhri") and respectfully shows the Court as follows:

1. This is the same song, third verse, and yet another part of Choudhri's attempts to relitigate every issue for purpose of delay and obstruction (in this case, to delay Judgment Creditors collecting on their state court judgments). That said, Judgment Creditors will summarize their position herein yet again.

2. Choudhri asks this Court to make the extraordinary finding that the automatic stay should be extended to protect him individually, despite acknowledging multiple authorities that hold the automatic stay does *not* apply to cover corporate officers, directors or owners. *See* Motion at 4-5. The Motion sets forth no law mandating the extension of the automatic stay to Choudhri. The automatic stay may only apply to an action against nondebtor defendants only under narrow circumstances depending on their relationship to the debtor. *See Reliant Energy Servs., Inc. v. Enron Can. Corp.*, 349 F.3d 816, 825 (5th Cir. 2003). "The party invoking the stay has the burden to show that it is applicable." *Beran v. World Telemetry, Inc.*, 747 F. Supp. 2d 719 (S.D. Tex.

4924-5946-8566

2010) (citing 2 William L. Norton Jr., Norton Bankruptcy Law and Practice § 43:4 (3d ed. Supp. 2010) (noting that in bankruptcy court proceedings, "the party seeking to extend the stay will bear the burden to show that 'unusual circumstances' exist warranting such an extension of the stay to a nondebtor"); *Arnold v. Garlock, Inc.*, 278 F.3d 426, 436 (5th Cir. 2001)). Choudhri cannot do so.

3. Choudhri's Motion, however, is based on faulty assumptions that the Judgment Creditors are asserting an alter ego claim against him. This issue is fully briefed and was presented to the Court in oral argument on January 6, 2025, upon consideration of the *Motion for (I) a Determination that the Automatic Stay Does Not Apply to State Court Claims Against Ali Choudhri Individually, or, Alternatively, (II) Relief from the Automatic Stay* filed by the Judgment Creditors at Docket No. 410. To avoid multiplicity of pleadings on the same issue, the Judgment Creditors wholly adopt and incorporate their prior briefing at Docket No. 410 and Docket No. 443, which address, among other issues, why the alter ego allegations of George Lee do not govern resolution of this matter and why the judgments obtained by the Judgment Creditors do not assert an alter ego theory.

4. There are no "unusual circumstances" warranting extension of the automatic stay to a nondebtor under section 362(a)(1) of the Bankruptcy Code. Choudhri bases his theory on the unexplained benefit that protecting Choudhri would "contribute to the debtor's efforts at rehabilitation." *Id*. at 5. This is a real estate case. There is no explanation proffered for what impact Choudhri's duty to pay his debts would have on the Debtor's ability to sell the real property. Any theory he attempts to rely on misconstrues the state court judgments the Judgment Creditors seek to collect on. Critically, while Choudhri repeatedly asserts that the Debtor is liable for state court judgments, he does not identify any judgment against the Debtor. As previously introduced in the

4924-5946-8566

January 6, 2025 hearing, the Judgment Creditors' judgments are against Choudhri individually and the Debtor is not liable for those judgments. Merely because the Debtor elected to join in the filing of a notice of appeal does not make it liable for the judgments and it remains unclear what, if anything, it could even appeal when there is no relief in those judgment by or against Debtor.

5. Choudhri asserts that section 362(a)(3) triggers the automatic stay merely by raising alter-ego allegations. As briefed in Docket No. 410, the limited alter ego theory prosecuted by George Lee has the opposite implication: it seeks to collect *against the Debtor* on a non-debtor's debts but would not draw Choudhri into the estate for all purposes. One reverse veil-piercing alter ego case does not result in substantive consolidation of Choudhri and the Debtor for all purposes, nor does Choudhri identify any case law holding that it does.

6. Choudhri denies he is an alter ego but asks the Court to grant him the benefits of being an alter ego by extending the automatic stay. This not only belies the facts that the Court has repeatedly heard but seeks to gain the "unusual" benefits without any supporting facts or law. Choudhri is an individual against whom several judgments have been entered and rather than pay the judgments, he continually seeks to hide behind the Debtor's bankruptcy filing. He is not integral to the reorganization or sale of the Debtor's assets and no collections against him will impact the estate.

WHEREFORE, the Judgment Creditors respectfully request that the Court (a) deny Choudhri's Motion; (b) determine the automatic stay should not be extended to Choudhri; (c) find that the Judgment Creditors may proceed against Choudhri in state court; and (d) grant such other and further relief as is just and proper.

4924-5946-8566

Respectfully submitted this 10th day of February, 2025.

| | |
|---|---|
| **HOOVER SLOVACEK, LLP** | **GRAY REED** |
| By: */s/ T. Michael Ballases* | By: */s/ London England* |
|    T. Michael Ballases |    B. Scott Funk |
|    Texas State Bar No. 24036179 |    Texas Bar No. 07550900 |
|    Brice B. Beale |    Lydia R. Webb |
|    Texas State Bar No. 24031855 |    Texas Bar No. 24083758 |
|    Steven A. Leyh |    London England |
|    Texas State Bar No. 12318300 |    Texas Bar No. 24110313 |
| Galleria Tower II | 1300 Post Oak Blvd., Suite 2000 |
| 5051 Westheimer, Suite 1200 | Houston, Texas 77056 |
| Houston, Texas 77056 | Telephone: (713) 986-7000 |
| Telephone: (713) 977-8686 | Facsimile: (713) 986-7100 |
| Facsimile: (713) 977-5395 | Email: lwebb@grayreed.com |
| Email: ballases@hooverslovacek.com |         sfunk@grayreed.com |
|        beale@hooverslovacek.com | |
|        leyh@hooverslovacek.com | **COUNSEL TO ALI MOKARAM** |
| **COUNSEL TO OSAMA ABDULLATIF** | |

## Certificate of Service

     I certify that on February 10, 2025, I caused a copy of the foregoing document to be served by electronic transmission to all registered ECF users appearing in this case and by email to those referenced below.

| | |
|---|---|
| Steve Sather | Shane P. Tobin Trial Attorney |
| Barron & Newburger, PC | United States Department of Justice |
| 7320 N. MoPac Expy., Suite 400 | Office of the United States Trustee |
| Austin, TX 78731 | 903 San Jacinto Blvd, Room 230 |
| | Austin, TX 78701 |
| Ali Choudhri | |
| ali@jetallcapital.com | |
| legal@jetallcompanies.com | |

                                              */s/ London England*
                                              London England

4924-5946-8566