**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO. 24-10120-smr** |
| **TEXAS REIT, LLC** | § | |
| | § | |
| **Debtor.** | § | **CHAPTER 11** |
| | § | |
| | § | |

**CREDITOR, DALIO HOLDINGS', JOINDER AND RESPONSE IN SUPPORT OF AMENDED MOTION TO ENFORCE AUTOMATIC STAY**

TO THE HONORABLE SHAD M. ROBINSON, UNITED STATES BANKRUPTCY JUDGE:

**Comes now Dalio Holdings I and II, LLC (Dalio)**, filing this Joinder and Response in Support of Amended Motion to Enforce Automatic Stay and would show as follows:

1. Dalio is a secured creditor in this Chapter Proceeding.

2. Pending before the Court is Ali Chouhdri's Amended Motion to Enforce Automatic Stay. Events of the past few days have made it clear that Dalio should join in that Motion.

3. Specifically, a creditor of Mr. Chouhdri, George Lee, on or about January 8, 2025, obtained an order appointing a receiver for Ali Choudhri.

4. On February 7, 2025, a creditor's attorney sent a letter for counsel to Ali Choudhri in which he asserted that the underlying assets of entities owned by Mr. Choudhri were subject to the receivership.

5. On February 10, 2025, Mr. Lee filed a motion to expand the receivership, seeking to exercise complete control of the underlying assets of the entities owned by Mr. Chouhdri.

6.      It should be black letter law that the Receiver cannot exercise control over assets of Texas REIT, LLC. However, Dalio is concerned that Mr. Lee and the Receiver may use the state court proceedings to attempt to indirectly influence the Debtor's estate through Mr. Choudhri's membership interest in the Debtor. For example, the Receiver might direct Debtor's counsel to dismiss the bankruptcy case or the Receiver might seek to terminate Debtor's bankruptcy counsel. In addition, Mr. Lee's and the Receivers actions would place Mr. Lee ahead of every creditor of this estate. Independently of any relief the Court might grant to Mr. Choudhri, the Court should prohibit Mr. Lee from directly or indirectly exercising control over the estate, the bankruptcy case or professionals retained by the bankruptcy estate.

Respectfully submitted,

**SHACKELFORD, MCKINLEY & NORTON, LLP**

By: _Joseph F. Colvin, Jr._
    **Lori A. Hood** (*Admission Pending*)
    State Bar No. 09943430
    **Joseph F. Colvin, Jr.**
    State Bar No. 24072777
    717 Texas Avenue | 27th Floor
    Houston, Texas 77002
    Phone: (832) 415-1771
    Fax: (832) 565-9030
    jcolvin@shackelford.law
    lhood@shackelford.law

**ATTORNEYS FOR DALIO HOLDINGS I, LLC AND DALIO HOLDINGS II, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing document has been served upon all registered ECF users appearing in this case and by regular mail to the attached Service List, pursuant to the Federal Rules of Civil Procedure on October 31, 2024.

*/s/ Joseph F. Colvin, Jr.*

**SERVICE LIST:**

AGAPE
6161 Savoy Drive, Suite 500
Houston, Texas 77036-3326

Affordable Dumpster Rentals
6520 US Hwy. 301 S., Suite 112
Riverview, Florida 33578-4324

Akin Gump Strauss Hauer & Feld LLP
1111 Louisiana Street, 44th Floor
Houston, Texas 77002-5225

Ali Choudhri
2425 West Loop Street, 11th Floor
Houston, Texas 77027

Amina Properties, L.L.C.
c/o T. Josh Judd
Andrews Myers, P.C.
1885 Saint James Place, 15th Floor
Houston, Texas 77056-4175

Caz Creek Holdings 2, LLC
c/o Howard Marc Spector
12770 Coit Road, Suite 850
Dallas, Texas 75251

Caz Creek Holdings 2, LLC
As Custodian for CCH TX2, LLC
14800 Landmark Blvd., Suite 400
Dallas, Texas 75254-7598

Caz Creek Lending
118 Vintage Park Blvd. No. W
Houston, Texas 77070-4095

City of Houston
c/o Tara L. Grundemeier
Linebarger Goggan Blair & Sampson LLP
P.O. Box 3064
Houston, Texas 77253-3064

Clark Hill PC
500 Woodward Avenue, Suite 3500
Detroit, Michigan 48226-3485

Competition Roofing, Inc.
7310 Fairview Street
Houston, Texas 77041-2106

Cypress Bridge Co., LLC and Magnolia
Bridge Co.
c/o McDowell Hetherington LLP
Attention: Robert P. Debelak, III
1001 Fannin Street, Suite 2400
Houston, Texas 77002-6706

Cypress Bridge Co., LLC and
Magnolia Bridge Co.
c/o McDowell Hetherington LLP
Attention: Matthew W. Bourda
1001 Fannin Street, Suite 2400
Houston, Texas 77002-6706

Dalio Holdings I, LLC
2425 West Loop South
Houston, Texas 77027-4210

Dalio Holdings I, LLC
Dalio Holdings II, LLC
c/o William Choslovsky
300 S. Wacker Drive, Suite 2750
Chicago, Illinois 60606-6782

Drew Dennett
2450 Wickersham Lane, Ste. 202
Austin, Texas 78741-4744

FGMS Holdings, LLC
12000 Network Boulevard
Building B, Suite 210
San Antonio, Texas 78249-3353

(P) Ovation Services
Attention: Bankruptcy Department
1114 Lost Creek Blvd., Suite 125
Austin, Texas 78746-6175

(p) Harris County Attorney's Office
P. O. Box 2848
Houston, Texas 77252-2848

Houston Community College System
c/o Tara L. Grundemeier
Linebarger Goggan Blair & Sampson
LLP
P.O. Box 3064
Houston, Texas 77253-3064

Houston ISD
P. O. Box 4668
Houston, Texas 77210-4668

Houston ISD
c/o Tara L. Grundemeier
Linebarger Goggan Blair & Sampson
LLP
P.O. Box 3064
Houston, Texas 77253-3064

IPFS Corporation
30 Montgomery Street, Suite 501
Jersey City, NJ 07302-3821

IPFS Corporation
P. O. Box 412086
Kansas City, MO 64141-2086

JLM Law, PLLC
101 West Loup South, Suite 700
Houston, Texas 77027-9033

Jetall Companies, Inc.
2425 West Loop South, Suite 1100
Houston, Texas 77027-4210

John Quinlan
c/o Steven A. Leyh
Hoover Slovacek, LLP
5051 Westheimer, Suite 1200
Houston, Texas 77056-5839

Mack Brooks, LLC as Agent & Atty
in Fact for FGMS Holdings, LLC
c/o Howard Marc Spector
12770 Coit Road, Suite 850
Dallas, Texas 75251

Mack Brooks, LLC as Agent & Atty for
FGMS Holdings, LLC
12672 Silicon Drive, Suite 150
San Antonio, Texas 78249-3450

Mark C. Taylor, Special Litigation Counsel
Holland & Knight, LLP
100 Congress Avenue, Suite 1800
Austin, Texas 78701-4042

Nationwide Security
2425 West Loop South, Suite 300
Houston, Texas 77027-4207

Omar Khawaja
c/o Steven A. Leyh
Hoover Slovacek, LLP
5051 Westheimer, Suite 1200
Houston, Texas 77056-5839

Osama Abdullatif
c/o Steven A. Leyh
Hoover Slovacek, LLP
5051 Westheimer, Suite 1200
Houston, Texas 77056-5839

Steadfast 829 Holdings, Inc.
c/o Rodney Drinnon
McCathern
2000 West Loop South, Suite 1850
Houston, Texas 77027-3744

US Insurance Funding
8303 SW Freeway, Suite 435
Houston, Texas 77074-1691

United States Trustee – AU12
United States Trustee
903 San Jacinto Blvd., Suite 230
Austin, Texas 78701-2450

WCW Houston Properties, LLC
Attn: Judith Chang – CFO
3657 Briarpark Drive, Suite 188
Houston, Texas 77042-5267

WCW Houston Properties, LLC
Attention: Tami Kim Broker
Associate/Attorney
6100 Corporate Drive, Suite 319
Houston, Texas 77036-3433

WCW Houston Properties, LLC
Howley Law PLLC c/o Eric Terry
711 Louisiana Street, Suite 1850
Houston, Texas 77002-2790

WCW Houston Properties, LLC
c/o Matthew Kevin Powers
Burford Perry
909 Fannin, Suite 2630
Houston, Texas 77010-1003

Wrinkle, Gardner & Company, PC
P. O. Box 1707
Friendswood, Texas 77549-1707

c/o Steven A. Leyh
Hoover Slovacek, LLP
5051 Westheimer, Suite 1200
Houston, Texas 77056-5839

Stephen W. Sather
Barron & Newburger, PC
7320 N. MoPac Expy., Suite 400
Austin, Texas 78731-2347

**The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).**

Harris County Tax Assessor
P. O. Box 4622
Houston, Texas 77210-4622

(d) Harris County, et al.
P. O. Box 2848
Houston, Texas 77252-2848

(d) FGMS Holdings, LLC
1200 Network Blvd., Bldg. B, Suite 210
San Antonio, Texas 78249

# DAVID A. FETTNER
## COURT-APPOINTED RECEIVER
6700 Sands Point Drive, Houston , Texas 77074
receiver@ recei vertexas.com

---

Tel: (713) 626-7277        Fax: (888) 876-2292

February 3, 2025

Mohammad Ali Choudhri
1001 West Loop S., Suite 700
Ho uston , Texas 77027

*VIA CMRRR: 702119700000 4892 7597*
*and First Class Mail*

Mohammad Ali Choudhri
2500 West Loop South, Suite 255
Ho uston , Texas 77027

*VIA CMRRR:70211970 0000 4892 7603*
*and First Class Mail*

Mohammad Ali Choudhri
2425 West Loop Street, 11th Floor
Houston, Texas 77027

*VIA CMRRR: 70211970 0000 4892 7610*
*and First Class Mail*

Mohammad Ali Choudhri
4521 San Felipe St. #3201
Ho ust on, Texas 77027

*VIA CMRRR: 70211970 0000 4892 7627*
*and First Class Mail*

**Re:**    **Notice of Appointment of Receiver and Notice to Appear**
Cause No. 2020-16175 ; *George M Lee v. Mohammad Ali Choudhri;* In the 1 52nd Judicial
District Court, Harris County , Texas.

Dear Mr. Choudhri:

Please be advised that the cou11 has appointed me Receiver over the non-exempt prope11y of the above named Defendant. <u>I am empowered to identify all non-exempt property of Defendant in the Judgment Debtor' s actual or constructive possession, custody, or control, including but not limited to the information described in nos. 1-10 in the Order Appointing Receiver.</u>

Yo u, in your capacity as Judgment Debtor , are hereby directed to appear before me, as Court-Appointed Receiver at the offices of David Fettner, 6700 Sands Point Drive , Houston, Texas 77074

on **THURSDAY, FEBRUARY 13, 2025 AT 3:00 P.M.** to give testimony (which may be video recorded) about the assets (exempt and non-exempt) and income of the above named Defendant.

You are frnther directed to deliver the documents which the Court ordered you to produce in the Order Appointing Receiver (the "Order" ) within ten days of your receipt of this notice. A copy of the Order listing the documents to be produced is attached to this letter.

*Letter to Mr. Choudhri*
*February 3, 2025*
*Page 2*

      The order requires that you deliver to the Receiver at this address, the items listed as 1-10 in the paragraph appointing the Receiver also requires you produce the documents requested by the Receiver. To that end, please deliver to me within ten days of your receipt of this notice:

- all real property leases in which you or an entity that you have interest in is the tenant ;
- all real property leases in which you or the entity that you have interes in is the landlord;
- all real property leases you have guaranteed;
- all federal tax returns signed by you for the tax years 2021, 2022, 2023, and 2024;
- all personal tax returns of yours for the tax years 2021, 2022, 2023, and 2024;
- all real property deeds where you or a company in which you are a member is a grantee;
- all real property deeds where you or a corporation in which you are a shareholder is a grantee;
- all insurance policies insuring real property in which you own any ownership interest;
- all insurance policies insuring real property in which you are shareholder , member or partner in the property owner;
- all insurance prope11ies in which you have any ownership interest;
- all insurance policies insuring personal property in which you own any ownership interest;
- all life insurance policies in which you own any ownership interest;
- all statements for all accounts held at a financial institution where you are a signatory on the account;
- all statements for all accounts held at a financial institution in your name;
- all statements for all accounts held at a financial institution where you are an owner of the entity that is the account holder; and
- all statements for all accounts held at a financial institution where you have any interest in in the account.

      You may send me the documents by e-mail prior to your scheduled testimony. This may help reduce the time necessary for questioning.

Very truly yours,

David Fettner
Court-Appointed Receiver

**WARNING:** YOUR FAILURE TO APPEAR , TESTIFY AND/OR PRODUCE DOCUMENTS AS DIRECTED ABOVE MAY RESULT IN THE FILING OF A MOTION FOR CONTEMPT OF COURT AGAINST YOU.

Enclosure:    Order Appointing Receiver

DAF:esf

12/6/2024 4:15 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 95051169
By: Marcella Hill
Filed: 12/6/2024 4:15 PM

Pgs-4

SANCX
CPROX
APREX

CAUSE NO. 2020-16175

| | | |
|---|---|---|
| GEORGE M. LEE, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| MOHAMMAD ALI CHOUDHRI, | § | |
| Defendant. | § | 152nd JUDICIAL DISTRICT |

## ORDER GRANTING EMERGENCY MOTION FOR SANCTIONS FOR VIOLATION OF COURT ORDER AND FOR APPOINTMENT OF LIMITED PURPOSE RECEIVER

ON THIS DAY the Court came to consider the Motion for Sanctions for Violation of Court Order and for Appointment of Limited Purpose Receiver (the "Motion for Sanctions") filed by Plaintiff and Judgment Creditor George M. Lee ("Plaintiff"), and the Court, after reviewing the Motion for Sanctions and any responses thereto, if any, makes the following findings of fact:

The Court finds that Plaintiff, prior to filing the Motion for Sanctions, been awarded by this Court a judgment dated January 31, 2024 against the Defendant for economic damages as well as attorney's fees and post-judgment interest. Since the date of that judgment, Defendant has filed a Notice of Cash Deposit in Lieu of Supersedeas Bond pursuant to Texas Rule of Appellate Procedure 24.2(c) stating that Defendant has a negative net worth of "-88,231,186" and claiming the existence of over $41,000,000.00 in assets and $88,387,548.00 in liabilities.

The Court further finds that Plaintiff has challenged the net worth contained on the Notice of Cash Deposit in Lieu of Supersedeas Bond, that Plaintiff properly served discovery on the Defendant requesting information regarding the net worth contained therein, and that on November 5, 2024, the Court entered an order Granting Motion to Compel Responses to Net Worth Discovery requiring Defendant to produce documents responsive to said net worth discovery no later than November 12, 2024.

on or about September 13, 2024,

The Court further finds that Choudhri has failed to respond to the November 5, 2024 order requiring Choudhri to produce documents responsive to the Net Worth Discovery.

The Court finds that Plaintiff has good faith reason to believe that there is a danger to Plaintiff of loss or damage to assets that may be used to satisfy Plaintiff's judgment during the pendency of the present appeal of the Judgment.

The Court therefore finds that the Motion to Compel is meritorious and should be GRANTED. It is, therefore;

ORDERED that Motion for Sanctions for Violation of Court Order and for Appointment of Limited Purpose Receiver filed by Plaintiff and Judgment Creditor George Lee is hereby GRANTED. It is, further;

ORDERED that, pursuant to Texas Rule of Civil Procedure 215(b)(3) and (5), it is found that the Defendant and Judgment Debtor Mohammad Ali Choudhri has failed to provide adequate proof of his net worth contained in the August 7, 2024 Notice of Cash Deposit in Lieu of Supersedeas Bond filed by Defendant and Judgment Debtor Mohammad Ali Choudhri, and that said Notice of Cash Deposit in Lieu of Supersedeas Bond is hereby STRICKEN; it is further

ORDERED that Judgment Debtor Mohammad Ali Choudhri must post additional security or bond in the amount of $7,081,762.50 in order to supersede Plaintiff's January 31, 2024 Judgment, and may not file any further affidavit alleging negative net worth, and further that any such attempt to file an affidavit declaring net worth in an effort to supersede the above judgment to be NULL AND VOID and have no legal effect; it is, further

ORDERED that Defendant shall pay to Plaintiff the amount of $9,618.75 in sanctions pursuant to Texas Rule of Civil Procedure 215(b)(1); it is, further

ORDERED THAT, because the Court finds that the appointment of a limited-purpose receiver as detailed below is necessary to adequately protect the Plaintiff against loss or damage

Certified Document Number: 118562642 - Page 5 of 4

the appeal may cause, IT IS, ORDERED, ADJUDGED, AND DECREED by this Court that

RECEIVER _____David Adam Fettner_____; ADDRESS: 6700 Sands Point Drive, Houston TX 77074

PHONE: _____; FAX: _____, be, and is hereby, appointed

Receiver in this case pursuant to Texas Rule of Appellate Procedure 24.1(e), with the power and authority to ascertain and identify (1) all financial accounts (bank accounts), certificates of deposit, money market accounts, accounts help by a third-party; (2) all securities; (3) all real property, equipment, vehicles, boats, and planes; (4) all safety deposit boxes or vaults; (5) all cash, (6) all negotiable instruments, including promissory notes, drafts and checks; (8) causes of action; (9) contract rights whether present or future; and (10) accounts receivable.

1.  Defendant's Responsibilities to the Receiver and the Court. Defendant is ordered, no later than ten days after becoming aware of this order, to:

    a.  Deliver to Receiver, at the Receiver's address, the information described in Nos. (1) — (10) above, together with all documents and records requested by Receiver in such format requested by Receiver;

    c.  Completely disclose to Receiver all assets of Defendant.

    d.  Supplement all disclosures, in writing, within five (5) days of knowledge of information required to be disclosed, without being directed by Receiver;

    e.  Organize and collate the disclosed information and documents in the formats and manners required by Receiver.

2.  Receiver's Powers. Receiver is authorized to:

    a.  Identify all non-exempt property of Defendant in the Judgment Debtor's actual or constructive possession, custody, or control, including but not limited to the information described in Nos. (1) – (10) above;

    b.  Require the attendance of third parties and issue subpoenas to third parties or those who may be in possession of knowledge or information concerning any of defendant's non-exempt assets. A subpoena is not required to compel attendance. Receiver is authorized to require the attendance of and issue subpoenas to any third party and witness, including employment records from the Texas Workforce Commission for the production of documents, things, and information, including matters concerning the employment of any Defendant, the existence, location, or value of any defendant's assets. The Texas Access To Justice Foundation must provide to Receiver Defendant's banking information, addresses, telephone numbers, fax numbers, and email addresses. Receiver may schedule and issue notices for stenographic or non-stenographic examinations of anyone who may have knowledge of relevant facts concerning a Judgment Debtor's non- exempt assets;

    c.  Obtain credit reports, bank searches, and other reports to aid in locating non-exempt assets. Receiver may order any Consumer Reporting Agency, as defined by the Fair Credit

3

Reporting Act ("FCRA") 16 USC §1681b(f) to provide consumer reports on defendants and witnesses as allowed under FCRA 16 USC §1681b(a)(1);

d. Order providers of utilities, telecommunications, telephone, cell phone, cable, internet, data services, internet website hosts, email hosts, ICANN providers, satellite television services, and all similar services (including but not limited to Comcast, AT&T, Spectrum, Verizon, Sprint, and DirecTV), and financial institutions to turnover information that the Receiver believes may prove or lead to the discovery of the existence or location of the above-described assets' whereabouts or non-exempt assets, including but not limited to account information, telephone numbers, names, service addresses, credit applications, copies of checks, signature cards, statements, payment records, and bank and credit card information.

e. To file a report with the Court disclosing the nature, extent, and value of the property so identified as detailed above;

f. To receive monthly updates from the Defendant as to the status of the financial assets identified above; and

g. To report any suspicious activity and/or transactions engaged in by the Defendant that may tend to show damage or loss to assets that may be used to satisfy Plaintiff's judgment.

3. Receiver's fee. Receiver is entitled to his reasonable and necessary fees incurred in performing the above actions.

4. It is further ORDERED that the Receiver and all persons acting under the direction of the Receiver shall be immune from liability for all actions taken by them to the extent such actions are permitted by this Order.

SIGNED, this _____ day of _____, 2024

Signed:
1/8/2025

JUDGE PRESIDING

4



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this <u>January 14, 2025</u>

Certified Document Number:     <u>118362649 Total Pages: 4</u>

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

Exhibit B

# McCormick | Landry Munoz, PLLC
### ATTORNEYS AT LAW
4950 BISSONNET STREET, SUITE A
BELLAIRE, TEXAS 77401
TELEPHONE: (713) 523-0400
FACSIMILE: (713) 523-0408

ANDREW P. McCORMICK
BOARD CERTIFIED CIVIL TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

February 7, 2025

Via Email
Mr. Justin Rayome
1001 West Loop South
Houston, TX 77027

Re:  *Shepherd-Huldy Development I, LLC, Shepherd-Huldy Development II, LLC, Ali Choudhri*

Dear Mr. Rayome:

I represent Greenberg Finance, LLC.  My understanding is that you have recently taken on the position as in-house counsel for Mr. Ali Choudhri and his numerous business entities.  As such, I would assume that you have spoken with Mr. Choudhri's attorney in Cause No. 2020-16175; styled *George Lee v. Mohammad Ali Choudhri*, in the 152nd Judicial District Court of Harris County, Texas.  Judgment was rendered against your employer for over $6.7 million.

As you are probably aware, Judge Schaffer appointed David Fettner as a receiver in that case.  Mr. Fettner has put Greenberg Finance on notice that Greenberg Finance is not to pay any money to your employer/client.  As a result, a stop payment order has been issued on the $150,000 check related to the above-referenced matter.

Mr. Choudhri has held himself out as the sole member of Shepherd-Huldy Development I, LLC and Shepherd-Huldy Development II, LLC.  It appears that these assets are subject to the control of the Receiver as of December 6, 2024.  Since Mr. Choudhri is the sole owner of the two entities listed herein, their assets would appear to be part of the receivership.  Please advise immediately if Mr. Fettner and/or the court holding the receivership provided you with permission to act as attorney for Shepherd-Huldy Development I, LLC in Cause No. 2025-07481, styled *Shepherd-Huldy Development I, LLC v. Greenberg Finance, LLC*, in the 234th Judicial District Court of Harris County, Texas.

I look forward to working with you and would appreciate your immediate response.

Letter
February 7, 2025
Page 2

Sincerely,

Andrew P. McCormick

cc:    David Fettner, Receiver
       Mr. Kevin Madden
       client

CAUSE NO. 2020-16175

| | | |
|---|---|---|
| GEORGE M. LEE, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| MOHAMMAD ALI CHOUDHRI, | § | |
| Defendant. | § | 152nd JUDICIAL DISTRICT |

## EMERGENCY MOTION TO SUPPLEMENT
## ORDER APPOINTING RECEIVER AND TO RATIFY RECEIVER'S ACTIONS

Plaintiff and Judgment Creditor George Lee ("Plaintiff") comes before the Court and files this Emergency Motion to Supplement Order Appointing Receiver and to Ratify Receiver's Actions (the "Emergency Motion"), requesting that the Court supplement the authority of the receiver contained in the January 8, 2025 Order Appointing Limited Purpose Receiver (the "Receivership Order") entered against Judgment Debtor Mohammad Ali Choudhri ("Choudhri" and/or "Defendant" herein) and to ratify the receiver's actions taken regarding property held *in custodia legis*, and in support thereof would show unto the Court as follows:

## I. FACTUAL BACKGROUND

1. On or about January 31, 2024, this Court granted a judgment in favor of Plaintiff against Defendant for economic damages in the amount of $6,724,402.62, as well as $143,057.49 in attorneys' fees and post-judgment interest of 8.5% (the "Judgment"). As of July 1, 2024, the Judgment has accumulated a total of $214,302.39 in interest, bringing the total amount owed to over $7,081,762.50. A copy of the Judgment is attached hereto as Exhibit A. The Judgment is currently on appeal pending before the First Court of Appeals of Houston, Texas. As discussed in more detail below, Choudhri's attempts to supersede the appeal by filing a negative net worth affidavit have been stricken by this Court, and thus collection efforts on the Judgment have not been suspended or superseded.

2.      On August 7, 2024, Defendant posted a $100.00 cash deposit in lieu of supersedeas bond along with the Net Worth Affidavit claiming that his net worth is in the negative amount of "-$88,231,186.00." Subsequent to the original Notice of Cash Deposit in Lieu of Supersedeas Bond, on November 27, 2024, Defendant filed an additional Notice of Cash Deposit in Lieu of Supersedeas Bond pursuant to Texas Rule of Appellate Procedure 24.2(c) stating that the Defendant has a negative net worth of "-$120,076,289.00."

3.      Plaintiff filed a contest of Choudhri's Net Worth Affidavit pursuant to Texas Rule of Appellate Procedure 24.2(c)(2) on September 12, 2024. Shortly thereafter, on September 13, 2024, Plaintiff served Defendant with his Judgment Creditor George M. Lee's First Set of Claimed Net Worth Requests for Production to Judgment Debtor, Ali Choudhri and Judgment Creditor George M. Lee's First Set of Claimed Net Worth Interrogatories to Judgment Debtor, Ali Choudhri (collectively the "Net Worth Discovery") on September 13, 2024.

4.      Plaintiff filed a Motion to Compel Responses to the Net Worth Discovery, and, on November 5, 2024, the Court entered an order Granting Motion to Compel Responses to Net Worth Discovery (the "Compel Order"). The Compel Order required Choudhri to produce documents responsive to the Net Worth Discovery no later than November 12, 2024.

5.      When Choudhri failed to file any documents in response to the Compel Order, Plaintiff on December 6, 2024 filed his Emergency Motion for Sanctions for Violation of Court Order and for Appointment of a Limited Purpose Receiver (the "Receivership Motion"). In the Receivership Motion, Plaintiff requested that Choudhri's negative net worth affidavits be struck, that he be precluded from filing any further negative net worth affidavits and that any such attempts be void, and for the appointment of a limited purpose receiver to protect Plaintiff from any attempts to dilute the assets by which Plaintiff could recover on the Judgment against Choudhri.

6. The Court held a hearing on the Receivership Motion on December 13, 2024. Subsequently, on January 8, 2025, the Court entered the Receivership Order. A copy of the Receivership Order is attached hereto as Exhibit B. The Receivership Order provided, in pertinent part:

    a. That there is "a danger to Plaintiff of loss or damage to assets that may be used to satisfy Plaintiff's judgment during the pendency of the present appeal;"

    b. That Choudhri failed to meet his burden to establish "adequate proof of his net worth" and striking his prior notices of cash deposits;

    c. That Choudhri "must post additional security or bond in the amount of $7,081,762.50 in order to supersede [the Judgment] and may not file any further affidavit alleging negative net worth, and further that any such attempt to file an affidavit declaring net worth in an attempt to supersede the above judgment be NULL AND VOID and have no legal effect;"

    d. Ordered that Choudhri pay to Plaintiff an additional amount of $9,618.75 in sanctions;

    e. Ordered the appointment of Davvid Adam Fettner as receiver (the "Receiver");

    f. Provided the Receiver with authority to ascertain and identify all financial accounts of the debtor, issue subpoenas for the purpose of identifying those accounts, to file a report with the Court disclosing the nature, extent, and value of that property, and report any suspicious activities of the debtor to the Court; and

    g. Required Debtor to turn over all information regarding his financial accounts, accounts held by third parties, negotiable instruments, cash, contract rights, and

accounts receivable no later than ten days following the entry of the order.

7.     As of the date of the present Motion, Choudhri has failed to provide the Receiver with any of the documents required to be turned over pursuant to the Receivership Order. Choudhri has also failed to pay the sanctions ordered under the Receivership Order. Plaintiff has thus far collected nothing on his over $7,000,000.00 judgment against Choudhri.

8.     On February 7, 2025, Plaintiff received a letter (the "Greenberg Letter") from Greenberg addressed to Choudhri's counsel regarding certain funds in the possession of Greenberg Finance, LLC ("Greenberg"), specifically a check tendered to Greenberg by Choudhri in the amount of $150,000.00 (the "Greenberg Check"). A copy of the Greenberg Letter is attached hereto as Exhibit C. In the Greenberg Letter, the Receiver placed Greenberg on notice that Greenberg "is not to pay any money to [Choudhri]."

9.     It is Plaintiff's understanding upon information and belief that the $150,000.00 was tendered to Greenberg to prevent a foreclosure on property owned by Shepherd-Huldy Development I, LLC and Shepherd-Huldy Development II, LLC. However, as the Greenberg Letter states, "Since [Choudhri] is the sole owner of the two entities listed herein, their assets would appear to be part of the receivership." It is also Plaintiff's understanding that the foreclosure the Greenberg Check was designed to prevent went forward regardless of the tendering of the $150,000.00, which was done in an expedited manner.

## II.     ARGUMENT AND AUTHORITIES

### A. Emergency Motion to Supplement Order Appointing Receiver

10.     First, Plaintiff seeks to have this Court supplement the authority of the Receiver in the present case to expand his ability to collect on the Judgment.

11.     Texas Civil Practice & Remedies Code § 31.002 states that a judgment creditor

such as plaintiff "is entitled to aid from a court of appropriate jurisdiction… through injunction or other means to reach property to obtain satisfaction on the judgment…" TEX. CIV. PRAC. & REM. C. § 31.002. One such remedy is the appointment of a receiver. Pursuant to Texas Civil Practice & Remedies Code § 31.002(b)(3), the court may aid the judgment creditor in its collection efforts by appointing a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment. TEX. CIV. PRAC. & REM. C. § 31.002(b)(3).

12.     A court that appoints a receiver to assist with enforcement of a judgment retains continuing jurisdiction and control over the receiver and the receivership property until concluding the proceeding. *See Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co.*, 540 S.W.3d 577, 581 (Tex. 2018); *see also Pratt v. Amrex, Inc.*, 354 S.W.3d 502, 504-05 (Tex. App.—San Antonio 2011, pet. denied). This authority includes authority to modify the court's prior receivership orders upon a showing of changed circumstances. *Hill v. Hill,* 460 S.W.3d 751, 767 (Tex. App.—Dallas 2015, pet. denied).

13.     In the present case, the initial application for appointment of a receiver for a limited purpose not including turnover authority was requested because, at the time, Choudhri had on file an alleged negative net worth affidavit precluding the appointment of a full receivership with the authority to require the turnover of assets necessary to satisfy the Judgment. However, the Receivership Order not only struck Choudhri's existing negative net worth affidavits, it prevented Choudhri from filing any further negative net worth affidavits to preclude enforcement of the Judgment. And, at the time of the present Emergency Motion, Choudhri has not filed the over $7,000,000.00 cash bond to suspend enforcement of the Judgment pursuant to the Receivership Order.

14. Thus, given the still unsatisfied nature of the Judgment, and the lack of any bond or cash deposit suspending enforcement of the Judgment, supplementing the authority of the receiver to include the ability to order the turnover of assets is now necessary and proper pursuant to Texas Civil Practice & Remedies Code §31.002(b)(3) to take possession of all nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the Judgment. TEX. CIV. PRAC. & REM. C. § 31.002(b)(3).

15. Therefore, Plaintiff to expand the authority of the Receiver to include the following powers:

    a. To take possession of Defendant's nonexempt property, whether real or personal, that is in Defendant's possession or is subject to Defendant's control, sell the property, and pay the proceeds to Plaintiff to the extent required to satisfy the Judgment, such non-exempt property may include financial accounts, certificates of deposit, and money-market accounts held by a third party;

    b. Take possession of, administer, collect rents and profits from, and sell any real and personal property of Defendant and pay the proceeds to Plaintiff to the extent required to satisfy the Judgment;

    c. Take possession of, administer, collect rents and profits from, and sell any real and personal property of any business entity, partnership, association, or otherwise owned by Defendant and pay the proceeds to Plaintiff to the extent required to satisfy the Judgment;

16. Plaintiff additionally requests that the amount to collect on said Judgment also include the award of reasonable costs incurred in bringing the present Motion, including attorney's

fees, such costs to be assessed against Choudhri. *See* TEX. CIV. PRAC. & REM. C. 31.007(b)(4)("A judge of any court may include in any order or judgment all costs, including the following:… (4) such other costs and fees as may be permitted by these rules and state statutes"); *see, e.g., Anderson v. Archer¸* No. 03-19-00003-CV, 2019 WL 6205524, at *6 (Tex. App.—Austin November 21, 2019) (upholding orders requiring the payment of receivers' fees by judgment debtor).

**B. Emergency Motion to Ratify Actions Taken by Receiver**

17.  Additionally, Plaintiff seeks for the Court to ratify the action taken by the Receiver in putting Greenberg on notice not to pay the Greenberg Check to Choudhri.

18.  It is the general rule in Texas that when a receiver is appointed, as opposed to a special master or another agent of the Court, all of the judgment debtor's non-exempt property becomes property held by the receiver in *custodia legis*. *See First S. Props. V. Vallone*, 533 S.W.2d 339, 343 (Tex. 1976). During the pendency of the receivership, the property held in *custodia legis* is the exclusively possession of the court that issued the receivership order. *Neel v. Fuller*, 557 S.W.2d 73, 76 (Tex. 1977).

19.  Thus, when the Receiver learned that the Greenberg Check was written by Choudhri for payment regarding entities that he wholly owned and controlled, that property came into possession of the Court and its agent, the Receiver pursuant to the doctrine of *custodia legis*. While the Receiver did not have the authority to order that the Greenberg Check be turned over, he absolutely had the authority to instruct that nothing be done with the Greenberg Check at that time.

20.  This also comports with the intent of the receivership statute. The purpose of a receivership is to aid a judgment creditor in obtaining satisfaction on a duly entered judgment. *See* TEX. CIV. PRAC. & REM. C. § 37.002(a). This authority extends beyond just the assets held by the

debtor, but also assets that are subject to the control of a judgment debtor that are held by a third party. *Plaza Court, Ltd. v. West,* 879 S.W.2d 271, 276-77 (Tex. App—Houston [14th Dist.], no writ).

21.    As previously stated, Plaintiff has yet to collect anything by way of the entry of the Judgment despite over a year's worth of proceedings, much of which took place without any kind of bond or affidavit in lieu to suspend enforcement of the Judgment. Additionally, Choudhri's actions taken in willfully and fragrantly ignoring prior orders of this Court to turn over documents and continued failure to abide by the provisions of the Receivership Order requiring payment of attorney's fees and turnover of financial documents to the Receiver show his continued disregard for the authority of this Court and all attempts by Plaintiff to collect on the Judgment.

22.    This continued pattern of behavior supports this Court's findings contained in the Receivership Order that there is "a danger to Plaintiff of loss or damage to assets that may be used to satisfy Plaintiff's judgment during the pendency of the present appeal." *See* Exhibit B.

23.    There is further concern because Choudhri's statements to courts are notoriously untrustworthy. The veracity of his testimony has been repeatedly questioned by multiple courts. Most recently, on September 9, 2024, in the bankruptcy case styled *In re: Galleria 2425 Owner, LLC, Debtor*, Case No. 23-34815 in the United States Bankruptcy Court for the Southern District of Texas, Judge Norman stated that "[t]the Court believes that Choudhri is a forger and a liar…" and referred his forgery of a promissory note claiming $22,968,231.58 to the Attorney General's office. *See* Exhibit D, Order Disallowing Proof of Claim and Referral to United States Attorney.

24.    There is also evidence, contained in the Greenberg Letter, that the assets contained in the Greenberg Check, while ostensibly owned by other entities, actually belong to Choudhri, stating that it is Greenberg's belief that "Mr. Choudhri is the sole owner of the two entities listed

8

herein" and thus "their assets would appear to be part of the receivership." *See* Exhibit B.

25.     Given that the proceeds of the Greenberg Check are as illustrated above, part of the assets of Choudhri and/or entities owned and controlled by Choudhri, the Receiver's actions in putting Greenberg on notice not to disburse the Greenberg Check to Choudhri pending further actions by this Court were necessary and proper to preserve assets that maybe subject to seizure to satisfy Plaintiff's Judgment. This is particularly true as Choudhri has claimed that he has negative net worth in excess of $100,000,000.00, yet has no issue with finding $150,000.00 of funds on short notice.

26.     Therefore, in addition and/or in the alternate to the relief requested above, Plaintiff requests that the Court enter an order ratifying the Receiver's actions in notifying Greenberg not to pay the proceeds of the Greenberg Check to Choudhri, and instead that the proceeds of such check should be turned over to Receiver as part of his judgment collection efforts.

### III.     NECESSITY OF EMERGENCY

27.     Plaintiff asserts the present pleading as an emergency motion because there is an immediate necessity for clarity as to the disposition of the proceeds contained in the Greenberg Check, which is currently on hold. Further, there is a necessity for emergency regarding the conversion to a turnover receiver because, as shown above, there is a serious risk that Choudhri is currently in the process of attempting to hide and/or remove assets from outside of the jurisdiction of this Court. Without immediate relief, Plaintiff may well be faced with a situation where he has already prevailed at trial but may never be able to recover his Judgment because Plaintiff has fraudulently transferred assets and/or removed himself from this Court's jurisdiction.

*Prayer*

Therefore, for the forgoing reasons, Plaintiff, George Lee respectfully prays that this Court enter an Order: (i) granting the present motion; (ii) expending the authority of the Receiver to a turnover receiver with the powers and authority identified above (iii) allocate costs of judgment collections, including the fees incurred by the receiver, to Choudhri; (iv) enter an order ratifying the Receiver's actions taken with respect to the Greenberg Check; and (v) award Plaintiff any further relief to which he may be entitled to at law or in equity.

Dated: February 10, 2025      **SPONSEL MILLER GREENBERG PLLC**

***/s/ Thane Tyler Sponsel III***
Thane Tyler Sponsel III
Attorney-In-Charge
Texas State Bar No. 24056361
Roger B. Greenberg
Texas State Bar No. 08390000
Zachary A. Clark
Texas State Bar No. 24097502
Allen Landon
Texas State Bar No. 24091870
50 Briar Hollow Ln., Suite 370 West
Houston, Texas 77027
Telephone: (713) 892-5400
Facsimile (713) 892-5401
Email: sponsel@smglawgroup.com
Email: roger@smglawgroup.com
Email: zachary.clark@smglawgroup.com
Email: allen.landon@smglawgroup.com
***Counsel for George M. Lee***

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2024 I caused the foregoing *Emergency Motion to Supplement Order Appointing Receiver and to Ratify Receiver's Actions* to be served upon the following counsel by e-service:

NICHAMOFF LAW, P.C.
Seth A Nichamoff
244 Times Boulevard, Suite 270
Houston, Texas 77005
Telephone: (713) 503-6706
Facsimile: (866) 712-1079
Email: seth@nichamofflaw.com

Ali Choudhri
2425 West Loop Street, 11th Floor
Houston, Texas 77027
ali@jetallcompanies.com
ali@jetallcapital.com

*/s/ Thane Tyler Sponsel III*
Thane Tyler Sponsel III