

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: February 13, 2026.**

_____
**SHAD M. ROBINSON
UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | Chapter 11 |
| TEXAS REIT, LLC, | § § | CASE NO. 24-10120 |
| Debtor. | § § § | |

**AGREED FIFTH INTERIM ORDER
GRANTING DEBTOR'S MOTION TO EXTEND USE OF CASH COLLATERAL
<u>*NUNC PRO TUNC*</u> AND GRANTING ADEQUATE PROTECTION**
**(Relates to ECF No. 503)**

The Court earlier entered an Agreed Fourth Interim Order Granting Debtor's Motion to Extend Use of Cash Collateral Nunc Pro Tunc and Granting Adequate Protection (ECF 811). That second interim order expire by its terms on January 31, 2026.

Gregory S. Milligan (the "Trustee"), the Chapter 11 Trustee for Texas REIT, LLC ("Debtor") and secured creditors Dalio I Holdings LLC and WCW Houston Properties, LLC (collectively, the "Secured Creditors") have agreed to a further interim use of cash collateral as described below.

IT IS THEREFORE FOUND, DETERMINED, ORDERED AND ADJUDGED AND DECREED AS FOLLOWS:

1. **Sale Proceeds**. On October 17, 2025 (the "Closing" or the "Closing Date"), the Trustee sold the Debtor's only asset, the real property located at 8050-8098 Westheimer Road, Houston, Texas (the "Property") pursuant to the *Amended Order Authorizing and Approving the Sale of Real Property Free and Clear of Liens, Claims, and Encumbrances* (ECF 778) (the "Sale Order"). After the Closing Date, the Debtor has no source of income and no expenses associated with the operation of the Property. Upon Closing, a portion of the proceeds of the sale were distributed to creditors holding priority tax liens and to pay Closing costs as authorized by the Sale Order. The Trustee is holding the balance of the sale proceeds in a segregated account pending resolution of the claims of the Secured Creditors.

2. **Limited Authorization to Use Cash Collateral**. The Trustee is hereby authorized, up to and including June 31, 2026, to use cash collateral for the payment US trustee fees as they become due and owing (the "Interim Budget"). In addition to the Interim Budget, the Debtor, through the Trustee, is authorized to pay estate professional's fees and expenses, as authorized by any Applications to Retain such professionals.

3. **Trustee Fees**. In addition to the Interim Budget, payment of Trustee compensation pursuant to 11 U.S.C. § 326 shall also be authorized by any order of this Court on the Trustee's periodic applications for compensation. (Trustee's compensation, along with the estate professional fees, the "Carve Out.") Further, the Debtor's obligations to the Secured Creditors, shall be subject in all respects and subordinate to the Carve Out.

4. **Presumption**. All cash in the possession of the Debtor (including all cash on hand and received in the future) is presumed to be cash collateral, unless proven otherwise by a preponderance of the evidence.

5. **Adequate Protection: Replacement Liens**. As adequate protection from any diminution in the value of collateral held by parties with interests in cash collateral (Secured Creditors) resulting from Debtor's use of cash collateral from and after the Petition Date, the Secured Creditors are hereby granted the following liens and security interests:

(a) Continuing, additional and replacement liens and first priority security interests in, to and against any and all assets and property of the Debtor of the same kind as the Secured Creditors' prepetition collateral to the same extent priority and validity as the pre- petition liens held by such creditors (including but not limited to cash collateral), including, but not limited to, all cash, wherever located, in which the Debtor now has or may hereafter acquire any right, title or interest in, including any funds on deposit; documents of title evidencing or issued with respect thereto; accounts; contract rights; deposits; chattel paper; documents; records; equipment; fixtures; general intangibles instruments; inventory; investment property; financial assets and any and all other personal property and real property of the Debtor along with all proceeds and products of the foregoing; all as may be generated or acquired by the Debtor after the petition date.

The collateral described in this Paragraph is hereinafter referred to as the "Replacement Collateral."

6. **Non-Exclusive Rights**. The rights and obligations of the Debtor and the rights claims, security interests, liens and priorities of the Secured Creditors arising under this Order, are in addition to, and not in lieu or substitution of, the rights, obligations, claims, security interests, liens and priorities granted under the Secured Creditors' loan documents. The liens described in the immediately preceding paragraph are granted pursuant to 11 U. S. C. §§ 361, 362, and 363.

7. **Validity and Automatic Perfection**. Any and all liens and security interests granted pursuant to this Order shall be deemed effective, valid and perfected as of the date of the entry of this Order without the necessity of the filing or lodging by or with any entity of any documents or instruments otherwise required to be filed or lodged under applicable non-bankruptcy law. This Order shall be deemed to be a security agreement for purposes of creation, attachment and perfection of Secured Creditors' liens on and security interests in, to and against the Replacement Collateral. Said liens and security interests shall be valid and perfected as against, and binding upon, the Debtor and its successors, including any trustee, receiver or similar successor, in this or any subsequent case under the Bankruptcy Code or in any insolvency or similar case or proceeding, and also upon any creditor of the Debtor who may have extended or may hereafter extend credit to the Debtor, or who may assert a claim in this or any subsequent case or proceeding, whether or not notice of this Order or this case has been filed in any place or with any person, including any official of any governmental jurisdiction within which the Debtor's property is located, whether municipal, county, state, or federal.

8. **Termination of Authority to Use Cash Collateral.** The authority to use cash collateral shall continue until June 31, 2026. Authorization to use cash collateral shall terminate if this case is converted to one under Chapter 7. Notwithstanding any termination of the right to use the Cash Collateral as set forth herein, the obligations of the Debtor and the rights, claims, security interests, liens and priorities of the secured creditors with respect to all transactions occurring prior to the termination of the Debtor's authority to use the cash collateral shall remain unimpaired and unaffected by any such termination and shall survive any such termination.

9. **Insurance**. The Debtor shall at all times maintain: (a) insurance on its assets as required under the Debtor's loan documents with the Secured Creditors; and (b) any additional insurance coverages that may be required by law or by the United States Trustee.

# # #

**AGREED:**


*/s/ Rhonda Mates*
RHONDA MATES,
COUNSEL FOR GREGORY S. MILLIGAN,
CHAPTER 11 TRUSTEE


*/s/ Leslie Luttrell*
LESLIE LUTTRELL,
COUNSEL FOR TRAVIS VARGO,
RECEIVER FOR DALIO I HOLDINGS, LLC


*/s/ Eric Terry*
ERIC TERRY,
COUNSEL FOR WCW HOUSTON PROPERTIES, LLC

**Exhibit A**

**Interim Budget**

**For February 1, 2026 to June 31, 2026**

Income:
    Total Rents                           $0

Expenses:
    U.S. Trustee Fees            TBD

**Notes:**
1. 1. The U.S. Trustee fees shall be calculated and paid in accordance with 28 U.S.C. 1930(a)(6) and the US. Trustee Guidelines.

2. Professional fees, chapter 11 trustee compensation, and other items subject to a separate Court order are not included in this Interim Budget.